UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| David Granata,<br>    *Plaintiff*,<br><br>v.<br><br>Pratt & Whitney et al.,<br>    *Defendants*. | Case No. 3:21-cv-01657 (SVN) |

## Consolidation Order

On December 14, 2021, Plaintiff filed this action for violations of 15 U.S.C. § 1 (the "Sherman Act"). In his complaint, Plaintiff alleges the Defendants entered a "no-poach agreement" and through that agreement, "knowingly, intentionally, and cooperatively engaged in a contract, combination, or conspiracy in unreasonable restraint of trade." (ECF No. 1 ¶ 1, 112). Plaintiff further contends that the unlawful behavior was only recently uncovered when "the U.S. Department of Justice ('DOJ') unsealed a criminal complaint" against Defendant's former employees. (*Id.* ¶ 8).

Since this action was filed, nearly twenty additional complaints have been filed in this district and transferred to the undersigned, alleging substantially similar conduct.[1] As a result of the apparent overlap in the subject matter of these cases, as well as the notices of related cases that

---

[1] The later filed cases are: *Conroy et al. v. Agilis Engineering et al.*, 3:21-cv-01659-SVN; *Balicoco v. Pratt & Whitney et al.*, 3:21-cv-01673-SVN; *Kintz v. Engineering, Inc. at al.*, 3:21-cv-01674-SVN; *Chapman v. Quest Global Services NA, Inc. et al.*, 3:21-cv-01681-SVN; *Durbin v. Pratt & Whitney Inc. et al.*, 3:21-cv-01682-SVN; *Powers v. Agilis Engineering, Inc. et al.*, 3:21-cv-01691-SVN; *Boodrum v. Agilis Engineering, Inc. et al.*, 3:21-cv-01701-SVN; *Tucker v. Pratt & Whitney Division et al.*, 3:21-cv-01704-SVN; *Mamigonian v. Agilis Engineering, Inc. et al.*, 3:21-cv-01721-SVN; *Brooks-Bey et al. v. Raytheon Technologies Corporation et al.*, 3:21-cv-01723-SVN; *Lillie v. Agilis Engineering, Inc. et al.*, 3:21-cv-01724-SVN; *Cydylo v. Agilis Engineering, Inc. et al.*, 3:21-cv-01730-SVN; *Renteria v. Agilis Engineering, Inc. et al.*, 3:21-cv-01736-SVN; *McIsaac v. Quest global Services NA, Inc. et al.*, 3:21-cv-01737-SVN; *Borozny et al. v. Agilis Engineering, Inc. et al.*, 3:22-cv-00032-SVN; *Doe v. Raytheon Technologies Corp. et al.*, 3:22-cv-00035-SVN; *Waid-Jones v. Agilis Engineering, Inc. et al.*, 3:22-cv-00058-SVN; and *Gaskill et al. v. Agilis Engineering, Inc. et al.*, 3:22-cv-00071-SVN. Collectively, these matters are referred to as the "Related Actions."

have been filed, the Court now *sua sponte* examines the appropriateness of consolidation of these cases. The Court finds that the Related Actions are suitable for consolidation under Federal Rule of Civil Procedure 42(a).

## I. LEGAL STANDARDS

Consolidation of actions is governed by Federal Rule of Civil Procedure 42(a), which provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial or any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." The Second Circuit has noted that Rule 42 "should be prudently employed as a valuable and important tool of judicial administration." *Devlin v. Transportation Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (quotation marks omitted). It has further stated:

> The trial court has broad discretion to determine whether consolidation is appropriate. In the exercise of discretion, courts have taken the view that considerations of judicial economy favor consolidation. However, the discretion to consolidate is not unfettered. Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.

*Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990) (citations omitted).

"A district court can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*." *Devlin*, 175 F.3d at 130; *Jevarjian v. Fid. Nat'l Title Ins. Co.*, No. 3:06-CV-01666 (VLB), 2007 WL 2462171, at *3 (D. Conn. Aug. 28, 2007).

## II. DISCUSSION

The factual overlap of the Related Actions could not be clearer. Each of the cases relate to the same purported anti-competitive scheme aimed at artificially depressing employee compensation. *See, e.g., Granata,* 3:21-cv-01657-SVN ECF No. 1 ¶ 80; *Gaskill*, 3:22-cv-00071-

SVN, ECF No. 1 ¶ 122; *Tucker* 3:21-cv-01704-SVN, ECF No. 1 ¶ 55.[2] According to the complaints, Pratt & Whitney contracts with external companies to outsource certain projects. *See, e.g., Powers*, 3:21-cv-01691-SVN, ECF No. 1 ¶ 41; *Boodrum,* 3:21-cv-01701, ECF No 1 ¶ 37. These outside companies are often referred to as "suppliers." *See, e.g., Borozny*, 3:22-cv-00032-SVN, ECF No. 1 ¶ 2; *Powers*, 3:21-cv-01691-SVN, ECF No. 1 ¶ 2. Each of the plaintiffs assert that the suppliers agreed to a "no-poach agreement" between themselves and Pratt & Whitney. *See e.g. Granata,* 3:21-cv-01657-SVN, ECF No. 1 ¶ 54; *Cydylo*, 3:21-cv-01730-SVN, ECF No. 1 ¶ 1; *McIsaac*, 3:21-cv-01737-SVN, ECF No. 1 ¶ 2. According to plaintiffs, the no-poach agreement involved promises between the defendants not to solicit or hire current employees from any of the other defendants. *See, e.g., Balicoco*, 3:21-cv-01673-SVN, ECF No. 1 ¶ 64; *Powers*, 3:21-cv-01691-SVN, ECF No. 1 ¶ 50; *Conroy*, 3:21-cv-01659-SVN, ECF No. 1 ¶ 66. As a result, plaintiffs complain that the defendants were able to nearly eliminate competition between the defendants and prevent plaintiffs from acquiring higher salaries, better benefits, and greater professional opportunities. *See, e.g., Conroy*, 3:21-cv-01659-SVN, ECF No. 1 ¶¶ 123-126; *Renteria*, 3:21-cv-01736-SVN, ECF No. 1 ¶¶ 128-9; *Borozny*, 3:22-cv-00032-SVN, ECF No. 1 ¶¶ 115-7.

While not every case names every defendant, there is significant overlap between the cases and no case has a unique set of defendants. *See, e.g., Powers*, 3:21-cv-01691-SVN; *Durbin*, 3:21-cv-1682-SVN; *Balicoco*, 3:21-cv-01673-SVN. Finally, each of the complaints alleges that the conduct at issue took place during the same time period. *See, e.g., Mamigonian*, 3:21-cv-01721-SVN, ECF No. 1 ¶ 57; *Tucker*, 3:21-cv-01704-SVN, ECF No. 1 ¶ 55; *Conroy*, 3:21-cv-01659-SVN, ECF No. 1 ¶ 67. Such factual similarities are precisely the type that make these cases

---

[2] Due to the number of cases filed and their factual similarities, all factual cites herein are representative examples and are not meant to be exhaustive recitations of the common allegations.

appropriate for consolidation.  *See Ontario Teachers' Pension Plan Bd. v. Teva Pharm. Indus. Ltd.,* No. 3:17-CV-558 (SRU), 2020 WL 1181366, at *4 (D. Conn. Mar. 10, 2020) (consolidating putative class actions with: (1) overlapping though not always identical defendants; (2) similar factual allegations; and (3) similar alleged time periods); *Hannon v. Maldonado,* No. 3:15-CV-426 (JAM), 2016 WL 7635884, at *1, n.1 (D. Conn. Dec. 29, 2016) (consolidating cases involving "the same conduct" and "overlapping defendants").

Similarly, the cases each involve nearly identical questions of law.  The complaints all allege that the conduct discussed above violates the Sherman Act.  *See, e.g., Kintz*, 3:21-cv-01674-SVN, ECF No. 1 ¶¶ 149-56; *Chapman*, 3:21-cv-01681-SVN, ECF No. 1 ¶¶ 92-7; *Durbin*, 3:21-cv-1682-SVN, ECF No. 1 ¶¶ 145-50.  The filing of numerous cases, each requiring the Court to determine the applicability of the same federal statute to similar facts, presents precisely the sort of overlapping legal issue counseling in favor of consolidation.  *See In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 288 F.R.D. 26, 35 (S.D.N.Y. 2012) (consolidating putative class actions where all cases involved the same factual allegations and sought relief under same federal law).  Further, as the factual allegations and alleged violations are the same, it is inevitable that similar discovery requests and disputes will arise in each case.  The benefits to both the Court and the litigants of making one ruling in a consolidated matter instead of twenty or more different rulings is immense.  This, too, counsels in favor of consolidation.  *See In re Gen. Elec. Sec. Litig.,* No. 09 CIV. 1951DC, 2009 WL 2259502, at *3 (S.D.N.Y. July 29, 2009) (consolidating putative class actions where allowing them to proceed separately "would result in duplicative efforts, wasting both the Court's time and the parties' time and money.")  It is thus clear that both the legal and factual overlap in the related actions is more than adequate to allow the Court to consolidate each of the cases listed above.

### III. CONCLUSION

For the reasons stated above, it is ORDERED that the following actions are consolidated for all further proceedings up to and including trial:

1. *Granata v Pratt & Whitney et al.,* 3:21-cv-01657-SVN
2. *Conroy et al. v. Agilis Engineering et al.*, 3:21-cv-01659-SVN
3. *Balicoco v. Pratt & Whitney et al.*, 3:21-cv-01673-SVN
4. *Kintz v. Engineering, Inc. et al.*, 3:21-cv-01674-SVN
5. *Chapman v. Quest Global Services NA, Inc. et al.*, 3:21-cv-01681-SVN
6. *Durbin v. Pratt & Whitney Inc. et al.*, 3:21-cv-01682-SVN
7. *Powers v. Agilis Engineering, Inc. et al.*, 3:21-cv-01691-SVN
8. *Boodrum v. Agilis Engineering, Inc. et al.*, 3:21-cv-01701-SVN
9. *Tucker v. Pratt & Whitney Division et al.*, 3:21-cv-01704-SVN
10. *Mamigonian v. Agilis Engineering, Inc. et al.*, 3:21-cv-01721-SVN
11. *Brooks-Bey et al. v. Raytheon Technologies Corporation et al.*, 3:21-cv-01723-SVN
12. *Lillie v. Agilis Engineering, Inc. et al.*, 3:21-cv-01724-SVN
13. *Cydylo v. Agilis Engineering, Inc. et al.*, 3:21-cv-01730-SVN
14. *Renteria v. Agilis Engineering, Inc. et al.*, 3:21-cv-01736-SVN
15. *McIsaac v. Quest global Services NA, Inc. et al.*, 3:21-cv-01737-SVN
16. *Borozny et al. v. Agilis Engineering, Inc. et al.*, 3:22-cv-00032-SVN
17. *Doe v. Raytheon Technologies Corp. et al.*, 3:22-cv-00035-SVN
18. *Waid-Jones v. Agilis Engineering, Inc. et al.*, 3:22-cv-00058-SVN
19. *Gaskill et al. v. Agilis Engineering, Inc. et al.*, 3:22-cv-00071-SVN

It is further ORDERED that plaintiffs' counsel are instructed to meet and confer regarding who is best suited to be appointed interim class counsel and to file one status report no later than **February 1, 2022**. The status report should address: (1) if there are any objections to the Court appointing interim class counsel at this time; and (2) who Plaintiffs believe is best suited to be interim class counsel. If Plaintiffs cannot reach an agreement on who shall be interim class counsel the status report shall so state, and competing proposals to serve as interim class counsel shall be filed by **February 1, 2022,** addressing the factors set forth in Federal Rule of Civil Procedure 23(g).

It is further ORDERED that any amended or consolidated complaint is due no later than **thirty days** from the date interim class counsel is chosen.

It is further ORDERED the parties shall submit their Rule 26(f) report no later than **forty-five days** from the date interim class counsel is chosen.

IT IS SO ORDERED.

/s/

Sarala V. Nagala
United States District Judge

Dated:    Hartford, Connecticut

January 18, 2022