**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| David Granata, | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   Case No. 3:21-cv-01657 (SVN) |
| | ) |
| Pratt & Whitney et al., | ) |
| *Defendants*. | ) |
| | ) |
| | ) |

## PROPOSAL OF MCCUNE WRIGHT AREVALO, LLP AND DANA R. VOGEL TO SERVE AS CO-LEAD INTERIM CLASS COUNSEL

In accordance with the Court's January 18, 2022 Consolidation Order (Dkt. 44), McCune Wright Arevalo, LLP ("MWA") and Dana R. Vogel, counsel for plaintiffs in *Stephen Dowe et al. v. Quest Global Services-NA, Inc. et al.*, No. 3:22-cv-00063 (D. Conn.) and plaintiffs in *Herblet, et al. v. Quest Global Services-NA, Inc.,* No. 3:22-cv-00180 (D. Conn.), submit this proposal for Ms. Vogel to serve in a Co-Lead Interim Class Counsel position in the consolidated matters.

## I.   Introduction

The civil suits consolidated before this Court follow an ongoing investigation and prosecution by the Antitrust Division of the U.S. Department of Justice into an employee "no-poaching" conspiracy in the aerospace industry. The DOJ investigation has, to date, led to the indictment of six executives and managers in that industry. Because these civil suits assert Sherman Act claims against at least *six* sophisticated and well-funded corporate defendants, the Court should make three or more appointments of individuals (rather than firms) with relevant expertise to serve as co-lead interim class counsel in the consolidated suits. Because coordination with the ongoing criminal investigation and prosecution will be important, it is critical that the Court appoint at least one co-lead who also has significant law enforcement antitrust expertise.

1

Dana Vogel is thus an ideal appointee for one of these co-lead positions. As the former Antitrust Unit Chief for the Arizona Attorney General's Office, Ms. Vogel is well-situated to coordinate and liaise with the ongoing criminal action. Ms. Vogel has the full support and commitment of her firm, McCune Wright Arevalo, which, as further detailed below, is a leader in no-poaching antitrust litigation. For these reasons, and as further explained below, Ms. Vogel is an optimal candidate to act as a co-lead in this proceeding.

## II.    <u>Litigation Background</u>

On December 9, 2021, DOJ announced that this Court had unsealed a criminal complaint charging Mahesh Patel with coordinating a long-running employee "no-poaching" conspiracy among certain employers involved in providing engineers and other skilled labor in the aerospace field.[1] One week later, DOJ announced that a grand jury had returned a criminal indictment against Patel and executives from five other aerospace sector businesses, accusing Patel of being the "leader of the conspiracy" to "allocate employees by agreeing not to hire or solicit employees from each other's companies."[2] A number of civil lawsuits ensued. In those civil suits, current and former employees of companies that provide skilled aerospace engineering services and other labor assert violations of Section 1 of the Sherman Act, 15 U.S.C. 1, pertaining to a long-running conspiracy among those employers to allocate the market for that labor. McCune Wright Arevalo represents Stephen Dowe, a former employee of Defendant Cyient, Inc.; Mary Herblet, a former employee of Defendant QuEST Global Services-NA, Inc.; John Lee, a former employee of Defendant Belcan Engineering Group, LCC; and Sam Giaquinto, a former employee of Defendant

---

[1] *See* DOJ Dec. 9, 2021 Press Release https://www.justice.gov/opa/pr/former-aerospace-outsourcing-executive-charged-key-role-long-running-antitrust-conspiracy (last visited Jan. 31, 2022).

[2] *See* DOJ Dec. 16, 2021 Press Release, available at https://www.justice.gov/opa/pr/six-aerospace-executives-and-managers-indicted-leading-roles-labor-market-conspiracy-limited (last visited Jan. 31, 2022).

Agilis Management, Inc. *See* Complaint (ECF No. 1) in *Dowe v. Quest Global Services-NA, Inc.*, No. 3:22-cv-00063 (D. Conn.) (hereafter "*Dowe* Compl."); Complaint (ECF No. 1) in *Herblet, et al. v. Quest Global Services-NA, Inc.,* No. 3:22-cv-00180 (hereafter "*Herblet* Compl.").

In each of the cases making up the consolidated action, plaintiffs draw heavily from the criminal indictment and from the affidavit leading to the criminal complaint and arrest warrant for Mahesh Patel. *See* Aff. in Supp. Of Criminal Compl. and Arrest Warrant, *United States v. Patel*, No. 3:21-mj-1189, ECF No. 15 (D. Conn. Dec. 9, 2021). Plaintiffs allege that Patel was employed as a manager by the Pratt & Whitney Division of Defendant Raytheon Technologies (together, "Pratt & Whitney"). *Dowe* Compl. ¶ 22. Pratt & Whitney employed aerospace, mechanical, and civil engineers, and other highly skilled workers ("Skilled Aerospace Workers") and, through Patel, coordinated and enforced the no-poaching conspiracy among other employers of Skilled Aerospace Workers. *Id.* at ¶ 41. Plaintiffs assert claims against Pratt & Whitney, along with Quest Global Services NA, Inc., Belcan Engineering Group, LLC, Cyient, Inc., Agilis Engineering, Inc., and Parametric Solutions, Inc., whom they allege to be the other conspirators participating in the agreement. *Id.* ¶¶ 16-20.

Plaintiffs allege that the no-poaching agreement began no later than 2011, and manifested itself in overlapping and interwoven hiring and recruiting restrictions, all of which had the common purpose and effect of restricting the free movement of Skilled Aerospace Workers within the industry. *Id.* ¶¶ 21-25. Absent the no-poaching agreement, Pratt & Whitney and the other employers involved would have competed for the labor of thousands of Skilled Aerospace Workers. *Id.* ¶¶ 26-36. Further, because the other employers also outsourced engineering labor to Pratt & Whitney (as coordinated by Patel), the restraint served to suppress those contracting costs. *Id.* ¶¶ 37-52. As DOJ observed, the "prolonged and widespread scheme … deprive[d] aerospace

workers of the ability to plan their own careers and earn competitive pay."[3] DOJ's criminal case appears to be moving swiftly with the parties beginning discovery, agreeing to a time frame on initial disclosures (ECF No. 68), and agreeing to a protective order (ECF No. 92). *United States v. Patel et al.*, No. 3:21-cr-00220 (D. Conn.). And the Judge set a scheduling conference for February 2, 2022. *Id.* (ECF No. 100).

## III.   <u>Legal Standard</u>

In appointing class counsel, Rule 23(g)(1)(A) directs the Court to consider counsel's (i) work identifying or investigating the claims; (ii) experience handling class actions, complex litigation, and the types of claims at issue; (iii) knowledge of the applicable law; and (iv) resources to be committed to the representation. Fed. R. Civ. P. 23(g). Rule 23(g)(1)(B) permits the Court further to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id.* When more than one adequate applicant seeks appointment, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

## IV.   <u>Argument</u>

The complex nature of these lawsuits—including a lengthy conspiracy made up of overlapping and interwoven agreements among a half dozen or more sophisticated defendants—merits the appointment as interim class counsel of three or more co-lead law firms. The Rule 23(g) considerations demonstrate that Dana Vogel is an ideal candidate to serve in one of those co-lead positions.

### A.   <u>McCune Wright Arevalo and Dana Vogel Satisfy the Rule 23(g)(1)(A) Factors.</u>

---

[3] DOJ Dec. 16, 2021 Press Release.

There likely is little to differentiate among leadership applicants for purposes of the first and last Rule 23(g)(1)(A) considerations, which address the work done identifying claims, and the resources counsel will commit. Some likely applicant firms have filed multiple cases or represent multiple plaintiffs, while others represent just a single plaintiff. Ms. Vogel and MWA have filed actions on behalf of former employees of several of the engineering supplier companies. Stephen Dowe is a former Cyient employee; Mary Herblet, John Lee, and Sam Giaquinto are former employees of, respectively, QuEST, Belcan, and Agilis. *Dowe* Compl. ¶ 14; *Herblet* Compl. ¶¶ 14, 15, 16. Ms. Vogel's clients are thus at least as capable of representing the classes and any potential sub-classes as those of other applicants before the Court. Even so, the Court will be well aware that all the civil cases consolidated here are follow-ons to the criminal indictments announced in late 2021, such that no applicant can lay unique claim to having uncovered Defendants' no-poaching scheme or having conducted an original investigation into the matter. With respect to the final Rule 23(g)(1)(A) consideration, Ms. Vogel has the full support of her firm and MWA is prepared to commit sufficient time and resources to litigate these matters just as it normally does.

Under the other two Rule 23(g)(1)(A) considerations, no applicant will be better suited for a co-lead position in this litigation than Ms. Vogel. MWA's experience handling the types of claims asserted here and knowledge of the applicable law are second to none, and Ms. Vogel will have the entirety of that expertise at her disposal here. Since 2017, MWA has been at the forefront of litigating civil claims on behalf of workers harmed by no-poaching agreements. In the process, MWA has developed market-leading expertise in the law of market allocation agreements; hub-and-spoke conspiracies; ancillary restraints and (purported) pro-competitive justifications for restraints; and per se, quick-look, and rule of reason analyses. MWA likewise has developed

expertise in critical areas of labor economics, fostering expert relationships that by now are finely-tuned to issues that will prove indispensable in these consolidated proceedings.

McCune Wright Arevalo's relevant experience stems in part from its groundbreaking work in litigations challenging no-poaching provisions that once were prevalent in franchising. In 2017 and 2018, MWA (alone) initiated putative class actions on behalf of workers at McDonald's and Jimmy John's restaurants asserting that no-poaching agreements between and among those franchisors and their franchisee restaurants violated Section 1 of the Sherman Act. *See Deslandes v. McDonald's USA, LLC*, No. 17-cv-4857 (N.D. Ill.) and *Butler v. Jimmy John's Franchise LLC*, No. 3:18-cv-00133 (S.D. Ill.). These cases prompted a slew of copycat lawsuits in the franchise sector. McCune Wright would continue as co-lead counsel in the McDonald's and Jimmy John's cases, and was also appointed co-lead counsel in similar cases against other franchisors. *See, e.g.*, *Arrington, et al. v. Burger King Worldwide, Inc. et al.*, No.18-cv-24128 (S.D. Fla.) and *In Re: Papa John's Employee and Franchisee Employee Antitrust Litigation*, No. 18-cv-825 (W.D. Ky.). In the ensuing handful of years, labor market allocations and the wage-suppressive effects of no-poaching agreements have become one of the hottest areas of antitrust law and a focus of state and federal regulators.[4] Because of its work in these cases, MWA has significant experience litigating Rule 12 issues, discovery disputes, class certification motions, summary judgment, and virtually every other type of issue and, critically, doing so *in the context of no-poaching claims*.

Outside of the no-poaching context, MWA and its attorneys likewise have frequently been appointed to leadership roles in other MDLs, consolidated actions, and complex class litigations.

---

[4] No-poaching agreements are no longer prevalent in franchising. Most franchisors have now entered into consent agreements with the Washington State Attorney General to not enforce the provisions and to remove them from future franchise agreements. The existence of state AG-level regulatory efforts was unknown when MWA began litigating these cases, but highlights the importance of coordination with regulators.

With almost 30 attorneys nationwide, McCune Wright Arevalo has for decades successfully represented plaintiffs in antitrust, product liability, consumer fraud, and other complex class action litigations. Examples of its appointments to leadership positions in MDL and other consolidated proceedings across America include:

- *In re: Ford Fusion and C-Max Fuel Economy Litigation*, MDL Case No. 2450 (S.D.N.Y.) (Plaintiffs' Exec. Committee)
- *In re: Crop Inputs Antitrust Litigation*, MDL Case No. 2993 (E.D. Mo.) (Plaintiffs' Liaison Counsel)
- *In re: Hyundai & Kia Fuel Economy Litigation*, MDL Case No. 2424 (C.D. Cal.) (Plaintiffs' Co-Lead Class Counsel)
- *In re: Toyota Motor Corp. Unintended Acceleration marketing, Sales Practices, & Products Liability Litigation*, MDL Case No. 2151 (C.D. Cal.) (Plaintiffs' Exec. Committee)
- *In re: TD Bank, N.A. Debit Card Overdraft Fee Litigation*, MDL Case No. 2613 (Dist. S. Car.) (Plaintiffs' Co-Lead Class Counsel)
- *In re: AIG Workers Compensation Ins. Policyholder Litig.*, MDL No. 2519 (N.D. Ill.) (Plaintiffs' Co-Lead Interim Class Counsel)
- *Tolmasoff v. General Motors, LLC*, Case No.: 2:16-cv-11747 (E.D. Mich.) (Plaintiffs' Co-Lead Interim Class Counsel)
- *Bang v. BMW of North America, LLC*, No.: 2:15-cv-6945 (D.N.J.) (Plaintiffs' Co-Lead Interim Class Counsel)
- *Yaeger v. Subaru of America, Inc.*, No. 1:14-cv-04490 (D.N.J.) (Plaintiffs' Co-Class Counsel)
- *Mendoza v. Hyundai Motor Co.*, No. 5:15-cv-01685 (N.D. Cal.) (Plaintiffs' Co-Class Counsel)

In addition to the above non-exhaustive list, members of the firm have been appointed class counsel in dozens of state and federal class actions, and have served as trial or co-trial counsel in class cases tried to verdict, including in a matter that resulted in a bench verdict in excess of $200 million. *See Gutierrez, et al. v. Wells Fargo Bank, N.A.*, No. 3:07-cv-05923 (N.D. Cal.). McCune Wright Arevalo also has a track record of successful coordination with attorney general litigation, in particular serving as retained outside counsel in *State of Arizona, ex rel. Mark Brnovich, Attorney General v. Volkswagen AG, et al*., No. CV 2006-005112 (Ariz. Super. Ct. Maricopa

Cnty.). The firm there assisted the state of Arizona in securing $40 million in civil penalties and restitution from Volkswagen relating to its emissions scandal.

MWA is headquartered in Irvine, California, and is prepared to staff this case with attorneys from its offices there, as well as offices in Arizona, Illinois, and New Jersey.

**B.** **Ms. Vogel's Experience as Antitrust Unit Chief in the Arizona Attorney General's Office and Other Factors Merit Consideration Under Rule 23(g)(1)(B).**

While Ms. Vogel is ideally situated under the Rule 23(g)(1)(A) considerations, Rule 23(g)(1)(B) permits the Court further to consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Here, the most adequate representation of the class necessarily will involve counsel skilled and experienced in coordinating with the ongoing criminal investigation and prosecution. Dana Vogel is the optimal candidate for this role, boasting important law enforcement experience gained during her eight years at the Arizona Attorney General's Office ("AZ AGO").[5]

Upon earning her J.D. from the Sandra Day O'Connor College of Law at Arizona State University, Ms. Vogel joined the AZ AGO in 2013 as an Assistant Attorney General. While in that role, she specialized in antitrust and consumer fraud matters, including co-leading a litigation against General Motors where she successfully secured a $6 million resolution for Arizona consumers. She later became the AZ AGO's Antitrust Unit Chief and later the Competition, Innovation & Privacy Unit Chief.  She directly supervised four attorneys, three paralegals, and a secretary and coordinated certain matters with state agencies as the occasion arose. She oversaw the Unit's caseload and handled matters including Generic Drug Pharmaceuticals Pricing Antitrust Litigation (initially filed in the District of Connecticut and then transferred into the MDL in the

---

[5] McCune Wright Arevalo partner David Wright worked four years as an Assistant U.S. Attorney in the Central District of California.

Eastern District of Pennsylvania) alongside other State Attorneys General (*In re Generic Pharmaceuticals Pricing Antitrust Litigation*, MDL 2724 (E.D. Pa.)); Facebook antitrust litigation alongside other State Attorneys General and the Federal Trade Commission ("FTC") (*State of New York v. Facebook*, No. 20-3589 (D.D.C.) (D.C. Cir. Appeal)); and Google antitrust litigation alongside other State Attorneys General and the Department of Justice ("DOJ") (*Utah et al. v. Google*, No. 3:21-cv-05227 (N.D. Cal. July 7, 2021); *Colorado et al. v. Google*, No. 1:30-cv-03715 (D.D.C. Dec. 17, 2020)).

Ms. Vogel has consistently handled large litigations involving multiple plaintiffs' groups, multiple State Attorneys General, and federal agencies. *In re Generic Pharmaceuticals Pricing Antitrust Litigation*, for instance, involved dozens of parties, making it one of the largest antitrust MDLs in the country. The litigation included 50 State Attorneys General and territories, the DOJ as an intervenor (relating to DOJ's ongoing criminal antitrust investigation), and four other private plaintiff groups including the Direct Purchaser Plaintiffs, End Payor Plaintiffs, Direct Action Plaintiffs, and Indirect Reseller Plaintiffs, litigating against upwards of 90 generic drug defendants (across all the different groups). As a part of Ms. Vogel's work, she and other State AGs regularly coordinated and communicated with the 23 private plaintiff firms that made up the steering committee and leadership for the four classes, as well as ongoing communication with DOJ. The States filed three separate cases (2017, 2019, and 2020) and one of the state cases was named the bellwether. Ms. Vogel led Arizona and its team through all aspects of the litigation, coordinated Arizona's discovery among the three State cases, and led deposition coordination efforts between the States and the private plaintiff groups for one of the primary defendants.

During her tenure at the AZ AGO, Ms. Vogel also handled dozens of investigations where she coordinated with the FTC and DOJ. Her leadership and litigation experience in these suits

would provide a unique and valuable perspective and skillset to the plaintiffs' leadership team in this case, particularly insofar as the class will need to coordinate with the ongoing criminal matters. Ms. Vogel is well versed in communicating with federal agencies, state entities, and coordinating litigation among different plaintiff groups, thus rendering her the applicant "best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

This year, Ms. Vogel became the Director/Managing Attorney at McCune Wright Arevalo, opening its Arizona office from which she specializes in antitrust, data privacy, unfair competition, and consumer protection cases. Additional information about Dana Vogel and about McCune Wright Arevalo can be found at www.mccunewright.com.

Two final points merit consideration under Rule 23(g)(1)(B). First, Ms. Vogel is not part of a "slate" of proposed candidates or encumbered by any side arrangements among law firms vying for leadership. Her application is to be appointed as one co-lead, among others to be selected as the Court sees fit. And, second, it bears mention that an appointment of Ms. Vogel to a co-lead position in this litigation would broaden the field of the typical appointees for these positions in MDLs and coordinated litigations. The nature of Ms. Vogel's career path—serving until recently in a state AG role—means that she has not previously sought such an appointment, but would allow the Court to provide a new leadership opportunity to an indisputably qualified candidate who has the backing of a firm with significant leadership experience in similar cases.

## V.   <u>Conclusion</u>

For all the foregoing reasons, Dana R. Vogel is the candidate "best able to represent the interests of the class," Fed. R. Civ. P. 23(g)(2), and this Court should appoint her to a Co-Lead Interim Class Counsel position for these consolidated matters.

Dated: Feb. 1, 2022                    Respectfully Submitted,

By:   *s/ Dana R. Vogel*
                                       _____
                                       Richard D. McCune (*pro hac vice*)
                                       David C. Wright*
                                       Dana R. Vogel (*pro hac vice*)
                                       **MCCUNE WRIGHT AREVALO, LLP**
                                       18565 Jamboree Road, Suite 550
                                       Irvine, CA 92612
                                       Tel: (909) 557-1250
                                       rdm@mccunewright.com
                                       dcw@mccunewright.com
                                       drv@mccunewright.com

                                       Derek Y. Brandt (*pro hac vice*)
                                       Leigh M. Perica (*pro hac vice*)
                                       Connor P. Lemire (*pro hac vice*)
                                       **MCCUNE WRIGHT AREVALO, LLP**
                                       231 North Main Street, Suite 20
                                       Edwardsville, Illinois 62025
                                       Tel: (618) 307-6116
                                       dyb@mccunewright.com
                                       lmp@mccunewright.com
                                       cpl@mccunewright.com

                                       Elaine S. Kusel (*pro hac vice*)
                                       **MCCUNE WRIGHT AREVALO, LLP**
                                       One Gateway Center, Suite 2600
                                       Newark, NJ 07102
                                       Tel: (973) 737-9981
                                       esk@mccunewright.com

                                       Richard E. Hayber (CT11629)
                                       **HAYBER, MCKENNA & DINSMORE, LLC**
                                       750 Main Street, Suite 904
                                       Hartford, CT 06103
                                       Tel: (860) 920-5362
                                       rhayber@hayberlawfirm.com

                                       *Counsel for Plaintiffs Stephen Dowe (3:22-cv-63); Mary Herblet, John Lee, and Sam Giaquinto (3:22-cv-180).*

                                       * Application *pro hac vice* forthcoming

11

## **CERTIFICATE OF SERVICE**

I, Dana R. Vogel, hereby certify that on February 1, 2022, a copy of the foregoing was electronically filed with the Clerk of Court using the Court's CM/ECF system, which will send notification of the filing to all counsel of record.

*s/ Dana R. Vogel*
Dana R. Vogel