## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TARAH KYE BOROZNY, et al.; on behalf of themselves and all others similarly situated,** | **Case No. 3:21-cv-01657 (SVN)** |
| **Plaintiffs,** | *Class Action* |
| **v.** | |
| **PRATT & WHITNEY, A DIVISION OF RAYTHEON TECHNOLOGIES CORPORATION; et al.,** | **June 14, 2022** |
| **Defendants.** | |

### FORM 26(F) REPORT OF PARTIES' PLANNING MEETING

**Date First Complaint Filed**: December 14, 2021

**Date Complaint Served**: Agilis Engineering, Inc.; Belcan Engineering Group Ltd. Partnership; Belcan Engineering Group, LLC; Cyient Inc.; Pratt & Whitney; and QuEST Global Services NA, Inc. ("QuEST") were served on December 17, 2021.  Thomas Edwards and Harpreet Wasan were served on December 20, 2021.  Parametric Solutions, Inc. was served on December 21, 2021.  Mahesh Patel was served on December 27, 2021.  Frank O'Neill, Steven Houghtaling, and Gary Prus were served on January 1, 2022.

**Date Consolidated Amended Complaint Filed**: May 9, 2022

**Date of Defendants' Appearances**: Counsel for Defendants entered appearances as follows:

1. For Raytheon Technologies Corp., Pratt & Whitney Division:

    a.   Chahira Solh on March 1 and 7, 2022 (ECF Nos. 286, 327); and

     b.  John Cerreta on January 5, 2022 (ECF No. 24 in *Chapman*).

2. For Belcan Engineering Group, LLC:

     a.  James Mutchnik on February 3, 2022 (ECF No. 166);

     b.  Catie Ventura on February 3, 2022 (ECF No. 167); and

     c.  Patrick Klingman on January 5, 2022 (ECF No. 29).

3. For Cyient, Inc.:

     a.  James M. Moriarty on January 5, 2022 (ECF No. 27);

     b.  Bridget S. McCabe on February 8, 2022 (ECF No. 190);

     c.  Bethany Lukitsch on February 9, 2022 (ECF No. 194);

     d.  Robert S. Friedman on March 3, 2022 (ECF No. 319); and

     e.  Leo Caseria on March 21, 2022 (ECF No. 346).

4. For Parametric Solutions, Inc.:

     a.  Jill O'Toole on January 4, 2022 (ECF No. 22);

     b.  Patrick Fahey on January 27, 2022 (ECF No. 81); and

     c.  Elizabeth Buchanan on February 11, 2022 (ECF No. 216).

5. For QuEST Global Services, N.A., Inc.

     a.  Thomas V. Daily on January 4, 2022 (ECF No. 25);

     b.  Jason A. Leckerman on February 18, 2022 (ECF No. 234);

     c.  Marcel S. Pratt on February 22, 2022 (ECF No. 244);

     d.  Stephen J. Kastenberg on March 11, 2022 (ECF No. 334); and

     e.  Elizabeth Weissert on February 22, 2022 (ECF No. 242).

6. For Agilis Engineering, Inc. and Frank O'Neill

     a.  James T. Shearin on January 13, 2022 (ECF No. 39);

     b.  Marguerite S. Willis on February 24, 2022 (ECF No. 272);

     c.  Travis C. Wheeler on February 24, 2022 (ECF No. 274); and

d.   Michael A. Parente on February 23, 2022 (ECF No. 257).

7.   For Mahesh Patel:

a.   Brian E. Spears on January 10, 2022 (ECF No. 35); and

b.   Leslie A. Cahill on February 7, 2022 (ECF No. 187).

8.   For Thomas Edwards:

a.   James M. Moriarty on March 3, 2022 (ECF No. 317); and

b.   David M. Goldstein on March 24, 2022 (ECF No. 352).

9.   For Robert Harvey:

a.   Paul H. McConnell on February 4, 2022 (ECF No. 173);

b.   Guy Petrillo on February 7, 2022 (ECF No. 188); and

c.   Caelyn Stephens on February 7, 2022 (ECF No. 189).

10.  For Steven Houghtaling:

a.   Patrick Klingman on January 13, 2022 (ECF No. 48 in *Durbin*)

11.  For Gary Prus:

a.   John J. Robinson on February 23, 2022 (ECF No. 250);

b.   Mitchell L. Fishberg on February 23, 2022 (ECF No. 251); and

c.   Kelcie B. Reid on February 23, 2022 (ECF No. 252).

12.  For Harpreet Wasan:

a.   Craig A. Raabe on March 2, 2022 (ECF No. 314).

**Date of Conferences**:

Pursuant to Fed. R. Civ. P. 16(b) and 26(f), and D. Conn. L. Civ. R. 16, conferences were held on March 29, 2022 and June 8, 2022.   The participants on both calls included: attorneys Daniel L. Brockett, Manisha M. Sheth, Steig D. Olson, Thomas Lepri, Gregory S. Asciolla, Robin A. van der Meulen, Matthew J. Perez, Veronica Bosco, Joshua R. Goodbaum,

David A. Slossberg, and Erica O. Nolan for Plaintiffs; and the following attorneys for Defendants:

- For Raytheon Technologies Corporation, Pratt & Whitney Division, attorneys Chahira Solh, Sima Namiri-Kalantari, and John Cerreta;

- For Belcan, Catie Ventura and Patrick Klingman.

- For Cyient, Inc., attorneys Bethany Lukitsch, Bridget McCabe, Robert Friedman, Leo Caseria, and James Moriarty;

- For Parametric Solutions, Inc., attorneys Abigail Williams and Elizabeth Buchanan;

- For QuEST, Marcel S. Pratt and Elizabeth Weissert;

- For Agilis and Frank O'Neill, attorneys James T. Shearin and Michael A. Parente;

- For Mahesh Patel, attorneys Brian E. Spears and Leslie A. Cahill;

- For Thomas Edwards, attorney David M. Goldstein;

- For Robert Harvey, attorney Caelyn Stephens;

- For Steven Houghtaling, attorney Patrick A. Klingman;

- For Gary Prus, attorneys John J. Robinson, Mitchell L. Fishberg, and Kelcie B. Reid;

- For Harpreet Wasan, attorney Craig A. Raabe.

## I.     <u>**CERTIFICATION**</u>

Undersigned counsel (after consultation with their clients) certify that (a) they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case; and (b) they have developed the

following proposed case management plan.  Counsel further certify that they have forwarded a copy of this report to their clients.

## II.   JURISDICTION

### A.   Subject Matter Jurisdiction

Plaintiffs allege causes of action arising under Section 1 of the Sherman Act, 15 U.S.C. § 1.  Accordingly, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### B.   Personal Jurisdiction

Defendants do not contest personal jurisdiction in this matter.

## III.   BRIEF DESCRIPTION OF CASE

The Parties respectfully provide their respective statements as follows:

### A.   Plaintiffs' Summary of Their Claims

Plaintiffs allege that Defendants – all of which are horizontal competitors for employees in the aerospace industry – violated §1 of the Sherman Act, 15 U.S.C. § 1, by agreeing to restrict the recruitment and hiring of each other's employees, resulting in lower compensation for the Plaintiffs and the members of the proposed class.

### B.   Defendants' Summary of Their Defenses and Claims (Affirmative Defenses, Counterclaims, Third Party Claims, Cross Claims)

Defendants[1] dispute Plaintiffs' characterization of all Defendants as horizontal competitors for employees in the aerospace industry, deny each allegation pertaining to an agreement relating to the recruitment and hiring of each other's employees, deny that Plaintiffs' case is appropriate for class treatment under Rule 23, and deny each claim against them as to liability under the Sherman

---

[1] In addition to this section regarding Defendants' Defenses and Claims, any reference to "Defendants' position" in this Rule 26(f) Report only includes the following subset of Defendants: Raytheon Technologies Corporation, Pratt & Whitney Division, Belcan, Cyient, PSI, QuEST (collectively the "Entity Defendants"), Mahesh Patel, Steven Houghtaling, Thomas Edwards, Gary Prus, Robert Harvey, and Harpreet Wasan.

Act or any other law.  Defendant QuEST further contends that any claims asserted by current or former QuEST employees must be resolved in arbitration, per QuEST's agreements with those employees.  Defendants' investigation continues and their defenses will be outlined in their forthcoming responsive pleadings.

      **C.**      **Defenses and Claims of Third Party Defendants**

Not applicable at this time.

**IV.**      <u>**STATEMENT OF UNDISPUTED FACTS**</u>

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute.  The parties state that at this time, the following material facts are undisputed:

1.      Pratt & Whitney is an unincorporated division of Defendant Raytheon Technologies Corporation.

2.      Defendant Belcan Engineering Group, LLC is an Ohio limited liability company with a principal place of business in Cincinnati, Ohio.[2]

3.      Defendant Cyient, Inc. is incorporated in California with its principal place of business in East Hartford, Connecticut.

4.      Defendant Parametric Solutions, Inc. is a Florida corporation with a place of business in Jupiter, Florida.

The parties' investigation is ongoing and they will continue working to narrow factual disputes.

---

[2] While Plaintiffs' Amended Complaint names Belcan Engineering Group, LLC in the caption and introduction on pg. 3 as a named defendant, there is one reference to Belcan, LLC as a named defendant in paragraph 33. Belcan is assuming, and Plaintiffs confirm, that the intended named defendant is Belcan Engineering Group, LLC.

V.      **CASE MANAGEMENT PLAN**

    A.      **Initial Disclosures**

The parties are unable to agree on the timing for initial disclosures.  The parties'

respective positions are set forth below.

    1.      **Plaintiffs' Position**: Plaintiffs and the Entity Defendants will serve initial

disclosures pursuant to Fed. R. Civ. P. 26(a) by June 30, 2022, absent objection to the issuance

of such disclosures by the U.S. Department of Justice.  All parties reserve the right to supplement

or amend their Initial Disclosure as investigations and discovery continues.

    2.      **Defendants' Position**:  Plaintiffs and the Entity Defendants will serve initial

disclosures pursuant to Fed. R. Civ. P. 26(a) by July 29, 2022, absent objection to the issuance of

such disclosures by the U.S. Department of Justice. As set forth in Section V.F.1.b. below, the

individual defendants, each of whom is charged in the referenced parallel criminal case, intend to

move for a complete stay of discovery as to them (including initial disclosures) pending

resolution of the criminal case.  Each Defendant reserves the right to supplement or amend its

Initial Disclosure as its investigation and discovery continues.

    B.      **Scheduling Conference**

    1.      The parties request a pretrial conference with the Court before entry of a

scheduling order pursuant to Fed. R. Civ. P. 16(b).

    2.      The parties prefer that a scheduling conference, if held, be conducted by

videoconference.

    C.      **Early Settlement Conference**

    1.      The parties certify that they have considered the potential benefits of attempting to

settle the case before undertaking significant discovery or motion practice.  Settlement is

unlikely at this time.

2.       The parties do not request an early settlement conference at this time.

3.       The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

**D.       Motions Addressed to the Pleadings**

1.       The consolidated amended complaint was filed May 9, 2022. (ECF No. 385.)

2.       Pursuant to the Court's January 5, 2022 Order (ECF No. 28), Defendants will respond to the consolidated amended complaint by July 8, 2022.

3.       If any Defendant's first responsive pleading is a dispositive motion, Defendants shall not oppose a motion by Plaintiffs for leave to amend their complaint in response to the responsive pleading within twenty-one (21) days pursuant to Fed. R. Civ. P. 15(a)(1), except on grounds of futility. Defendants will then be entitled to file a motion to dismiss this amended complaint 60 days after filing. Plaintiffs will not have the opportunity to further amend their complaint without leave of Court.

4.       Alternatively, if any Defendant's first responsive pleading is a dispositive motion and Plaintiffs' counsel decides to oppose the motion, Plaintiffs' opposition will be due by September 6, 2022.

5.       Any reply brief in support of a dispositive motion that is a Defendant's first responsive pleading will be due October 3, 2022.

**E.       Discovery**

1.       Setting aside the timing of discovery, discussed further in Section V.F.1, the parties anticipate that discovery will potentially be needed on several subjects and issues arising out of Plaintiffs' Complaint and Defendants' defenses, including but not limited to the following.

a. **Plaintiffs' Position**:

1. The hiring, solicitation, recruitment, and retention of Defendants' employees in the proposed class, including the negotiation of offers, competition for employees, and employee compensation.

2. Any agreement, proposal, or offer between or among Defendants concerning: (i) the hiring, soliciting, recruiting, or retention of any employee; (ii) the manner, timing, or content of an employment offer, or counteroffer, to any employee; (iii) competition for any employees; or (iv) employee compensation.

3. Any method, formula, policy, practice, or calculation Defendants used for determining compensation of their employees.

4. Factors that Defendants contend have affected the compensation paid to their employees.

5. Documents sufficient to show the number of employees employed by each Defendant in the United States for each year during the Relevant Time Period.

6. The employment of the named Plaintiffs.

7. How Defendants categorize their employees, including, without limitation, by: type (e.g., full-time, part-time, exempt, non-exempt), title, skill, job family, seniority, department, or compensation level.

8. How Defendants determine, update, monitor, or set baseline compensation levels (as opposed to negotiated compensation levels).

b. **Defendants' Position**:

1. Plaintiffs' communications with each Defendant.

2. Plaintiffs' education, professional skills, qualifications, background, and job history, including all compensation earned, performance reviews, and job title held at each place of Plaintiffs' employment.

3. Each and every entity from which each Plaintiff sought employment during the relevant period, including all communications between Plaintiff and that entity or any individual who works or worked at that entity.

4. Plaintiffs' research and decision-making process related to their employment, including, without limitation: how Plaintiffs determine whether to apply for and accept their position(s) with their defendant employers or any other job, and what alternative jobs they considered.

5.  Plaintiffs' process for learning information about compensation/benefits for each of their employment positions.

6.  The terms and conditions of each of Plaintiffs' employment positions.

7.  Plaintiffs' allegations that Defendants agreed to restrict the recruitment and hiring of each other's employees.

8.  Plaintiffs' allegations that Defendants' conduct resulted in lower compensation for the Plaintiffs and the members of the proposed class.

9.  The amount of claimed damages.

10. Whether class treatment is appropriate, including documents relating to individualized issues with Plaintiffs' claims.

11. The definition and scope of Plaintiffs' alleged labor markets.

12. Agreements that Plaintiffs entered into with any of the defendants.

13. Pratt & Whitney's competitors and compensation/benefits offered by such competitors.

14. Outsourcing Defendants' competitors and compensation/benefits offered by such competitors.

15. Any other information relevant to the Defendants' defenses.

The foregoing is not to be construed as an acknowledgement of the propriety of any particular discovery demand or method.  The parties reserve the right to object in response to any discovery request, and no waiver of any such objection is intended herein.  The parties reserve the right to request additional discovery in compliance with the Federal Rules of Civil Procedure.

2.  **Relevant data:**

a.  **Plaintiffs' Position:** As of March 29, 2022, Plaintiffs have invited Defendants to begin discussions on the nature of potentially responsive electronic data and databases within each Defendant's possession, custody, or control.  To date, Defendants have not accepted this invitation.  By July 15, 2022, if not sooner, each Defendant will produce to

Plaintiffs the relevant data in its possession, custody, or control, or present any disputes about the scope of that production to the Court.

       b.    **Defendants' Position:** Plaintiffs filed their Amended Consolidated Complaint on May 9, 2022. (ECF No. 385.) Plaintiffs served their First Set of Requests for Production of Documents to Corporate Defendants and Individual Defendants on June 1, 2022. The Entity Defendants cannot produce relevant data without having an operative complaint and requests, and first identifying types of relevant data in their respective possession to be produced. The parties will meet and confer on an individual basis as to the types of relevant, non-custodial data maintained by each Entity Defendant. The parties will confer on the format, scope and timing of that production, including any notices required by the Connecticut Personnel Files Act or other similar state laws and any other necessary protections prior to the production of the data.

      3.    **Depositions:**

       a.    **Plaintiffs' Position:** Plaintiffs anticipate that they will require no more than 50 total depositions of fact witnesses (including corporate depositions noticed pursuant to Rule 30(b)(6) but excluding any third-party witnesses), with no more than 12 depositions of the employees or agents of any individual corporate defendant. Plaintiffs are aware that the Department of Justice may have concerns about early civil depositions of certain persons, and Plaintiffs will attempt to work with the Department of Justice and Defendants to accommodate those concerns. Plaintiffs propose that if any Defendant objects to a notice of deposition on the grounds that such deposition cannot go forward during the pendency of the related criminal trial, *United States v. Patel*, No. 3:21- cr-00220-VAB (D. Conn.), the parties shall, within seven days of the date of the deposition notice, meet and confer on a new date or agreement not to

proceed with the deposition. If agreement cannot be reached, Plaintiffs reserve the right to seek relief from the Court.

b. **Defendants' Position:** Defendants believe it is premature to define the number and type of fact depositions.  At this point, Defendants believe 50 depositions for Plaintiffs (excluding third-party witnesses) is excessive.  Plaintiffs should not require more than 50 depositions of fact witnesses (including corporate depositions noticed pursuant to Rule 30(b)(6) and of former employees of the corporate defendants, and any third-party witnesses), with no more than 5 depositions of the employees or agents of any individual corporate defendant, including former employees.  Defendants anticipate that they will need at least 25 depositions of fact witnesses (including any third-party witnesses).  Although all depositions should be stayed while the criminal matter is pending, the parties can make significant progress by meeting and conferring to develop a deposition protocol that governs the timing, procedures and logistics, (e.g., remote depositions, need to exceed seven hours on the record for common witnesses, etc.), for fact depositions.

4. **Interrogatories:** Plaintiffs collectively have permission to serve no more than 30 (including subparts) interrogatories per Defendant; Defendants collectively have permission to serve no more than 30 (including subparts) interrogatories per Named Plaintiff.

5. **Expert discovery:** The parties intend to call expert witnesses at trial.  The parties propose to conduct expert discovery concerning class certification in conjunction with the motion for class certification, as described below in Section V.F.2.

6. **Damages analysis:**

a. **Plaintiffs' Position:** Plaintiffs will provide damages calculations following the Court's decision on class certification, as described below in Section V.F.2.

b.      **Defendants' Position:** Defendants disagree that Plaintiffs have sustained any damages in this case. Nonetheless, Plaintiffs will provide their proposed methodology for calculating damages in their class certification expert report.

7.      All discovery of electronically stored information ("ESI") in this matter shall be governed by an ESI Protocol.  Undersigned counsel (after consultation with their respective clients concerning computer-based and other electronic information management systems, including historical, archival, back-up and legacy files, in order to understand how information is stored and how it may be retrieved) will meet and confer to discuss the disclosure and preservation of ESI, including, but not limited to, the form in which such data shall be produced, search terms and/or other techniques to be used in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information.  The parties will meet and confer to discuss entering into an agreement ("ESI Protocol") for submission to the Court.

a.      **Plaintiffs' Position:** The parties shall submit to the Court a proposed ESI Protocol (or competing proposals) by July 15, 2022.

b.      **Defendants' Position:** The parties shall submit to the Court a proposed ESI Protocol (or competing proposals) within thirty (30) days of the entry of a Case Management Order. No party is obligated to produce any ESI prior to submission of the ESI Protocol to the Court and the Court's approval of same.

8.      Undersigned counsel (after consultation with their clients) will meet and confer to discuss the location(s), volume, organization, and costs of retrieval of information stored in paper or other non-electronic forms, and the method of production of this paper and non-electronic

information ("Non-ESI").  Such procedures, to the extent common to all parties, will be included in the Parties' proposed ESI Protocol.

9.      Undersigned counsel will meet and confer to discuss discovery procedures that minimize the risk of waiver of attorney-client privilege, work-product protection, and any other privileges or confidentiality concerns, including procedures for clawing back documents.  The parties will meet and confer to discuss entering into a stipulation pursuant to Federal Rule of Evidence 502(d) for submission to the Court to govern such procedures.  The parties also will confer regarding potential use of automated processes to reduce the cost and burden associated with the production of privilege logs.

### F.      Case Schedule

The parties are unable to agree on a case schedule.  The parties' respective positions on the case schedule are set forth below.

### 1.      **Fact Discovery**

a.      **Plaintiffs' Position:** Fact discovery commenced on June 1, 2022, per Fed. R. Civ. P. 26(d)(1) and Court Order (Dkt. No. 431), and will conclude on February 23, 2024. Pursuant to the Court's Order (Dkt. No. 431), Plaintiffs served their initial requests for production on Defendants on June 1, 2022.  Document productions should commence promptly and shall occur on a rolling basis.  To the extent possible, within 30 days of receiving Plaintiffs' first set of discovery requests, Defendants will produce any documents that they have already collected and reviewed that are responsive to those requests to which they have no objection.

The parties request more than nine months to complete fact discovery due to the complex nature of this case; the duration of the alleged conspiracy (nearly ten years); and number of parties from whom discovery will be sought (13 defendants, including six corporate

defendants and seven individual defendants, nine individual plaintiffs, and additional third parties). Further, Plaintiffs do not believe that any stay or "staging" of discovery is warranted or necessary.  If the Department of Justice seeks to intervene or to limit the discovery sought or provided by any party, the parties can meet and confer with the DOJ at that time.  But the Court should not anticipate an objection that may never be asserted.

        b.    **Defendants' Position:** Fact discovery in this case commenced on June 1, 2022, per Fed. R. Civ. P. 26(d)(1) and Court Order (ECF No. 431). However, at this juncture, Defendants request that the Parties agree to (and the Court order) a staged discovery schedule. Defendants' request for staged discovery is based on the pending indictment against individual defendants Mahesh Patel, Steven Houghtaling, Tom Edwards, Gary Prus, Robert Harvey, and Harpreet Wasan. Trial in the related criminal matter, *United States v. Patel et al.*, Case No. 3:21-cr-00220-VAB, is currently set for March 27, 2023. (*Patel* ECF Nos. 118, 120, 157.) Uncontrolled discovery at this juncture could prejudice both the individual and Entity Defendants who also are subject to an ongoing criminal investigation.  Instead, discovery should be staged until (1) there is resolution of the pending criminal indictment against the individual defendants listed above; (2) resolution of the U.S. Department of Justice's pending criminal investigation; and (3) resolution of the upcoming motion to dismiss to be filed on July 8, 2022.  To the extent the Parties are not able to reach agreement, certain Defendants may move for an appropriate partial stay of discovery or seek the Court's assistance in resolving disputes.

        The individual defendants, each of whom is charged in the referenced parallel criminal case, will also move for a complete stay of discovery as to them pending resolution of the criminal case.

The exact scope of staged discovery will be negotiated between Plaintiffs and Defendants, with potential input from the U.S. Department of Justice.[3]  While the criminal matters and motion(s) to dismiss are pending, Defendants believe the parties can make significant process on several fronts to the extent permitted after consultation with the U.S. Department of Justice:

> a.  Negotiate the terms of an ESI Protocol and a protocol for the production of Non-ESI;

> b.  Negotiate the terms of an Amended Protective Order that addresses the dissemination of and production of highly confidential and sensitive information, including restricted government data and information;

> c.  Negotiate the terms of an Expert Discovery Order that addresses the scope of permissible discovery from experts;

> d.  Negotiate the form, scope and manner of production of non-custodial data;

> e.  Meet and confer regarding the timing and production of certain other, readily producible, non-custodial documents.  Production of these agreed-to documents will occur on a rolling basis, starting within 30 days following entry of the ESI Protocol and Amended Protective Order;

> f.  Negotiate the terms of a deposition protocol for depositions of fact witnesses.

No depositions will take place until resolution of the pending criminal indictment and no interrogatories or requests for admission shall be served until resolution of the pending criminal indictment and investigation.

Defendants request that the Court order the parties to meet and confer within fourteen (14) days after the conclusion of the criminal proceedings (anticipated to be after the

---

[3] The DOJ may seek a stay of certain types of discovery.  Defendants reserve the right to seek a stay of certain types of discovery pending resolution of the criminal investigation and a ruling on the pending motion to dismiss.

March 2023 criminal trial) to jointly propose a case schedule at that time, to be filed no later than twenty-eight (28) days after the conclusion of the criminal proceedings.

Accordingly, Defendants propose that the Court set the following staged discovery schedule:

i.      The Parties shall confer and agree upon the production and timing of production of certain limited categories of readily accessible, non-custodial documents and data. No such production shall be required prior to entry of the ESI Protocol and Protective Order.

ii.     The Parties shall confer and agree upon the production and timing of production of relevant structured data.

iii.    The remainder of written and document discovery (interrogatories, requests for admission, and custodial documents) will begin ten (10) days after the conclusion or dismissal of the criminal proceedings in *U.S. v. Patel et al.* (hereinafter, "conclusion of the criminal proceedings");

iv.     Depositions may begin sixty (60) days after the conclusion of the criminal proceedings (likely late 2023 or early 2024);

v.      Fact discovery will conclude eighteen (18) months after the conclusion of the criminal proceedings in the district court.

2.   **Class Certification and Expert Discovery**

a.      The parties are unable to agree on a schedule for Class Certification and Expert Discovery.  The parties' respective positions on the case schedule are set forth below.

1.      **Plaintiffs' Position:**  Plaintiffs will file their motion for class certification no later than June 16, 2023, and will produce any expert reports concerning class certification at that time. Defendants will file their oppositions to class certification no later than August 11,

2023.  Defendants will produce any expert reports concerning class certification at that time. Plaintiffs will file any reply brief in support of class certification no later than October 6, 2023. Plaintiffs will produce any rebuttal expert reports concerning class certification at that time.

2. **Defendants' Position**:  The Court should not set a date for class certification at this time given the uncertainty of when discovery may begin in earnest. As discussed above in Section V.F.1, fact discovery should be staged until there is (1) resolution of the pending criminal indictment against certain individual defendants; (2) resolution of the pending investigation currently being conducted by the U.S. Department of Justice; and (3) resolution of the upcoming motion(s) to dismiss to be filed on July 8, 2022.

Should the Court prefer to set a schedule at this time, Defendants' position is that Plaintiffs should file their motion for class certification no later than eighteen (18) months after the conclusion of the criminal proceedings, and Plaintiffs should produce any expert reports concerning class certification at that time. Defendants will file their oppositions to class certification no later than sixty (60) days after Plaintiffs file their motion.  Defendants will produce any expert reports concerning class certification at that time. Plaintiffs will file any reply brief in support of class certification no later than forty-five (45) days after Defendants' file their oppositions.

b. The parties agree to the following with respect to the schedule for Class Certification and Expert Discovery:

1. The parties agree to cooperate in order to make available for deposition their respective expert witnesses for examination by no later than thirty (30) days from disclosure of their expert report(s).

2.     Following the Court's determination of the motion for class certification, the parties will meet within fourteen (14) days to discuss a schedule for the disclosure of damages analyses, related expert discovery on damages, and dispositive motions, to the extent any such analyses, dispositive motions and pre-trial deadlines are needed after the Court's ruling on class certification.  The parties will jointly file a proposed schedule with the Court within fourteen (14) days after their meeting.  The parties will request that the Court schedule a status conference to address the proposed schedule and any remaining deadlines for the completion of this action.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

**Respectfully submitted,**

By: */s/ Gregory S. Asciolla*
Gregory S. Asciolla (phv02599)
Robin A. van der Meulen (phv09139)
Matthew J. Perez (phv06870)
Veronica Bosco (phv20356)
**DICELLO LEVITT GUTZLER**
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, NY 10165
Tel.: (646) 933-1000
gasciolla@dicellolevitt.com
rvandermeulen@dicellolevitt.com
mperez@dicellolevitt.com
vbosco@dicellolevitt.com

By: */s/ Daniel L. Brockett*
Daniel L. Brockett (phv20450)
Manisha M. Sheth (phv01061)
Steig D. Olson (phv06391)
Thomas Lepri (phv20453)
**QUINN EMANUEL URQUHART & SULLIVAN LLP**
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.:  (212) 849-7000
Fax:  (212) 849-7100
danbrockett@quinnemanuel.com
manishasheth@quinnemanuel.com
steigolson@quinnemanuel.com
thomaslepri@quinnemanuel.com

Justin Reinheimer (phv20572)
50 California Street, 22nd Floor
San Francisco, CA 94111
Tel.: (415) 875-6600
Fax: (415) 875-6700
justinreinheimer@quinnemanuel.com

By: */s/ Erica O. Nolan*
David A. Slossberg (ct13116)
Erica O. Nolan (ct31097)
**HURWITZ SAGARIN SLOSSBERG & KNUFF, LLC**
147 North Broad Street
Milford, CT 06460
Tel.: (203) 877-8000
dslossberg@hssklaw.com
enolan@hssklaw.com

By: */s/ Joshua R. Goodbaum*
Joseph D. Garrison (ct04132)
Stephen J. Fitzgerald (ct22939)
Joshua R. Goodbaum (ct28834)
Amanda M. DeMatteis (ct29413)
**GARRISON, LEVIN-EPSTEIN, FITZGERALD & PIRROTTI, P.C.**
405 Orange Street
New Haven, CT 06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
jgarrison@garrisonlaw.com
sfitzgerald@garrisonlaw.com
jgoodbaum@garrisonlaw.com
adematteis@garrisonlaw.com

**INTERIM CO-LEAD COUNSEL FOR THE PROPOSED CLASS**

By: */s/ Chahira Solh*
Chahira Solh (phv20470)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone:  (949) 263-8400
Facsimile:  (949) 263-8414
Email:  CSolh@crowell.com

John W Cerreta (ct28919)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Telephone:  (860) 275-0665
Facsimile:  (860) 881-2517
Email:  jcerreta@daypitney.com

*Counsel for Raytheon Technologies
Corporation, Pratt & Whitney Division*

By: */s/ Stephen J. Kastenberg*
Stephen J. Kastenberg (phv20536)
Jason Allen Leckerman (phv20484)
Marcel S. Pratt (phv20495)
Elizabeth Weissert (phv20494)
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103
Telephone:  (215) 665-8500
Facsimile:   (215) 864-8999
Email:  kastenberg@ballardspahr.com
          leckermanj@ballardspahr.com
          prattm@ballardspahr.com
          weisserte@ballardspahr.com

Thomas V. Daily (ct03467)
REID AND RIEGE, P.C.
One Financial Plaza
755 Main Street, 21st floor
Hartford, CT 06103-3185
Telephone:  (860) 240-1067
Facsimile:   (860) 240-1002
Email: tdaily@reidandriege.com

*Counsel for QuEST Global Services-NA, Inc.*

By: */s/ Catie Ventura*
Catie Ventura (phv20424)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone:  (202) 389-5907
Email: catie.ventura@kirkland.com

James H. Mutchnik (phv20423)
KIRKLAND & ELLIS LLP
300 N LaSalle
Chicago, IL 60654
Telephone:  (312) 862-2000
Email: jmutchnik@kirkland.com

Patrick A. Klingman (ct17813)
KLINGMAN LAW, LLC
280 Trumbull Street, Floor 21
Hartford, CT 06103-3514
Telephone:  (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Belcan Engineering Group, LLC*

By: */s/ Bethany Lukitsch*
Bethany Lukitsch (phv20474)
Bridget S. McCabe (phv20469)
BAKER & HOSTETLER LLP
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone:  (310) 820-8800
Facsimile:   (310) 820-8859
Email: blukitsch@bakerlaw.com
          bmccabe@bakerlaw.com

James M. Moriarty (ct21876)
ZEISLER & ZEISLER, P.C.
10 Middle Street, 15th Floor
Bridgeport, CT 06604
Telephone:  (203) 368-4234
Facsimile:   (203) 549-0907
Email: jmoriarty@zeislaw.com

Robert S. Friedman (ct31256)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
30 Rockefeller Plaza
New York, NY 10112
Telephone:  (212) 653-8700
Facsimile:   (212) 652-8701
Email: rfriedman@sheppardmullin.com

Leo Caseria (phv20459)
SHEPPARD MULLIN RICHTER &
HAMPTON LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
Telephone:  (202) 747-1900
Facsimile:   (202) 747-1901
Email: lcaseria@sheppardmullin.com

*Counsel for Cyient, Inc.*

By: */s/  Patrick M. Fahey*
Patrick M. Fahey (ct13862)
Elizabeth H. Buchanan (ct31230)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone:  (860) 251-5000
Facsimile:  (860) 251-5219
Email: pfahey@goodwin.com
          ebuchanan@goodwin.com

*Counsel for Parametric Solutions, Inc.*

By: */s/  Brian E. Spears*
Brian E. Spears (ct14240)
Leslie A. Cahill (ct31242)
SPEARS MANNING & MARTINI LLC
2425 Post Road, Suite 203
Southport, CT 06890
Telephone:  (203) 292-9766
Email: bspears@spearsmanning.com
          lcahill@spearsmanning.com

*Counsel for Mahesh Patel*

By: */s/  Guy Petrillo*
Guy Petrillo (ct19924)
Caelyn Stephens (phv20414)
PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, NY 10017
Telephone:  (212) 370-0331
Facsimile:  (315) 873-2015
Email: gpetrillo@pkbllp.com
Email: cstephens@pkbllp.com

Paul H. McConnell (ct29062)
MCCONNELL FAMILY LAW GROUP
638 Prospect Avenue
Hartford, CT 06105
Telephone:  (203) 344-7007
Facsimile:  (203) 344-7009
Email: paul@mcconnellfamilylaw.com

*Counsel for Robert Harvey*

By: */s/  Craig A. Raabe*
Craig A. Raabe (ct04116)
IZARD, KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Telephone:  (860) 513-2939
Email: craabe@ikrlaw.com

*Counsel for Harpreet Wasan*

By: */s/  Patrick A. Klingman*
Patrick A. Klingman (ct17813)
KLINGMAN LAW, LLC
280 Trumbull Street, Floor 21
Hartford, CT 06103-3514
Telephone:  (860) 256-6120
Email: pak@klingmanlaw.com

*Counsel for Steven Houghtaling*

By: */s/  David M. Goldstein*
David M. Goldstein (phv20554)
FARMER BROWNSTEIN JAEGER
GOLDSTEIN KLEIN & SIEGEL LLP
235 Montgomery Street, Suite 835
San Francisco, CA 94104
Telephone:  (415) 795-2050
Facsimile:  (415) 520-5678
Email: dgoldstein@fbjgk.com

*Counsel for Thomas Edwards*

By: */s/  John J. Robinson*
John J. Robinson (ct14802)
Kelcie Burns Reid
Mitchell L. Fishberg
GORDON REES SCULLY MANSUKHANI,
LLP
95 Glastonbury Boulevard, Suite 206
Glastonbury, CT 06033
Telephone:  (860) 494-7505
Facsimile:  (860) 560-0185
Email: jjrobinson@grsm.com
          jblyskal@gordonrees.com
          kreid@grsm.com
          mfishberg@grsm.com

Patrick M. Fahey (ct13862)
Elizabeth Buchanan (ct31230)
SHIPMAN & GOODWIN LLP
One Constitution Plaza
Hartford, CT 06103
Telephone:  (860) 251-5000
Facsimile:  (860) 251-5219
Email: pfahey@goodwin.com
          ebuchanan@goodwin.com

*Counsel for Gary Prus*

By: */s/ James T. Shearin*
James T. Shearin, Esq. ct 01326
Pullman & Comley, LLC
850 Main Street P.O. Box 7006
Bridgeport, CT 06601-7006
Telephone 203 330 2000
Facsimile 203 576 8888
E-mail: jtshearin@pullcom.com

Marguerite S. Willis (Fed. ID No. 11293)*
Travis C. Wheeler (Fed. ID No. 9715)*
Michael A. Parente (Fed. ID No. 13358)*
NEXSEN PRUET, LLC
1230 Main Street, Suite 700
Columbia, SC 29201
Telephone: 803.771.8900
MWillis@nexsenpruet.com
TWheeler@nexsenpruet.com
MParente@nexsenpruet.com

*Counsel for Agilis Engineering, Inc. and
Frank O'Neill*

*Admitted Pro Hac Vice

24

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 14, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all appearing parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.


 */s/ Erica O. Nolan*
Erica O. Nolan