# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TARAH KYE BOROZNY, et al.; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PRATT & WHITNEY, A DIVISION OF RAYTHEON TECHNOLOGIES CORPORATION; et al.,<br><br>Defendants. | Case No. 3:21-cv-1657-SVN |

## PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR PROPOSED DISCOVERY SCHEDULE

## <u>TABLE OF CONTENTS</u>

BACKGROUND ...................................................................................................................1

ARGUMENT ......................................................................................................................2

I.     DISCOVERY SHOULD NOT BE STAYED PENDING CRIMINAL CASE
AND INVESTIGATION ...........................................................................................2

       A.    Discovery Imposes No Significant Burden on Defendants and Is Not
Contrary to Their Interests ...........................................................................4

       B.    Plaintiffs' Interest in Expeditious Resolution of This Case Would Be
Substantially Prejudiced by a Stay...............................................................6

       C.    The Interests of the Public and Persons Not Parties to the Litigation
Strongly Favor Proceeding With Discovery .................................................8

       D.    A Stay Would Not Promote Efficient Docket Management...................................9

II.    DISCOVERY SHOULD NOT BE STAYED PENDING MOTION TO DISMISS.........10

CONCLUSION.....................................................................................................................10

## **TABLE OF AUTHORITIES**

**Page**

**Cases**

*In re 650 Fifth Ave.*,
  2011 WL 3586169 (S.D.N.Y. Aug. 12, 2011) ............................................................ 6

*In re Bolin & Co., LLC*,
  2012 WL 3730410 (D. Conn. June 27, 2012) ........................................................ 3, 4

*Chase Bank USA., N.A. v. M. Harvey Rephen & Assocs., P.C.*,
  2019 WL 13046982 (S.D.N.Y. Aug. 16, 2019) ....................................................... 5

*Citibank, N.A. v. Super Sayin' Pub., LLC*,
  86 F. Supp. 3d 244 (S.D.N.Y. 2015)..................................................................... 4, 9

*Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*,
  2020 WL 5411484 (D. Conn. Sept. 9, 2020) ......................................................... 10

*In re Credit Default Swaps Antitrust Litig.*,
  2016 WL 2731524 (S.D.N.Y. Apr. 26, 2016) .......................................................... 8

*Douglas v. United States*,
  2006 WL 2038375 (N.D. Cal. July 17, 2006) ........................................................ 10

*Gran Sabana Corp. N.V. v. Kossoff*,
  2021 WL 3666116 (S.D.N.Y. Aug. 17, 2021) ................................................... 3, 4, 6

*Horwitt v. Sarroff*,
  2019 WL 13124298 (D. Conn. Aug. 13, 2019) ........................................................ 2

*Kollar v. Allstate Ins. Co.*,
  2017 WL 10992213 (D. Conn. Nov. 6, 2017) ........................................................ 10

*Louis Vuitton Malletier S.A. v. LY USA, Inc.*,
  676 F.3d 83 (2d Cir. 2012)........................................................................... 3, 4, 5, 9

*Maldanado v. City of New York*,
  2018 WL 2561026 (S.D.N.Y. June 4, 2018) ........................................................... 5

*Metzner v. Quinnipiac Univ.*,
  2020 WL 7232551 (D. Conn. Nov. 12, 2020) ........................................................ 10

*Mirra v. Jordan*,
  2016 WL 889559 (S.D.N.Y. Mar. 1, 2016) ............................................................. 7

*Nosik v. Singe*,
  40 F.3d 592 (2d Cir. 1994)...................................................................................... 9

*In re Outpatient Medical Center Employee Antitrust Litig.*,
  No. 21-cv-305 (N.D. Ill.) ......................................................................................... 9

*Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*,
  486 F. Supp. 1118 (S.D.N.Y. 1980)........................................................................ 7

*Republic Credit Corp. I v. Autorino,*
   2001 WL 789310 (D. Conn. June 1, 2001) ............................................................................ 5

*Sec. & Exch. Comm'n v. Blaszczak,*
   2018 WL 301091 (S.D.N.Y. Jan. 3, 2018) ............................................................................ 7

*Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.,*
   175 F. Supp. 2d 573 (S.D.N.Y. 2001) ...................................................................... 3, 5, 7, 9

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.,*
   396 F.3d 96 (2d Cir. 2005) ............................................................................................... 8

*Zenith Radio Corp. v. Hazeltine Rsch., Inc.,*
   395 U.S. 100, 133 (1969) .................................................................................................. 8

At the Court's direction [ECF No. 459], Plaintiffs respectfully submit this supplemental brief in support of their proposed case management schedule and in opposition to Defendants' proposal for staged discovery, which is effectively a disguised request for an indefinite stay of almost all discovery.

## BACKGROUND

On June 14, 2022, the Parties filed their joint Rule 26(f) Report setting forth their respective positions on a proper case management schedule  [ECF No. 453].  In relevant part, Plaintiffs' Proposed Schedule, set forth in Section V.F.1.a. of the 26(f) Report, proposes a pretrial schedule with fact discovery concluding in February 2024.  Under Plaintiffs' proposal, document productions would commence promptly and would be made on a rolling basis. Plaintiffs would file their motion for class certification in June 2023, along with any supporting expert reports and related materials, and that motion would be fully briefed by October 2023.

In contrast, although Defendants frame their proposal as a "staged discovery schedule," what they effectively seek is a stay of discovery.  They argue that discovery should be staged until (i) resolution of the DOJ's pending criminal indictment against the Individual Defendants;[1] (ii) resolution of the DOJ's pending criminal investigation; and (iii) resolution of their motion to dismiss the Amended Complaint which they plan to file on July 8, 2022.  ECF No. 453 at 18. This would mean that the only aspects of discovery that would proceed in the interim would be: (i) an ESI protocol; (ii) an amended protective order;[2] (iii) an expert discovery protocol; (iv) a protocol for non-custodial data; (v) a deposition protocol; and (vi) the production of a limited

---

[1]  Trial in the criminal action is currently set for March 2023.  That trial date could be substantially delayed by any number of unforeseen events and routine motion practice.  Moreover, the "conclusion" of the proceedings could come long after any verdict, including post-trial motions and appeals.

[2]  This Court entered this District's default protective order on December 14, 2021 [ECF No. 4].  Plaintiffs believe that the default protective order is generally sufficient to protect the interests of the Parties.  To date, Defendants have not provided any proposed amendments to the default protective order to Plaintiffs for discussion. Nor have they provided any timeframe for doing so.

subset of readily-producible, non-custodial documents.[3]  But this would place a *de facto* stay on any meaningful discovery (including custodial documents, interrogatories, and depositions) until complete resolution of the criminal matter.  Indeed, Plaintiffs could not commence substantive discovery until 10 days after the conclusion of the criminal proceedings.[4]  *Id.* at 17.

Since the filing of the Rule 26(f) Report, there have been two significant developments that impact Defendants' proposal.  First, all Individual Defendants have been voluntarily dismissed without prejudice [ECF Nos. 457 and 461].  Second, the DOJ has informed Plaintiffs that it does not see a need for a stay of discovery in this case.  To the contrary, the DOJ has no objection to document discovery proceeding in the civil case because it would not interfere with the criminal case or investigation.  Nor does the DOJ believe that a blanket stay of depositions is warranted.  Its preference, instead, is to discuss the issue on a deponent-by-deponent basis at the appropriate time.

## **ARGUMENT**

## I.    **DISCOVERY SHOULD NOT BE STAYED PENDING CRIMINAL CASE AND INVESTIGATION**

Because Defendants' proposal would effectively put this case on ice for an extended and indefinite period of time, their proposal should be regarded as a request for a stay of discovery.  *See Horwitt v. Sarroff*, No. 3:17-cv-1902(VAB), 2019 WL 13124298, at *5 (D. Conn. Aug. 13, 2019) (denying defendants' disguised effort to "effectively seek a full stay of these proceedings"

---

[3]  On June 30, Plaintiffs requested a meet-and-confer to discuss the documents Defendants were willing to produce as this limited subset.  To date, not all Defendants have responded to schedule these discussions.  Even those Defendants who have responded, all but one have not yet identified or proposed what categories of "readily available" non-custodial documents they would be willing to produce and on what timeframe.

[4]  Defendants' June 27, 2022 motion for an extension of time to submit responses and objections to Plaintiffs' First Set of Requests for Production of Documents dated June 1, 2022 makes this clear.  Page 2 of their motion states that "Should the Court order staged discovery as proposed by Defendants, Defendants would not be required to respond to either the Corporate Defendant Requests or the Individual Defendant Requests until after the conclusion of the Criminal Proceedings."  [ECF No. 456 at 2.]

by way of a request to modify the scheduling order in light of a related criminal case). The imposition of a stay to permit "conclusion of a related criminal prosecution" is "an extraordinary remedy." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012). While a stay can be warranted in exceptional circumstances, "the Constitution rarely, if ever, requires such a stay." *Id. See also Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 576 (S.D.N.Y. 2001) ("a stay is not constitutionally required whenever a litigant finds himself facing the dilemmas inherent in pursuing civil litigation while being the subject of a related criminal investigation"). The party seeking a stay "bears the burden of establishing its need" and must show "undue prejudice upon defendant or interference with his constitutional rights" to justify such extraordinary relief. *Louis Vuitton*, 676 F.3d at 97. Defendants cannot satisfy this heavy burden.

Courts consider the following factors in evaluating a request to stay discovery in a civil matter pending criminal proceedings:

> (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the interests of and burdens on the party seeking the stay; (3) the interests of the party seeking to proceed in an expeditious resolution and the prejudice to that party in not proceeding; (4) the interests of other persons not parties to the civil litigation; (5) the interests of the public in the pending civil and criminal actions; and (6) the convenience to the court in the management of its docket and in the efficient use of judicial resources.

*In re Bolin & Co., LLC*, No. 3:08-cv-1793(SRU), 2012 WL 3730410, at *2 (D. Conn. June 27, 2012). Other than the first factor regarding the overlap between the issues in the civil and criminal cases,[5] the remaining factors weigh decisively against a stay.[6]

---

[5]   Although the issues in the civil action overlap with the issues in the criminal indictment, that overlap exists only as to the Individual Defendants. These Individual Defendants now have been dismissed without prejudice from the civil case. In contrast, there is no criminal case against the Entity Defendants. They are only under investigation. Court have recognized that pre-indictment, any overlap is less important because it is inherently uncertain. *See, e.g.*, *Gran Sabana Corp. N.V. v. Kossoff*, 2021 WL 3666116, at *3 (S.D.N.Y. Aug. 17, 2021) ("although the apparent overlap between the civil and criminal matter weighs in favor of a stay, the Court does not place especially great weight on this factor pre-indictment").

A.    <u>Discovery Imposes No Significant Burden on Defendants and Is Not Contrary to Their Interests</u>

Despite their heavy reliance on the pending criminal action, none of the Defendants is a party to the criminal case.  This fact alone eviscerates any argument that discovery in the civil case imposes a burden on Defendants and is contrary to their interests.

In most cases involving a motion for a stay of discovery, the defendant's Fifth Amendment concerns are the primary consideration militating in favor of a stay.  *See Bolin*, 2012 WL 3730410, at *3.  As *Bolin* noted, "the typical dilemma that a stay is designed to avoid" is where "a defendant in a civil action who is also the subject of criminal charges will face the 'Hobson's choice' of making potentially incriminating admissions during discovery or asserting his Fifth Amendment rights and losing his case."  *Id.*  Here, the Individual Defendants have been dismissed without prejudice, and the Entity Defendants[7] are not the subject of criminal charges and lack Fifth Amendment rights.  They therefore do not face a Hobson's choice.

First, Defendants are only under investigation by the DOJ and have not been indicted.  Courts widely recognize that pre-indictment, during a criminal investigation there is far less risk and thus far less justification for staying a related civil action..  *See, e.g.*, *Gran Sabana*, 2021 WL 3666116, at *2 ("District courts in this Circuit have generally refused to stay a civil proceeding where, as here, the defendant is under criminal investigation but has not been indicted . . .  the fact that [defendant] has not been indicted thus counsels against a stay.").[8]  Indeed, whether a

---

[6]   The Second Circuit has described these factors as a "check list" of considerations and rejected the notion that the test operates "mechanical[ly]."  *Louis Vuitton*, 676 F.3d at 99.  No factor is dispositive and the weight of different factors varies from case to case.  The ultimate assessment of these factors is left to the district court's "studied judgment."  *Id.*

[7]   "Entity Defendants" refers to Agilis Engineering, Inc.; Belcan Engineering Group, LLC; Cyient, Inc.; Parametric Solutions, Inc.; QuEST Global Services-NA, Inc.; and Raytheon Technologies Corporation, Pratt & Whitney Division.

[8]   *See also*, *Citibank, N.A. v. Super Sayin' Pub.*, LLC, 86 F. Supp. 3d 244, 246 (S.D.N.Y. 2015) (denying motion to stay two civil cases where moving defendant had not been indicted but was only "a target of the ongoing

defendant has actually been indicted versus merely under investigation "has been described as the most important factor to be considered" when weighing a stay request.  Where a defendant has not yet been indicted, the factors tip "strongly in Plaintiff's favor and provide[] sufficient grounds, standing alone, to deny the request for a stay."  *Maldanado v. City of New York*, 2018 WL 2561026, at *2 (S.D.N.Y. June 4, 2018) (internal quotation marks omitted).

Second, the Entity Defendants possess no Fifth Amendment rights.  It is settled law that "[c]orporations do not have a Fifth Amendment right against self-incrimination."  *Louis Vuitton*, 676 F.3d at 92 n.5.  Thus, the paradigmatic concern that can at times justify a stay of civil proceedings is inapplicable here.  The Court should also reject Defendants' argument that they face considerable risks from their employees providing incriminating evidence against them.  Such an outcome would defy logic.  Defendants cited no case at the Rule 16 conference to support their position that they can invoke the Fifth Amendment through individual representatives.  *Cf. Chase Bank USA., N.A. v. M. Harvey Rephen & Assocs., P.C.*, 2019 WL 13046982, at *3 (S.D.N.Y. Aug. 16, 2019) (rejecting corporate defendant's attempt to assert Fifth Amendment rights through corporate representative deponent sitting for deposition).  To the extent that a speculative, potential dilemma exists for Defendants, they "can point to nothing that suggests that the dilemma they face is more pointed or difficult than in any other case of parallel proceedings, and it is universally agreed that the mere pendency of a criminal investigation standing alone does not require a stay."  *Sterling*, 175 F. Supp. 2d at 578.

---

investigation"); *Republic Credit Corp. I v. Autorino*, No. CIV399CV286PCD, 2001 WL 789310, at *2 (D. Conn. June 1, 2001) ("A stay is not normally appropriate where an indictment has not been returned against the civil litigant."); *Sterling Nat. Bank v. A-1 Hotels Int'l, Inc.*, 175 F. Supp. 2d 573, 578 (S.D.N.Y. 2001) (denying motion to stay depositions in civil RICO case where discovery was otherwise complete and defendants were facing parallel criminal investigation involving only document subpoena and some "investigative inquiries" by FBI and there was no indication an indictment was imminent).

5

In short, because the Individual Defendants have been dismissed without prejudice, and the because the Entity Defendants have not been indicted and are merely under investigation, their request for a stay of discovery is unwarranted at this time.

**B.**     **Plaintiffs' Interest in Expeditious Resolution of This Case Would Be Substantially Prejudiced by a Stay**

Courts recognize that just as any potential prejudice to criminal defendants is greatly reduced pre-indictment, the prejudice to civil plaintiffs is greatly increased where a request to stay is based entirely on the existence of a pending criminal investigation. *See Gran Sabana*, 2021 WL 3666116, at *2 (pre-indictment, "the prejudice to the plaintiff from a stay is greater, seeing as the delay of the proceedings from a stay pending a criminal prosecution that may never be brought is 'potentially indefinite.'"); *In re 650 Fifth Ave.*, 2011 WL 3586169, at *4 (S.D.N.Y. Aug. 12, 2011) (prejudice of staying case is "reduced" after an indictment because of Speedy Trial Act considerations, whereas prejudice is great prior to indictment as the "delay imposed on the plaintiff is potentially indefinite"). While the criminal case may advance interests such as deterrence, only the civil action can provide important redress such as compensation to Plaintiffs and other members of the class.

In contrast to Defendants' speculative concerns, Plaintiffs' interest in proceeding expeditiously is concrete and acute. Plaintiffs have a substantial interest in obtaining meaningful discovery in order timely to prosecute their claims and recover for the harms they suffered. Defendants' requested "staged" discovery would delay discovery for at least eight months, and potentially much longer as there is no indication of when the DOJ may conclude its criminal investigation. This is a considerable amount of time when viewed against this Court's preferences for discovery to be completed "between six to nine months from the date of the filing

6

of the Rule 26(f) Report." *See* Hon. Sarala V. Nagala, "Pretrial Preferences: Rule 26(f) Report and Length of Discovery Period," https://www.ctd.uscourts.gov/content/sarala-v-nagala).

Defendants' proposed staged discovery would prejudice Plaintiffs and the proposed class by denying them the benefit of almost all written and document discovery and depositions until the resolution of the pending criminal investigation. Delay of this magnitude would result in prejudice to Plaintiffs from unavailable documents and faded memories and recollections. *See Sec. & Exch. Comm'n v. Blaszczak*, 2018 WL 301091, at *2 (S.D.N.Y. Jan. 3, 2018) ("Courts have recognized the possibility that a stay could hinder [the] collection of evidence because as time passes, memories fade and documents become unavailable"); *Mirra v. Jordan*, 2016 WL 889559, at *3 (S.D.N.Y. Mar. 1, 2016) (prejudice to plaintiff where risk of fading memories).

There is no justifiable reason for such a lengthy delay. At this time, it is not known how long the DOJ will take to conclude its investigation, whether the DOJ will return criminal charges against the Entity Defendants, or whether the Entity Defendants may enter into a plea agreement without the need for a formal indictment. All of these considerations are purely speculative. In these circumstances, it would be manifestly unfair to allow Defendants to delay the resolution of civil claims simply because their misconduct has also attracted the attention of criminal authorities. *See Sterling*, 175 F. Supp. 2d at 575 ("it would be perverse if plaintiffs who claim to be the victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities."); *Paine, Webber, Jackson & Curtis, Inc. v. Malon S. Andrus, Inc.*, 486 F. Supp. 1118, 1119 (S.D.N.Y. 1980) ("That defendant's conduct also resulted in a criminal charge against him should not be availed of by him as a shield against a civil suit and prevent plaintiff from expeditiously advancing its claim.").

**C.**     **The Interests of the Public and Persons Not Parties to the Litigation Strongly Favor Proceeding With Discovery**

The public has a strong interest in allowing private enforcement of the antitrust laws, and this interest strongly aligns with Plaintiffs' interests.  Private enforcement serves complementary, but different, purposes to criminal enforcement of federal antitrust statutes.  *See Zenith Radio Corp. v. Hazeltine Rsch., Inc.*, 395 U.S. 100, 130-131, 133 (1969) ("the purpose of giving private parties treble-damage and injunctive remedies was not merely to provide private relief, but was to serve as well the high purpose of enforcing the antitrust laws . . . treble-damage cases, which are brought for private ends, [] also serve the public interest in that they effectively pry open to competition a market that has been closed by defendants' illegal restraints")  A stay of discovery would undermine the efficient private enforcement of the antitrust laws, which is of vital national significance.  *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 122 (2d Cir. 2005) ("public policy relies on private sector enforcement of antitrust laws").[9]

It also merits emphasis that the entity with the greatest public interest in this matter (the DOJ) does not see the need for a stay.  Plaintiffs reached out to the DOJ, which communicated that it does not see a need to intervene to stay discovery and is comfortable with document discovery proceeding.  Based on its review of the Rule 26(f) Report and Plaintiffs' document requests, the DOJ indicated that document discovery would not interfere with the criminal case.  Even as to deposition discovery, the DOJ does not believe that a blanket stay of discovery is warranted.  Instead, the DOJ wants only to discuss potentially postponing certain depositions on a case-by-case basis at the appropriate time.

---

[9]  *See also In re Credit Default Swaps Antitrust Litig.*, 2016 WL 2731524, at *18 (S.D.N.Y. Apr. 26, 2016) ("Our antitrust laws address issues that go to the heart of our economy.  Our economic health, and indeed our stability as a nation, depend upon adherence to the rule of law and our citizenry's trust in the fairness and transparency of our marketplace.").

The DOJ's position here differs greatly from its position in the *Outpatient* litigation which Defendants cited at the Rule 16 conference.  In that case, the government intervened and sought to stay discovery.  *See In re Outpatient Medical Center Employee Antitrust Litig.*, No. 1:21-cv-305 (N.D. Ill.), Dkt. Nos. 30, 47.  There, the Government expressed a clear interest in "allow[ing] the indicted criminal case [] to proceed through trial, and to protect the United States' ongoing criminal investigation" and went so far as to request "an immediate stay of proceedings while this motion (to intervene and stay) is pending." *Id.*, Dkt. No. 30 at 1.  Here, the DOJ has taken the diametrically opposite position, representing to Plaintiffs that no such stay is necessary.  In short, *Outpatient* does not support Defendants' proposal.

###     D.     A Stay Would Not Promote Efficient Docket Management

Imposing an indefinite stay of discovery would undermine efficient resolution of this case.  Courts are reluctant to stay cases for lengthy periods because doing so is contrary to efficient docket management.  *See Citibank*, 86 F. Supp. 3d at 248 ("The Court has an interest in advancing its docket and does not wish to delay two civil cases during the pendency of an investigation that may well lead nowhere and may take a most indeterminate amount of time."); *Sterling*, 175 F. Supp. 2d at 580 (denying stay where it "would substantially halt the civil litigation indefinitely, without any predictability as to when the case would return to the Court's active docket").  Plaintiffs' proposed case schedule strikes a balance between the realities of litigating a complex, multi-defendant antitrust class action, and the need to efficiently make progress toward an ultimate resolution.[10]

---

[10]   Even when a stay may be warranted, courts consider alternatives to a broad stay of discovery.  *See, e.g.*, *Louis Vuitton*, 676 F.3d at 102 (not abuse of discretion for a district court to deny a motion to stay a civil case because defendants failed to pursue more targeted, "alternative relief" such as "tailored stays, protective orders, quashing or modifying subpoenas, sealing confidential material, or even a renewed motion for a stay if specific impositions presented themselves").  For example, courts often issue limited stays of certain depositions or restrict their use in the criminal proceeding.  *See, e.g.*, *Nosik v. Singe*, 40 F.3d 592, 596 (2d Cir. 1994) ("Although civil and criminal proceedings covering the same ground may sometimes justify deferring civil proceedings until the criminal

## II.   DISCOVERY SHOULD NOT BE STAYED PENDING MOTION TO DISMISS

Paragraph 2(b) of this District's Standing Order on Scheduling in Civil Cases expressly provides that "[t]he filing of a motion to dismiss shall not result in a stay of discovery or extend the time for completing discovery."  Courts in this District consistently enforce this provision. *See, e.g.*, *Metzner v. Quinnipiac Univ.*, No. 3:20-cv-00784(KAD), 2020 WL 7232551, at *1 (D. Conn. Nov. 12, 2020) ("Generally, it is not the practice of this Court to stay discovery upon the filing of a motion to dismiss."); *Covenant Imaging, LLC v. Viking Rigging & Logistics, Inc.*, No. 3:20-cv-00593(KAD), 2020 WL 5411484, at *1 (D. Conn. Sept. 9, 2020) (same); *Kollar v. Allstate Ins. Co.*, No. 3:16-cv-01927(VAB), 2017 WL 10992213, at *1 (D. Conn. Nov. 6, 2017) ("this Court's regular practice normally requires the parties to commence discovery, even while a motion to dismiss is pending.").  Indeed, fact discovery commenced on June 1, 2022, pursuant to the Court's orders authorizing service of discovery requests [ECF Nos. 359, 431].  The Court should not now halt that discovery during the pendency of Defendants' motion to dismiss.

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court adopt Plaintiffs' proposed schedule and reject Defendants' request to "stage" discovery, which is effectively a request for an indefinite and lengthy stay.

DATED:   New Haven, Connecticut
         July 6, 2022

---

proceedings are completed, a court may instead enter an appropriate protective order."); *Douglas v. United States*, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006) (denying motion to stay depositions and noting that movant could "address their concerns on a deposition-by-deposition basis with [the] Magistrate Judge" and "file for a protective order to protect any interests they may have in specific depositions"); *Autorino*, 2001 WL 789310, at *3 (granting, in lieu of stay, protective order barring the use of the defendant's deposition responses from the civil action in any criminal proceeding).

**QUINN EMANUEL URQUHART &**
    **SULLIVAN, LLP**

*/s/ Manisha M. Sheth*
Daniel L. Brockett (phv20450)
Manisha M. Sheth (phv01061)
Steig D. Olson (phv06391)
Thomas Lepri (phv20453)
51 Madison Avenue, 22nd Floor
New York, New York 10010
Telephone:  (212) 849-7000
danbrockett@quinnemanuel.com
manishasheth@quinnemanuel.com
steigolson@quinnemanuel.com
thomaslepri@quinnemanuel.com

Justin Reinheimer (phv20572)
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone:  (415) 875-6600
justinreinheimer@quinnemanuel.com

**DICELLO LEVITT GUTZLER LLC**

*/s/ Gregory S. Asciolla*
Gregory S. Asciolla (phv02599)
Robin A. van der Meulen (phv09139)
Matthew J. Perez (phv06870)
Veronica Bosco (phv20356)
One Grand Central Place
60 East 42nd Street, Suite 2400
New York, New York 10165
Telephone: (646) 933-1000
gasciolla@dicellolevitt.com
rvandermeulen@dicellolevitt.com
mperez@dicellolevitt.com
vbosco@dicellolevitt.com

*Interim Co-Lead Counsel*

**GARRISON, LEVIN-EPSTEIN,**
    **FITZGERALD & PIRROTTI, P.C.**

Joseph D. Garrison (ct04132)
Stephen J. Fitzgerald (ct22939)
Joshua R. Goodbaum (ct28834)
Amanda M. DeMatteis (ct29413)
405 Orange Street
New Haven, Connecticut 06511
Telephone:  (203) 777-4425
jgarrison@garrisonlaw.com
sfitzgerald@garrisonlaw.com
jgoodbaum@garrisonlaw.com
adematteis@garrisonlaw.com

**HURWITZ SAGARIN SLOSSBERG &**
    **KNUFF, LLC**

David A. Slossberg (ct13116)
Erica Oates Nolan (ct31097)
147 North Broad Street
Milford, Connecticut 06460
Telephone:  (203) 877-8000
DSlossberg@hssklaw.com
ENolan@hssklaw.com

*Local Connecticut Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all appearing parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF system.

_/s/ Erica O. Nolan_
Erica O. Nolan