UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARAH KYE BOROZNY, et al.; on behalf of themselves and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>PRATT & WHITNEY, A DIVISION OF RAYTHEON TECHNOLOGIES CORPORATION; et al.,<br><br>   *Defendants*. | No. 3:21-cv-01657-SVN |

**SCHEDULING ORDER**

Upon consideration of the parties' Rule 26(f) Report (ECF No. 453), the following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1. The parties' Rule 26(f) Report is hereby adopted unless otherwise stated.

- **Pleadings and Joinder.** Any motion to amend the complaint or join parties must be filed by Plaintiffs no later than **July 29, 2022.** Defendants may file a responsive pleading to any amended complaint within 60 days after the filing of any such complaint. Any motion to amend the answer or join parties must be filed by the defendant no later than **August 29, 2022.** Such motions shall be governed by Fed. R. Civ. P. 15. Any motion to amend the pleadings or join parties filed after these dates will be governed by the good cause standard of Fed. R. Civ. P. 16(b).

- **Damages Analysis.** Any party with a claim or counterclaim for damages shall serve a damages analysis on the other parties, in compliance with Rule 26(a)(1)(A)(iii), on or before **January 15, 2024**. Any party that is required to serve a damages analysis shall serve an <u>updated</u> damages analysis on the other parties 14 days after the close of discovery.

- **Discovery Deadlines.**

  - Initial disclosures pursuant to Rule 26(a)(1) must be exchanged by **July 29, 2022.**

  - All discovery will be completed (not propounded) by **February 23, 2024.** Discovery will not be phased.

  - Plaintiffs may serve 20 requests for admissions (including subsections) on each Defendant without further order of the Court.

- Parties are initially limited to 35 fact depositions per side, including corporate depositions noticed pursuant to Rule 30(b)(6), but not including third party depositions. Additional depositions may be conducted by agreement of the parties or through leave of the Court.

- **Motion for Class Certification**

  - Plaintiffs' motion for class certification shall be filed no later than **June 16, 2023**. Plaintiffs shall produce any expert reports concerning class certification at that time.

  - Defendants will file any opposition to the motion for class certification no later than **August 14, 2023**. Defendants shall produce any expert reports concerning class certification at that time.

  - Plaintiffs shall file any reply in further support of the motion for class certification no later than **October 6, 2023**. Plaintiffs shall produce any rebuttal expert reports concerning class certification at that time.

- **Discovery Relating to Expert Witnesses.** Any party intending to call any expert witness in addition to the experts related to class certification must comply with Fed. R. Civ. P. 26(a)(2)(B).

  - Parties must designate any trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they bear the burden of proof by **November 1, 2023**. Depositions of such experts must be completed by **December 11, 2023**.

  - Parties must designate all trial experts and provide the other parties with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) on any issues on which they do not bear the burden of proof by **January 15, 2024**. Depositions of such experts must be completed by **February 23, 2024**.

  - Any motion related to preclusion of an expert must be filed by **March 23, 2024**.

- **Motions to Compel.** Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed **within 30 days after the response was due** under the Federal Rules of Civil Procedure, that is, within 60 days of the service of the request. If the parties are negotiating in good faith in attempt to resolve the discovery dispute, a motion to extend this deadline may be filed. Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel. Any motions relating to discovery must fully comply with the Local Rules, as well as the Federal Rules of Civil

Procedure. The parties are directed to review Local Rule 37 before filing any discovery motion.

- **Electronically Stored Information.** The parties shall submit to the Court a proposed ESI Protocol (or competing proposals) by **July 29, 2022.**

- **Dispositive Motions.**

  - The Court will set deadlines related to dispositive motions after the close of discovery.

- **Joint Status Reports of the Parties.**

A joint status report of the parties shall be filed on or before **January 16, 2023**. The report must address matters that are relevant to the case at the time and address each of the following items:

(1) a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed; and

(2) whether the parties expect to seek any extensions of the deadline to file a motion for class certification.

A second joint status report of the parties shall be filed on or before **November 15, 2023**. The report must address matters that are relevant to the case at the time and address each of the following items:

(1) a detailed description of the discovery conducted up to the date of the report, and any significant discovery yet to be completed; and

(2) whether the parties expect to seek any extensions related to the close of discovery.

The Court encourages the parties to discuss settlement as soon as possible. Nearly all civil cases settle, and at some point in this case, the Court will refer the parties to a U.S. Magistrate Judge to explore the potential for settlement. The sooner the parties look seriously at the possibility for settlement, the less expensive the litigation will be for the parties. The Court understands that sometimes it is necessary to conduct some discovery before the parties can engage in productive mediation. If this is such a case, the Court encourages the parties to discuss exchanging limited discovery before engaging in a formal settlement conference. But the parties may begin settlement

discussions at any time, on their own, through a private mediator, or with the assistance of a U.S. Magistrate Judge.

The parties are advised that the Magistrate Judges may not be able to conduct settlement discussions on short notice. Accordingly, the parties should seek a referral for settlement discussions at the earliest possible date. To do so, any party may file a brief motion for a referral to a Magistrate Judge, representing that all parties have conferred and agree that such a referral would be appropriate.

Counsel shall provide each named party to this action with a copy of this Order.

IT IS SO ORDERED.

/s/
Sarala V. Nagala, U.S.D.J.

Dated:     Hartford, Connecticut
           **July 18, 2022**