UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARAH KYE BOROZNY, ANTHONY DeGENNARO, RYAN GLOGOWSKI, ELLEN McISAAC, SCOTT PRENTISS, ALEX SCALES, AUSTIN WAID-JONES, NICHOLAS WILSON, and STEVEN ZAPPULLA, individually and on behalf of all others similarly situated,<br>    *Plaintiffs*, | ) ) ) ) ) ) ) ) ) | 3:21-cv-1657-SVN<br><br><br><br>May 30, 2023 |
| v. | ) ) | |
| RAYTHEON TECHNOLOGIES CORPORATION, PRATT & WHITNEY DIVISION; AGILIS ENGINEERING, INC.; BELCAN ENGINEERING GROUP, LLC; CYIENT, INC.; PARAMETRIC SOLUTIONS, INC.; and QUEST GLOBAL SERVICES-NA, INC.,<br>    *Defendants*. | ) ) ) ) ) ) ) ) ) | |

## **RULING AND ORDER ON PLAINTIFFS' MOTION FOR RECONSIDERATION**

Sarala V. Nagala, United States District Judge.

In this antitrust putative class action, Plaintiffs have alleged that Defendants violated Section 1 of the Sherman Act by secretly agreeing to restrict their competition in the recruitment and hiring of aerospace engineers and other skilled workers in the jet propulsion systems industry. On January 20, 2023, the Court denied Defendants' motions to dismiss Plaintiffs' amended complaint, holding that Plaintiffs had plausibly alleged both *per se* and rule of reason claims under the Sherman Act. ECF No. 582 (the "Decision").

Presently before the Court is Plaintiffs' motion for reconsideration of footnote six in the Court's ruling and order on Defendants' motions to dismiss. In that footnote, the Court, quoting from *Bogan v. Hodgkins*, 166 F.3d 509 (2d Cir. 1999), held that, because "it is an element of a *per*

*se* case to describe the relevant market in which we may presume the anticompetitive effect would occur," the Court's analysis of the sufficiency of Plaintiffs' allegations concerning the relevant market would relate "not only to the rule of reason claim, but to the *per se* allegations, as well." ECF No. 582 at 22, n.6.  Plaintiffs now challenge that holding, contending that they need not have alleged the relevant market to proceed with their *per se* claim, despite the language in *Bogan*.  For the reasons below, Plaintiffs' motion is DENIED.

## I. FACTUAL BACKGROUND

The facts of this case are discussed at length in this Court's order on the motions to dismiss, and the Court assumes familiarity with them.  For purposes of Plaintiffs' motion for reconsideration, it suffices to say that Plaintiffs have accused Defendants of running a years-long scheme to allocate the labor market in the aerospace engineering industry.  This scheme was purportedly accomplished by each Defendant agreeing not to hire current employees from any other Defendant.  By doing this, Defendants were able to ensure salaries for their employees remained artificially low, due to Plaintiffs' inability to move among Defendants for better pay or benefits.  To the extent any further facts are relevant to the determination of this motion, they are discussed below.

## II. LEGAL STANDARD

"The standard for granting [reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 54 (2d Cir. 2019); *see also* D. Conn. L. Civ. R. 7(c)1; *Cho v. Blackberry Ltd.*, 991 F.3d 155, 170 (2d Cir. 2021) (cleaned up) (reconsideration warranted "only when the party identifies an intervening change of

controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice"). A motion for reconsideration is "not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation and internal quotation marks omitted).

### III.    DISCUSSION[1]

Initially, the Court has already held that the CAC states both a *per se* violation of the antitrust laws, as well as a violation under the rule of reason. Plaintiffs do not contest this determination. Instead, Plaintiffs contend only that footnote six of the Court's ruling merits reconsideration. As noted above, footnote six discusses that the Second Circuit in *Bogan* held that a plaintiff seeking to bring a claim for a *per se* violation of the antitrust laws must describe the relevant market in which the conduct took place. The footnote reads, in full:

> Pratt & Whitney argues, in passing, that Plaintiffs are required to plead a relevant market regardless of whether the complaint states a claim for a *per se* or rule of reason violation. Plaintiffs dispute this assertion. ECF No. 524 at 26 n.17. Defendants are correct, as "it is an element of a per se case to describe the relevant market in which we may presume the anticompetitive effect would occur." *Bogan*, 166 F.3d at 515; *see also PharmacyChecker.com, LLC v. Nat'l Ass'n of Bds. of Pharmacy*, 530 F. Supp. 3d 301, 347 (S.D.N.Y. 2021) ("The Court is not aware of any basis to distinguish a market definition inquiry for purposes of the rule of reason from a market definition inquiry for purposes of evaluating an alleged per se violation. Thus, the Court applies the standard from the rule of reason case law to evaluate whether Plaintiff has alleged a group boycott that merits per se treatment."); *Singh v. Am. Racing-Tioga Downs Inc.*, No. 3:21-CV-0947-LEK-ML, 2021 WL 6125432, at *9 (N.D.N.Y. Dec. 28, 2021) ("Regardless of what standard applies (per se or rule of reason), Plaintiffs must articulate a relevant market."); *Downtown Music Publ'g LLC v. Peloton Interactive, Inc.*, 436 F. Supp. 3d 754, 766 (S.D.N.Y. 2020) ("Peloton argues that there is no need to address the relevant market given the 'per se' nature of the Counter-Defendants' violation of Section 1.

---

[1] Defendants have filed a motion to strike Plaintiffs' supplemental brief filed at ECF No. 633, which the Court DENIES. The Court has received and reviewed all filings in this case. While Plaintiffs submitted this brief without seeking leave of Court, the brief is two pages long, and discusses almost exclusively why Plaintiffs believe the additional authority submitted by Defendants is not relevant. The Court does not find such a response improper and, thus, Defendants' motion to strike, ECF No. 634, is DENIED.

> But, 'it is an element of a per se case to describe the relevant market in which [courts] may presume the anticompetitive effect would occur.'"). Thus, the Court's analysis in this section relates not only to the rule of reason claim, but to the *per se* allegations, as well.

ECF No. 582 at 22, n.6. Thus, the footnote concludes that the Court's analysis in the section of the ruling entitled "Identifying the Relevant Market," would relate not only to the rule of reason claim, but to the *per se* allegations, as well. *Id.*

Plaintiffs assert that this statement "overlooks and is contrary to controlling decisions from the U.S. Supreme Court and the Second Circuit," and should therefore be corrected to make clear that Plaintiffs' *per se* claim is not limited to the specific geographic market the Court found plausibly pleaded, namely, Connecticut.[2] Unsurprisingly, Defendants disagree with Plaintiffs' argument and contend that the Court correctly applied *Bogan*, and its progeny, to conclude that a Plaintiff must define a market in order to maintain *either* a rule of reason or *per se* claim under the antitrust laws. The Court agrees with Defendants and will not reconsider its holding in footnote six.

Initially, a motion for reconsideration will be granted only where "the moving party can point to controlling decisions or data that the court overlooked." *Van Buskirk*, 935 F.3d at 54. Despite Plaintiffs' repeated insistence that the Court overlooked binding Second Circuit and Supreme Court caselaw, they have not pointed to a single case, binding on this Court, that explicitly states that a plaintiff alleging a *per se* antitrust cause of action is *not* required to plead a relevant market. Plaintiffs seek to have the Court infer such a principle by drawing from snippets of various cases. The Court has reviewed these cases and cannot conclude that it overlooked a

---

[2] The Court has received and reviewed the Statement of Interest from the United States. As the United States is not a party to this action, and its statement largely rehashes the positions of the Plaintiffs, the Court will not independently discuss the statement.

controlling decision, such that reconsideration of its earlier ruling would be appropriate. To the extent Plaintiffs seek to have the Court disregard *Bogan*'s clear language, the Court will not do so.

More fundamentally, Plaintiffs' briefing on the motion for reconsideration repeatedly conflates the terms "market" and "market power." *See, e.g.,* ECF No. 584-1 at 7 (noting that "[d]istrict courts in this Circuit also agree that in *per se* cases, plaintiff's need not define a *relevant market*," but citing to *In re Nine W. Shoes Antitrust Litig.*, 80 F. Supp. 2d 181, 188–89 (S.D.N.Y. 2000) as holding that "case law teaches that consumers are not required to prove *market power* in cases involving *per se* violations of antitrust laws") (emphases added); *id.* at 8 (quoting *F.T.C. v. Ind. Fed'n of Dentists*, 476 U.S. 447, 460–61 (1986) (discussing that proof of actual detrimental effects "can obviate the need for an inquiry into *market power*") (emphasis added); *id.* at 10 (describing *Ohio v. American Express Company*, 138 S. Ct. 2274, 2283 (2018), as noting that "the rule of reason 'requires courts to conduct a fact-specific assessment of *market power* and market structure'") (emphasis added). To the extent it is necessary to clear up this apparent confusion, the Court offers the following elaboration.

The Decision did not hold that an analysis of the Defendants' market power would be necessary in this case for Plaintiffs' *per se* claims. In fact, under a separate heading later in the Decision, the Decision noted that such an analysis may not be necessary even for Plaintiffs' rule of reason claim. ECF No. 582 at 26 ("In the Second Circuit, 'if a plaintiff can show an actual adverse effect on competition' there is no need to demonstrate further 'market power' . . . Here, Plaintiffs have alleged facts that, if proven, meet this standard.") It is thus clear that, while the Court, following the Second Circuit's clear language in *Bogan*, required Plaintiffs to allege a relevant market, it certainly did not require, or contemplate, that Plaintiffs would need to allege or prove market power for their *per se* claim. Indeed, footnote six stated that the analysis "in this

5

section"—meaning the section titled "Identifying the Relevant Market," and not the following section titled "Adverse Effect on Competition in the Identified Market"—applied to Plaintiffs' *per se* claim. This is consistent with Plaintiffs' contention that the *per se* rule "dispenses with the need to undertake a 'burdensome inquiry into actual market conditions. . ." ECF No. 584-1 at 3. Defendants agree that "the Court does not consider the reasonableness of the alleged conduct or whether the conduct's procompetitive benefits outweigh its anticompetitive effects." ECF No. 606 at 20. Thus, to the extent Plaintiffs believe the Court's Decision requires them to prove market power to succeed with their *per se* claim, it does not.

That Plaintiffs need not prove Defendants' market power in their *per se* claim, however, does not alleviate the Plaintiffs from having to adequately describe the relevant market they claim was allocated by Defendants. The Court is unconvinced by Plaintiffs' contention that, essentially, *Bogan* does not, or should not, mean what it says. In *Bogan*, the plaintiffs brought a claim under Section 1 of the Sherman Act seeking to recover for damages allegedly caused by the defendants' agreement to restrain the ability of certain insurance employees to transition from one employer to another. *Bogan*, 166 F.3d at 511–12. While the plaintiffs in *Bogan* attempted to characterize the claim as a group boycott, the Second Circuit referred to the alleged agreement as a "no-switching agreement." *Id.* at 515. This terminology is essentially a precursor to today's "no-poach agreement" nomenclature. Setting aside its intrafirm nature, the purpose of the agreement in *Bogan*—to restrict employees' ability to move between employers—bears similarities to the purpose of the alleged agreement in this case. Thus, in a case with similar facts, the Second Circuit made clear that "it is an element of a *per se* case to describe the relevant market in which we may presume the anticompetitive effect would occur." *Id.* Nothing in *Bogan* suggests that this holding is limited to the group boycott context. This Court is bound by the clear language of the Second

Circuit, and is not free to ignore it—particularly in light of Plaintiffs' failure to point the court to any specific binding precedent from either the Second Circuit or the Supreme Court that directly contradicts this holding.

At bottom, under the familiar pleading standard applied by the federal courts, Plaintiffs' complaint must plausibly allege that Defendants have violated the antitrust laws. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Here, Plaintiffs seek to advance a market allocation claim, alleging that Defendants have allocated the labor market of aerospace employees, and thus have committed a *per se* violation of the antitrust laws. To hold that Plaintiffs could allege a scheme of market allocation without plausibly alleging the market they claim to have been allocated simply defies logic. As discussed in the Decision, Plaintiffs have plausibly alleged only that Defendants' scheme allocated the market for the labor of aerospace employees in the state of Connecticut.[3]

## IV. CONCLUSION

For the reasons discussed herein, Plaintiffs' motion for reconsideration, and Defendants' motion to strike, are DENIED.

**SO ORDERED** at Hartford, Connecticut, this 30th day of May, 2023.

        */s/ Sarala V. Nagala*
        SARALA V. NAGALA
        UNITED STATES DISTRICT JUDGE

---

[3] In denying Plaintiffs' motion for reconsideration, the Court expresses no opinion as to the scope of discovery or class certification issues Plaintiffs preview in their briefing. The Court will consider any such issues at the appropriate time if they arise in this litigation.