UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARA KYE BOROZNY, *et al.*, on behalf of themselves and all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:21-cv-01657 (SVN) (RMS) |
| v. | ) ) | |
| PRATT & WHITNEY, A DIVISION OF RAYTHEON TECHNOLOGIES CORP., et al., | ) ) ) | |
| Defendants. | ) ) | December 4, 2023 |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL

Pursuant to the Court's November 27, 2023 Order [ECF no. 835] and in accordance with the Court's procedure for sealing documents in this action, *see* August 14, 2023 Order [no. 714], Defendants RTX Corporation, Pratt & Whitney Division, Belcan Engineering Group, LLC, QuEST Global Services-NA, Inc. and Cyient, Inc. (unless otherwise noted, collectively, "Defendants"), hereby respond to Plaintiffs' November 13, 2023 Motion to Seal Documents [no. 754] (the "Sealing Motion") as follows:

1.      By their Sealing Motion, Plaintiffs moved to seal their November 13, 2023 Motion for Class Certification and Appointment of Class Counsel (the "Class Certification Motion") and the following items filed in support: the Expert Report of Hal Singer, attached as Exhibit 1, and seventy-eight exhibits. *See generally*, Sealing Motion at 2-3; *see also*, November 13, 2023 Declaration of Daniel F. Loud at 2-7 [no. 757] (the "Loud Dec.") and referenced Exhibits [nos. 758-762]; Exhibits filed Under Seal [nos. 763-819]. Among the supporting Exhibits are transcripts of the October 26, 2023 deposition of William Gardner and the October 31, 2023 deposition of Mahesh Patel. *See* Loud Dec., at 2 (Exhibits 11 and 2, respectively); *see*

-1-

*also* Sealing Motion at 2, n.1.  Pursuant to the January 6, 2023 Amended Protective Order [no. 576], the parties have thirty (30) days from receipt of the deponent's errata, if any, to mark portions of deposition testimony as confidential or otherwise.  Accordingly, Defendants will supplement this Response as to Exhibits 2 and 11.

   2.  Attached hereto as Exhibit A is a chart corresponding to the list of Plaintiffs' sealed exhibits, with a brief notation of the grounds for the confidentiality marking: either compensation information; pay or billing rates; other commercially sensitive, proprietary business information; or personally identifiable information ("PII").  Filed contemporaneously herewith is Defendants' proposed public redacted version of Plaintiffs' Motion for Class Certification and Appointment of Class Counsel and the Expert Report of Hal J. Singer, Ph.D., attached as Exhibit 1 thereto.  A Chambers' copy of the same, with color coded markings, will be delivered shortly.

   3.  In marking these under seal redactions and designations, Defendants acknowledge that the Court's August 14 Order encourages the parties to "narrowly tailor[]" such markings, which are supported by "clear and compelling" justification.  While a right of public access presumptively attaches to judicial documents, the presumption is afforded greater or lesser weight, "somewhere on a continuum," depending on the documents' purpose. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir.1995)).

   Thus, "[t]he public's right of access is not absolute." *CSL Silicones, Inc. v. Midsun Group Inc.*, No. 3:14-CV-1897 (CSH), 2017 WL 4750701, at *1 (D. Conn. July 12, 2017).  For example, the presumption of public access for items submitted in connection with dispositive motions, such as summary judgment, or at trial, is higher along the continuum than other

materials filed with the Court.  *See*, *e.g.*, *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019).

Even then, depending on the posture of the action, the public's interest in access may still be "modest."  *See Alexander v. Azar*, 396 F.Supp.3d 242, 252 (D. Conn. 2019) (documents remained sealed where, *inter alia*, 1) although they "informed" the Court's decision denying summary judgment, they were not relied on, and 2) since the action was set for trial, if "these documents are relevant to any determination of the Plaintiff's substantive legal rights, they will be presented at trial ...").  Moreover, in this District, "confidential commercial information of a business – including trade secrets, confidential research, internal business documents and information about a business's operations – has been recognized repeatedly as a proper subject for sealing."  *Id.*, 396 F.Supp.3d at 253 (quoting *CSL Silicones*, 2017 WL 4750701, at *3); *see*, *e.g.*, *Conservation Law Foundation, Inc. v. Shell Oil Co.*, No. 3:21-CV-00933 (JAM), 2023 WL 5567614, at *6 (D. Conn. May 16, 2023) (same).

4. Based on the foregoing, Defendants contend that their proposed designations and redactions are "narrowly tailored," and the supporting rationale are "clear and compelling." An order sealing select descriptions of Defendants' confidential documents and/or data is necessary to protect Defendants' confidential business information, namely, documents and data concerning employees' non-public compensation information, pay or billing rates, and PII.  This is especially appropriate where, as here, Plaintiffs attach the Expert Report of Hal J. Singer, Ph.D. as an exhibit to be filed with their Class Certification Motion, which both references the content contained within the exhibits and also expounds upon them with other Defendant documents and information regarding Defendants' confidential business information.  Disclosure of the redacted portions of the Class Certification Motion and exhibits would result in significant competitive and commercial disadvantage for Defendants in their business operations and/or violate Defendants'

employees' significant privacy interests, and therefore outweighs the public's interest in disclosure. Defendants thus respectfully request that the Court seal Defendants' confidential business information referenced in Plaintiffs' Class Certification Motion, the Exhibit 1 Expert Report of Hal J. Singer, Ph.D., and the exhibits referenced in the Exhibit A chart attached hereto.

Dated: December 4, 2023

Respectfully submitted,

By: */s/ Sima Namiri-Kalantari*
Sima Namiri-Kalantari (phv206721)
CROWELL & MORING LLP
515 South Flower St., 40th Floor
Los Angeles, CA 90071
Telephone: (213) 622-4750
Facsimile: (213) 622-2690
Email: SNamiri@crowell.com

Chahira Solh (phv20470)
CROWELL & MORING LLP
3 Park Plaza, 20th Floor
Irvine, CA 92614
Telephone: (949) 263-8400
Facsimile: (949) 263-8414
Email: CSolh@crowell.com

Kent Gardiner (phv ct15260)
Ashley L. McMahon (phv 207517)
CROWELL & MORING LLP
1001 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 624-2500
Facsimile: (202) 628-5116
Email: KGardiner@crowell.com
          amcmahon@crowell.com

John W Cerreta (ct28919)
DAY PITNEY LLP
242 Trumbull Street
Hartford, CT 06103
Telephone: (860) 275-0665
Facsimile: (860) 881-2517
Email: jcerreta@daypitney.com

*Counsel for RTX Corporation, Pratt & Whitney Division*

By: */s/ Niall Lynch*
Niall E. Lynch (phv206783)
LATHAM & WATKINS LLP
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile: (415) 395-8095
Email: niall.lynch@lw.com

Elizabeth Prewitt (phv206784)
Anna M. Rathbun (phv10682)
Daniel J. Blackman (phv206785)
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004
Telephone: (202) 637-2200
Facsimile: (202) 637-2201
Email: elizabeth.prewitt@lw.com
          anna.rathbun@lw.com
          daniel.blackman@lw.com

Thomas V. Daily (ct03467)
REID AND RIEGE, P.C.
One Financial Plaza
755 Main Street, 21st floor
Hartford, CT 06103-3185
Telephone: (860) 240-1067
Facsimile: (860) 240-1002
Email: tdaily@reidandriege.com

*Counsel for QuEST Global Services-NA, Inc.*

| | |
|---|---|
| By: */s/ Taylor Rothman*<br>Taylor Rothman (phv207161)<br>James H. Mutchnik (phv20423)<br>KIRKLAND & ELLIS LLP<br>300 N LaSalle<br>Chicago, IL 60654<br>Telephone: (312) 862-2000<br>Email: trothman@kirkland.com<br>         jmutchnik@kirkland.com<br><br>Catie Ventura (phv20424)<br>KIRKLAND & ELLIS LLP<br>1301 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>Telephone: (202) 389-5907<br>Email: catie.ventura@kirkland.com<br><br>Patrick A. Klingman (ct17813)<br>KLINGMAN LAW, LLC<br>280 Trumbull Street, Floor 21<br>Hartford, CT 06103-3514<br>Telephone: (860) 256-6120<br>Email: pak@klingmanlaw.com<br><br>*Counsel for Belcan Engineering Group, LLC* | By: */s/ Leo Caseria*<br>Leo Caseria (phv20459)<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>2099 Pennsylvania Avenue, NW, Suite 100<br>Washington, DC 20006<br>Telephone: (202) 747-1900<br>Facsimile: (202) 747-1901<br>Email: lcaseria@sheppardmullin.com<br><br>James M. Moriarty (ct21876)<br>ZEISLER & ZEISLER, P.C.<br>10 Middle Street, 15th Floor<br>Bridgeport, CT 06604<br>Telephone: (203) 368-4234<br>Facsimile: (203) 549-0907<br>Email: jmoriarty@zeislaw.com<br><br>Robert S. Friedman (ct31256)<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Telephone: (212) 653-8700<br>Facsimile: (212) 652-8701<br>Email: rfriedman@sheppardmullin.com<br><br>Sascha Henry (phv207155)<br>SHEPPARD MULLIN RICHTER & HAMPTON LLP<br>333 South Hope Street<br>Forty-Third Floor<br>Los Angeles, CA 90071<br>Telephone: (213) 617-5562<br>Facsimile: (213) 620-1398<br>Email: shenry@sheppardmullin.com<br><br>*Counsel for Cyient, Inc.* |