**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TARAH KYE BOROZNY, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>RTX CORPORATION, PRATT & WHITNEY DIVISION, et al.,<br><br>        Defendants. | Case No. 3:21-cv-1657-SVN<br><br>Date: _____ |

**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR**
**PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENTS**

Upon review and consideration of Plaintiffs' Motion for Preliminary Approval of Class Action Settlements, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that said motion is GRANTED as follows:

**<u>Jurisdiction</u>**

1. This Order hereby incorporates by reference the definitions in the Settlement Agreements between Plaintiffs and Cyient, Inc. ("Cyient"), Agilis Engineering, Inc. ("Agilis"), Parametric Solutions, Inc. ("PSI"), QuEST Global Services N.A., Inc. (QuEST), and Belcan Engineering Group LLC ("Belcan") (collectively, the "Settling Defendants"). All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

2.     This Court has jurisdiction over each of the Named Plaintiffs and each of the Settling Defendants for the purposes herein, and jurisdiction over the litigation to which Plaintiffs and the Settling Defendants are parties.

## Certification of the Proposed Class

The Court makes the following determinations as required by Federal Rule of Civil Procedure 23 solely in connection with the proposed settlement:

3.     Pursuant to Rule 23(c)(1)(B), the Class, which shall hereinafter be denominated "the Class," is defined as follows:

> All persons employed by Pratt & Whitney, Agilis, Belcan, Cyient, PSI, QuEST, or their wholly-owned subsidiaries as Aerospace Workers at any time from January 1, 2011 through the date the Court grants Preliminary Approval of the Settlement. "Aerospace Workers" are defined as aerospace engineers and other skilled workers in the jet propulsion systems industry.[1] Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, and co-conspirators, whether or not named in the Complaint, senior officers and directors, and human resources personnel of Defendants, and the United States government.

4.     Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has (at least) 50 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

---

[1] The definition of the Settlement Class in the QuEST Settlement Agreement includes the following addition to the definition of "Aerospace Worker": "Aerospace Workers" are defined as aerospace engineers and other skilled workers in the jet propulsion systems industry, *including but not limited to employees of the Defendants who engaged in any work for the following aerospace companies, and their related subsidiaries or affiliates: Aerojet Rocketdyne, Airbus Americas Inc., BE Aerospace, Bombardier Aerospace, General Electric, GE Aerospace, Hamilton Sundstrand, Honeywell, Lockheed Martin, Northrup Grumman, Parker Hannifin, Raytheon, Rolls Royce Corporation, Rockwell Collins, Sikorsky Aircraft, and UTAS.*

2

5. Pursuant to Rule 23(c)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

(a) Whether Defendants entered into a no-poach agreement to restrict competition in the labor market in which Plaintiffs and the other Class members sold their services;

(b) the identity of the participants in the alleged conspiracy;

(c) the duration of the alleged conspiracy;

(d) the nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the alleged conspiracy;

(e) whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business and property of Plaintiffs and other members of the Class;

(f) whether Defendants and their co-conspirators fraudulently concealed the alleged conspiracy's existence from Plaintiffs and the members of the Class;

(g) whether Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole; and

(h) the appropriate injunctive and equitable relief for the Class.

6. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the

Class as a whole, predominate over those issues that are subject only to individualized proof. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015).

7.  Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action.

8.  Pursuant to Fed. R. Civ. P. 23(c)(l)(B) and 23(g), the Court having considered the factors provided in Rule 23(g)(1)(A), the Court appoints DiCello Levitt LLC and Quinn Emanuel Urquhart & Sullivan LLP as co-lead counsel, having previously appointed that firm as interim lead counsel on March 11, 2022. ECF No. 333.

## Preliminary Approval of the Proposed Settlement

9.  Pursuant to Rule 23(e)(1)(B)(i), the Court finds that it will likely be able to approve the Settlement under Rule 23(e)(2), and therefore preliminarily approves the Settlements as set forth in the Settlement Agreements, including the releases contained therein, as being fair, reasonable and adequate to the Class based on the relevant factors under Rule 23(e)(2) and *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), subject to the right of any class member to challenge the fairness, reasonableness, or adequacy of the Settlement Agreements and to show cause, if any exists, why a final judgment dismissing the claims against the Settling Defendants and ordering the release of the Released Claims against Releasees, should not be entered after due and adequate notice to the Class as set forth in the Settlement Agreements and after a hearing on final approval.

10. The Court finds that the proposed Settlement Agreements, which include the cash payments listed below, along with guarantees of cooperation, in exchange for dismissal and

release of claims against the Settling Defendants, as set forth in the Settlement Agreements, and were reached by arm's-length negotiations between highly experienced counsel after years of litigation and extensive discovery, fall within the range of approval, and are hereby preliminarily approved, subject to further consideration at the Fairness Hearing provided for below.

### **Approval of the Plan of Notice to the Class and Plan of Allocation**

11. The proposed form of Notice to Class Members of the pendency of this Class Action and the proposed Settlements satisfies the requirements of Rule 23(e) and due process, is otherwise fair and reasonable, and therefore is approved.

12. No later than 60 days of the date of this Order, the class administrator shall begin the process of providing notice to the Class in accordance with the Plan of Notice.

13. Members of the Class may request exclusion from the Class or object to the Settlements no later than 60 days from the date that Notice is mailed. Class Counsel or their designee shall monitor and record any and all opt-out requests that are received.

14. The Court appoints A.B. Data to serve as claims administrator and to assist Class Counsel in disseminating the Notice. All expenses incurred by the claims administrator must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund.

15. The proposed Plan of Allocation satisfies the requirements of Rule 23(e), is otherwise fair and reasonable, and is, therefore, preliminarily approved, subject to further consideration at the Final Fairness Hearing.

16. The Court appoints Huntington Bank to serve as Escrow Agent for the purpose of administering the escrow account holding the Settlement Fund. All expenses incurred by the Escrow Agent must be reasonable, are subject to Court approval, and shall be payable solely from the Settlement Fund. The Court approves the establishment of the Settlement Fund under

the Settlement Agreements as a qualified settlement fund ("QSF") pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder, and retains continuing jurisdiction as to any issue that may arise in connection with the formation and/or administration of the QSF. Class Counsel are, in accordance with the Settlement Agreements, authorized to expend funds from the QSF for the payment of the costs of notice, payment of taxes, and settlement administration costs.

**Final Fairness Hearing**

17.     A hearing on final approval (the "Fairness Hearing") shall be held before this Court at _____on _____, 2024, at the United States District Court for the District of Connecticut, North Courtroom, 450 Main St., Hartford, CT.

18.     At the Fairness Hearing, the Court will consider, inter alia: (a) the fairness, reasonableness and adequacy of the Settlements and whether the Settlements should be finally approved; (b) whether the Court should approve the proposed plan of distribution of the Settlement Fund among Class members; (c) whether the Court should approve awards of attorneys' fees and reimbursement of expenses to Class Counsel; (d) whether service awards should be awarded to the Plaintiffs; and (e) whether entry of a Final Judgment and Order terminating the litigation between Plaintiffs and the Settling Defendants should be entered. The Fairness Hearing may be rescheduled or continued; in this event, the Court will furnish all counsel with appropriate notice. Class Counsel shall be responsible for communicating any such notice promptly to the Class by posting a conspicuous notice on The Settlement website.

19.     Class members who wish to: (a) object with respect to the proposed Settlements; and/or (b) wish to appear in person at the Fairness Hearing, must first send an Objection and, if intending to appear, a Notice of Intention to Appear, along with a Summary Statement outlining

the position(s) to be asserted and the grounds therefore together with copies of any supporting papers or briefs, via first class mail, postage prepaid, to the Clerk of the United States District Court for the Southern District of Connecticut, 450 Main St., Hartford, CT, with copies to the following counsel:

| Class Counsel | Counsel for Defendants |
|---|---|
| Gregory S. Asciolla<br>**DiCello Levitt LLP**<br>485 Lexington Avenue, Suite 1001<br>New York, New York 10017<br>Tel: (646) 933-1000<br>gasciolla@dicellolevitt.com<br><br>Daniel L. Brockett<br>**Quinn Emanuel Urquhart & Sullivan LLP**<br>51 Madison Avenue, 22nd Floor<br>New York, New York 10010<br>Tel: (212) 849-7000<br>dbrockett@quinnemanuel.com | Counsel for Belcan:<br>**Kirkland & Ellis, LLP**<br>1301 Pennsylvania Ave., N.W.<br>Washington, D.C. 20004<br>(202) 389-5000<br>catie.ventura@kirkland.com<br>Catie Ventura<br><br>Counsel for Cyient:<br>**Sheppard Mullin Richter & Hampton LLP**<br>2099 Pennsylvania Avenue, NW, Suite 100<br>Washington, DC 20006<br>Tel: (202) 747-1900<br>aobrien@sheppardmullin.com,<br>lcaseria@sheppardmullin.com,<br>rfriedman@sheppardmullin.com; and<br>shenry@sheppardmullin.com<br>Attn: Ann O'Brien, Esq., Leo Caseria, Esq., Robert Friedman, Esq., and Sascha Henry, Esq.<br><br>Counsel for QuEST:<br>**Latham & Watkins, LLP**<br>505 Montgomery St., Suite 2000<br>San Francisco, CA 94111<br>Tel: (415) 395-8162<br>niall.lynch@lw.com<br>Attn: Niall E. Lynch, Esq.<br><br><br>Counsel for Agilis:<br>**Maynard Nexsen PC**<br>1230 Main St., Suite 700<br>Columbia, SC  29201<br>Tel: (803) 771-8900 |

| Class Counsel | Counsel for Defendants |
|---|---|
|  | mwillis@maynardnexsen.com; twheeler@maynardnexsen.com Attn: Marguerite S. Willis, Esq.; Travis C. Wheeler, Esq., Mark C. Moore, Esq, and Michael A. Parente, Esq. <br><br> Counsel for PSI: **Gordon Rees Scully Mansukhani, LLP** 95 Glastonbury Boulevard, Suite 206 Glastonbury, CT 06033 Tel: (860) 494-7505 jjrobinson@grsm.com kreid@grsm.com Attn: John J. Robinson, Esq. and Kelcie B. Reid, Esq. |

20.     To be valid, any such Objection and/or Notice of Intention to Appear and Summary Statement must be postmarked no later than 60 days from the date that the Notice is mailed. Except as herein provided, no person or entity shall be entitled to contest the terms of the proposed Settlements. All persons and entities who fail to file an Objection and/or Notice of Intention to Appear as well as a Summary Statement as provided above shall be deemed to have waived any such objections by appeal, collateral attack, or otherwise and will not be heard at the Fairness Hearing.

21.     All briefs and materials in support of the final approval of the settlement and the entry of Final Judgment proposed by the parties to the Settlement Agreements shall be filed no later than 30 days before the date of the Fairness Hearing.

22.     All briefs and materials in support of the application for an award of attorneys' fees and reimbursement of expenses, and service awards for the Plaintiffs, shall be filed with the Court no later than 21 days prior to the expiration of the deadline for Class members to request exclusion from the Class or object to the Settlements and/or attorney's fees, expenses, and service awards.

23.    All proceedings in the Action between the Plaintiffs and the Settling Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlements and, if the Court approves the Settlements, enters Final Judgment and dismisses Plaintiffs' claims against the Settlting Defendants with prejudice.

24.    Neither this Order, nor the Settlement Agreements, nor any other Settlement-related document, nor anything contained herein or therein or contemplated hereby or thereby, nor any proceedings undertaken in accordance with the terms set forth in the Settlement Agreements or herein or in any other Settlement-related document, shall constitute, be construed as or be deemed to be evidence of or an admission or concession by the Settling Defendants as to the validity of any claim that has been or could have been asserted by Plaintiffs against the Settling Defendants or as to any liability by the Settling Defendants as to any matter set forth in this Order, or as to whether any class, in this case or others, may be certified for purposes of litigation and trial.

SO ORDERED this ___ day of _____, 2024

_____
The Honorable Sarala V. Nagala
United States District Judge