# EXHIBIT 1

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement") is made and entered into on January 19, 2024, by and between Tarah Kye Borozny, Anthony DeGennaro, Ryan Glogowski, Ellen McIsaac, Scott Prentiss, Alex Scales, Austin Waid-Jones, Nicholas Wilson, and Steven Zappulla (collectively, the "Named Plaintiffs") on behalf of themselves and the class of individuals they represent for purposes of this Settlement, and Cyient, Inc. (collectively "Cyient" and together with Named Plaintiffs, the "Parties").

## I. <u>RECITALS</u>

A.      Named Plaintiffs are nine plaintiffs in a proposed class action of certain present and former aerospace workers in the action titled *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al.*, No. 3:21-cv-01654-SVN (the "Action") pending against RTX Corporation, Pratt & Whitney Division ("P&W"), Agilis Engineering, Inc. ("Agilis"), Belcan Engineering Group, LLC ("Belcan"), Cyient, Parametric Solutions, Inc. ("PSI"), and QuEST Global Services-NA, Inc. ("QuEST") (collectively, P&W, Agilis, Belcan, Cyient, PSI, and QuEST are the "Defendants") in the United States District Court for the District of Connecticut before the Honorable Sarala V. Nagala.

B.      On May 9, 2022, Plaintiffs filed a Consolidated Class Action Complaint against Defendants on behalf of persons employed by Defendants as Aerospace Workers at any time from January 1, 2011 through the present.  On November 2, 2023, Plaintiffs filed an Amended Consolidated Class Action Complaint against Defendants. In both complaints, Plaintiffs alleged, among other things, that Defendants agreed not to recruit or hire each other's employees in violation of federal antitrust laws.

C. The complaints further allege, among other things, that, as a result of the agreement, Cyient undercompensated Plaintiffs and deprived them of free and fair competition in the market for their services.

D. The complaints assert claims under federal antitrust laws and seek recovery of, among other things, treble damages, costs and attorneys' fees.

E. Cyient disputed, and continues to dispute, the allegations made by Plaintiffs in the complaints and during the Action, that it engaged in wrongdoing of any kind, or that it violated or breached any law, regulation or duty owed to Plaintiffs, and further denies that it is liable or owes any form of compensation or damages to anyone with respect to the alleged facts or causes of action asserted in this Action.

F. Cyient produced to Plaintiffs approximately 126,574 pages of documents along with data that was responsive to Plaintiffs' Requests for Production, including all documents Cyient produced to the Department of Justice in the criminal matter *U.S. v. Patel, et al.*, 3:21-cr-220 (D. Conn.). Cyient also provided written responses to Plaintiffs' Interrogatories.

G. Between August 4, 2023 and November 16, 2023, Plaintiffs and Defendants collectively took 25 depositions, which included the depositions of all Named Plaintiffs and certain Cyient employees, including Cyient's former President, North America.

H. On November 13, 2023, the Plaintiffs moved to certify the Class. As part of their motion to certify the Class, the Plaintiffs submitted an Expert Report written by Hal J. Singer, Ph.D., which estimates Defendants' potential exposure, including Cyient's.

I. Cyient is entering the settlement on the terms set forth in this Settlement Agreement solely to avoid the risks, burdens, distractions, expense, uncertainties, and diversion of resources from continued litigation.

J.    The Parties have engaged in two years of costly and hard-fought litigation, conducted extensive discovery and disputed and contested the major factual and legal contentions of the instant action including through extensive motion practice.

K.    Based on its analysis of the merits of the claims and the impact of the Settlement on the Plaintiffs and an evaluation of a number of factors including the substantial risks of continued litigation and the possibility that the Action, if not settled now, might not result in any recovery whatsoever for the Class or might result in a recovery that is less favorable to the Class, Class Counsel believe that it is in the interest of all members of the Settlement Class to resolve finally and completely the potential claims of the Class against Cyient and that the terms of the Settlement Agreement are in the best interests of the Class and are fair, reasonable, and adequate.

L.    In consideration of the promises, agreements, covenants, representations, and warranties set forth herein, and other good and valuable consideration provided for herein, the Parties agree to a full, final, and complete settlement of the Action on the following terms and conditions:

## II.    **DEFINITIONS**

A.    "Action" means the lawsuit captioned *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al.*, No. 3:21-cv-01654-SVN, pending in the United States District Court for the District of Connecticut.

B.    "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VIII herein, which amounts are to be paid solely from the Settlement Fund.

C.    "Class Counsel" means the law firms of Quinn Emanuel Urquhart & Sullivan LLP and DiCello Levitt LLP.

D.      "Class Period" means January 1, 2011 through the date the Court grants Preliminary Approval of the Settlement.

E.      "Class Member" means a member of the Settlement Class.

F.      "Complaint" means the Amended Consolidated Class Action Complaint filed this Action on November 2, 2023.

G.      "Court" means the United States District Court for the District of Connecticut.

H.      "Cyient" means Cyient, Inc.

I.      "Cyient's Counsel" means the law firm of Sheppard, Mullin, Richter and Hampton LLP, to the attention of Ann O'Brien, Leo Caseria, Robert Friedman and Sascha Henry.

J.      "Cyient Releasees" shall mean Cyient, Inc. and each of its current and former parents, subsidiaries, divisions, departments, affiliates and controlled companies both inside and outside the United States, predecessors, and successors, suppliers, including the present and former directors, officers, non-Class Member employees, shareholders, agents, insurers who have provided coverage under applicable policies, partners, privies, representatives, attorneys, accountants, and all persons acting by, through, or under the direction of them.

K.      "Defendants" means RTX Corporation, Pratt & Whitney Division, Agilis Engineering, Inc., Belcan Engineering Group, LLC, Cyient, Inc., Parametric Solutions, Inc., and QuEST Global Services-NA, Inc.

L.      "Effective Date" has the meaning specified in Section III(G).

M.      "Escrow Agent" means Huntington Bank, which, assuming it agrees to do so, shall enter into an Escrow Agreement to carry out the tasks more fully detailed in that agreement, including to receive, hold, invest, and disburse the Settlement Fund, subject to the direction of

the Notice Administrator. The Parties may replace Huntington Bank with another mutually agreeable financial institution.

N.     "Final Approval" means the order of the Court granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

O.     "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Plaintiffs' motion for judgment and final approval of the Settlement.

P.     "Named Plaintiffs" mean Tarah Kye Borozny, Anthony DeGennaro, Ryan Glogowski, Ellen McIsaac, Scott Prentiss, Alex Scales, Austin Waid-Jones, Nicholas Wilson, and Steven Zappulla.

Q.     "Notice" means the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which is to be mailed and/or emailed directly to Class Members.

R.     "Notice Administrator" means the entity which has been designated to provide notice to the Class and administer the Settlement Fund pursuant to Section III(A) below and by order of the Court.

S.     "Order and Final Judgment of Dismissal" means the Order which shall be submitted to the Court as described in Section III(F), ¶ 22, herein and entered by the Court as described in Section III(F) herein.

T.     "Parties" means Cyient and the Plaintiffs, collectively.

U.     "Plaintiffs" means the Named Plaintiffs and the Settlement Class, collectively.

V.     "Plan of Allocation" means the formula by which the Settlement Fund shall be distributed to Class Members as well as the timing and other aspects of the distribution, which shall be proposed by Class Counsel in the motion for preliminary approval and approved by the Court.

W.     "Plan of Notice" means the plan for distributing the Notice to Class Members.

X.     "Preliminary Approval Order" means the order in which the Court (a) preliminarily certifies the Settlement Class; (b) preliminarily approves this Agreement for purposes of issuing Class Notice; (c) approves the Class Notice and Notice Plan, including approving Cyient providing to the Notice Administrator the list most-recently known names, addresses, and e-mail address information for all Class Members who are or were employed by Cyient; (d) preliminarily approves the Plan of Allocation; (e) appoints the Notice Administrator and Escrow Agent; (f) appoints Class Counsel as counsel to the Settlement Class; (g) appoints the Named Plaintiffs as Class Representatives to the Settlement Class; and (h) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

Y.     "Protective Order" means the Standing Protective Order and Amended Protective Order entered in the Action (ECF Nos. 4 & 576).

Z.     "Released Claims" has the meaning specified in Section VI, ¶ 53.

AA.     "Releasors" shall mean Plaintiffs and each Class Member; each of their respective current and former heirs, executors, administrators, personal representatives, successors, trustees and assigns; and anyone claiming by or through any of the foregoing.

BB.     "Settlement," "Agreement," and "Settlement Agreement" each mean the settlement terms agreed to by the Parties as reflected in this Settlement Agreement and attachments hereto.

CC.     "Settlement Class" means all persons employed by Pratt & Whitney, Agilis, Belcan, Cyient, Parametric Solutions, QuEST, or their wholly-owned subsidiaries as Aerospace Workers at any time from January 1, 2011 through the date the Court grants Preliminary Approval of the Settlement. "Aerospace Workers" are defined as aerospace engineers and other

skilled workers in the jet propulsion systems industry. Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, and co-conspirators, whether or not named in this Complaint, senior officers and directors, and human resources personnel of Defendants, and the United States government.

DD.    "Settlement Fund" is the escrow account set up by the Escrow Agent into which the Settlement Payment is paid.

EE.    "Settlement Payment" mean the sum of seven million, four hundred thousand dollars ($7,400,000.00) that Cyient shall pay or cause to be paid as described in Section IV to be held, invested, administered, and/or disbursed pursuant to this Settlement Agreement and by order of the Court.

FF.    "Settlement Website" means the website to be created pursuant to Section III(B), ¶ 6.

## III.    COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE

### A.    Retention of Notice Administrator

1.    Class Counsel shall retain a reputable and experienced Notice Administrator, which shall be responsible for the notice administration process, calculation of payments to Class Members based on the Plan of Allocation approved by the Court, distributions to Class Members, withholding and paying applicable taxes, and other duties as provided herein. Class Counsel shall obtain approval by the Court of the choice of Notice Administrator. The Notice Administrator shall sign and be bound by the Protective Order entered in the Action. The fees and expenses of the Notice Administrator shall be paid exclusively out of the Settlement Fund. Prior to the Effective Date, expenses incurred by the Notice Administrator relating to this Settlement and approved by the Court shall be paid solely from the Settlement Fund, as set forth

Type text here

in Section IV, ¶ 26(a), upon invoice to Class Counsel. In no event shall Cyient be separately responsible for fees or expenses of the Notice Administrator.

### B. Preliminary Approval and Notice of Settlement

2.     Plaintiffs and Cyient, by and through Cyient's Counsel, shall file with the Court, immediately after execution of the Settlement Agreement, a Notice of Settlement which informs the Court that Cyient and Plaintiffs have reach a classwide settlement in the amount of $7.4 million; that, provided the Court enters an order finally approving the settlement, Cyient does not intend to file an opposition to the Plaintiffs' motion for class certification (ECF Nos. 755-819); and Plaintiffs will be filing a motion for preliminary approval.

3.     Plaintiffs and the Settlement Class, by and through Class Counsel, shall file with the Court, after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement, which shall include a motion for certification of the Settlement Class, a Proposed Preliminary Approval Order, a proposed Notice, Plan of Notice, and a Plan of Allocation.

4.     Cyient shall have the right to review and comment on the proposed Notice, motion for Preliminary Approval and proposed form of Preliminary Approval Order, and Class Counsel shall provide Cyient five business days to conduct such review. Class Counsel shall consider any such comments in good faith and shall not unreasonably reject such comments.

5.     Cyient shall provide timely notice of the motion for preliminary approval pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

6.     Class Counsel shall propose, and Cyient shall not oppose, that the Notice be disseminated by publication (through print, email, and/or online notices) or such other method using a methodology developed by the Notice Administrator and approved by the Court. The

Notice shall direct Class Members to the Settlement Website to be administered by the Notice Administrator, which shall provide additional information. Class Counsel shall be responsible for obtaining and submitting to the Court evidence sufficient to demonstrate the adequacy of the Plan of Notice.

7. In the event that the Court preliminarily approves the Settlement, within 28 days of entry of the Preliminary Approval Order, Cyient will provide the Notice Administrator  (1) a list of most-recently known names, addresses, and e-mail address information for all Class Members who are or were employed by Cyient  to the extent such information is currently in Cyient's possession, and (2) supplemental compensation data for each Class Member sufficient to effectuate the Plan of Allocation. Class Counsel shall be responsible for seeking other Defendants' agreement to do the same. Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Notice Administrator approved by the Court to provide the Class with Notice as ordered by the Court.

### C. Certification of the Settlement Class

8. Plaintiffs, by and through Class Counsel, shall, as part of their motion for preliminary approval and motion for final approval, move for certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3). Solely for purposes of the Settlement, the Parties stipulate and agree to (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of the Named Plaintiffs as Class Representative; and (c) appointment of Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Such stipulation and agreement shall not constitute any admission or acknowledgement by Cyient that certification of a class for trial or for any other purpose is appropriate.

### D.     Objections

9.     A member of the Settlement Class may object to this Agreement either on his or her own without an attorney or through an attorney hired at his or her own expense.

10.     Unless the Court provides otherwise, objections to the Settlement, if any, must be submitted in writing, and must include a detailed description of the basis of the objection. In addition, objections must be signed by the objecting member of the Settlement Class (and his or her attorney, if individually represented, including any former or current counsel who may be entitled to compensation for any reason related to the objection), and submitted to the Court by filing the objection electronically or in person at any location of the U.S. District Court for the District of Connecticut or mailing to the "Class Action Clerk" at the Court's address, with copies served on Class Counsel and Cyient's Counsel at the addresses provided in Section IX (M).

11.     Any objection regarding or related to this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al.*, No. 3:21-cv-01654-SVN (D. Conn.)."

12.     All objections must be postmarked on or before a date certain to be specified on the Notice, which shall be 60 days after the Notice was initially sent to Class Members.

13.     Any Settlement Class member who fails to file and serve timely a written objection pursuant to this Section shall not be permitted to object to the Settlement, including appear at the Final Approval Hearing for the purpose of objecting to the Settlement, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

### E.     Requests for Exclusion and Opt-Out Period

14.     Members of the Settlement Class shall have the right to elect to exclude themselves, or "opt out," of this Agreement, relinquishing their rights to cash compensation under this Agreement and preserving their claims for damages that accrued during the Class Period.

15.     Class Members who are entitled, and wish, to opt out of the Class must complete and timely submit to the Notice Administrator a request for exclusion. To be effective, such requests for exclusion must state the Class Member's full legal name and address, the approximate dates of his or her employment with Defendants and include a statement that the Class Member wants to be excluded from the Settlement. All requests for exclusion must be signed and dated by the Class Member or his or her legal representative, and must be (1) mailed to the Notice Administrator via First Class United States Mail and postmarked by a date certain to be specified on the Notice, which shall be 60 calendar days after the Notice Administrator makes the initial mailing of the Notice ("Opt-Out Period") or (2) received by the Notice Administrator by that date, provided, however, that if a Class Member mails the Opt-Out Statement pursuant to option (1), it shall be effective only if received by the Notice Administrator on or before 10 calendar days after the end of the Opt-Out Period.

16.     Within 15 calendar days after the end of the Opt-Out Period, the Notice Administrator shall provide to all counsel for the Parties all opt-out statements that are timely received ("Report on Exclusions"). The Report on Exclusions shall include all information provided by the Class Member making the request concerning their potential claim. Individuals who opt out are not entitled to any monetary award under the Settlement and cannot object to the Settlement.

17.     Any member of the Settlement Class who does not file a timely written request for exclusion as provided in this Section shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release in this Action, even if he or she has litigation pending or subsequently initiates litigation against Cyient relating to the claims and transactions released in this Action.

18.     Not later than ten (10) calendar days before the date of the hearing on the Final Approval, the Notice Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the Notice.

19.     If, after Cyient receives the list of the Report on Exclusions and the total opt-out requests represent 10% or more of the Settlement Class, Cyient may request some relief by first meeting and conferring in good faith with Class Counsel. If the Parties are unable to reach agreement and the total opt-out requests represent 10% or more of the Settlement Class who would be eligible for compensation under the Settlement, then Cyient may present the issue of the appropriate remedy to a mediator to be selected by the Parties (the "Mediator"). The Mediator's determinations, which shall be made after a mediation involving the Parties, shall be binding on the Parties. The Mediator shall have sole discretion to determine what, if any, reduction remedy is warranted due to a material impact on the value of the Settlement to Cyient by the opt-out requests. If the Mediator in his or her sole discretion selects some reduction as the appropriate remedy, he or she may not provide for a reduction in the Settlement Payment greater than a one-to-one ratio: that is the Mediator may not reduce the Settlement Payment by more than the Class Members who submitted a timely opt-out requests that were accepted by the Court would likely have been eligible to receive collectively (but for their exclusion) from the

Settlement Fund (assuming all putative class members submitted claims). The Mediator is not required to grant any reduction or to impose a one-to-one ratio if he or she determines no such reduction is appropriate. In the event the Mediator determines some reduction is appropriate, the amount of the reduction shall be paid to Cyient from the Settlement Fund. If the total opt-out requests represent 15% or more of the Settlement Class who would be eligible for compensation under the Settlement, then Cyient shall have the right, but not the obligation, to terminate the Settlement within fourteen (14) days following the receipt of the Report on Exclusions, or within seven (7) days of a determination on the reduction remedy by the Mediator, whichever is later. Any termination shall be effected solely in accordance with the termination provisions of this Agreement. In the event of a termination of the Settlement, the parties will revert to their pre-settlement positions without prejudice to their respective rights claims, and defenses. Nothing herein shall be construed as an admission by a Party.

20. The Notice Administrator shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not use or disclose any or all such documents, communications, or other information to any person or entity, except to the Parties or as provided for in this Agreement or by Court Order. The Notice Administrator shall sign and agree to be bound by the Protective Order in this Action and shall agree that all personally identifying information shall be treated at least with Confidential-Attorneys' Eyes Only protection. The Notice Administrator shall use the list provided by Cyient of most-recently known names, addresses, and e-mail address information for Class Members who are or were employed by Cyient solely for effectuating notice of the Settlement.

**F.    Final Approval**

21.    The Final Approval Hearing shall be noticed for no earlier than 100 days from the date of Preliminary Approval and also no earlier than 70 days from the date on which the Notice Administrator sent the Notice to Class Members.

22.    Prior to the Final Approval Hearing, on the date set by the Court, Plaintiffs, through Class Counsel, shall submit a motion for final approval by the Court of the Settlement and the entry of an Order of Final Judgment and Dismissal that:

a.    finds the Settlement and its terms to be fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b.    finds that the Notice given constitutes due, adequate, and sufficient notice, and meets the requirements of due process and any applicable laws;

c.    provides for service payments from the Settlement Fund  (as described in Section VII) to Plaintiffs in addition to whatever monies they shall receive from the Settlement Fund pursuant to the Court-approved Plan of Allocation;

d.    provides for payment of Attorneys' Fees and Expenses from the Settlement Fund (as provided in Section VIII herein);

e.    sets forth the method for allocating the Settlement Fund (set forth in the Plan of Allocation);

f.    directs that the Action be dismissed with prejudice as against Cyient, without costs to the Parties;

g.    approves the release of claims specified herein as binding and effective as to all Class Members and permanently bars and enjoins all Class Members from asserting any Released Claims (as defined in Section VI herein);

    h.  reserves exclusive and continuing jurisdiction over the Settlement, including the Settlement Fund (as defined in Section II(DD) herein) and the administration, enforcement, consummation, and interpretation of this Settlement Agreement; and

    i.  directs that an Order and Final Judgment of Dismissal be entered as between the Parties in the Action.

    23.  Cyient shall have the right to review and comment on the motion for final approval and proposed form of Order and Final Judgment of Dismissal, and Class Counsel shall provide Cyient with five business days to conduct such review. Class Counsel shall consider any such comments in good faith and shall not unreasonably reject such comments.

    24.  If so required by the Court in connection with approval of the Settlement, the Parties agree to accept non-material or procedural changes to this Settlement Agreement. However, the Parties are not obligated to accept any changes in the Settlement Payment or any other substantive change to their respective obligations.

  **G.**  **Effective Date of the Settlement**

    25.  The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

    a.  The Settlement has not been terminated and receives Final Approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

    b.  As provided for in Section III(F) herein, entry is made of the Order and Final Judgment of Dismissal; and

    c.  Completion of any appeal(s) from the Court's Order and Final Judgment of Dismissal and/or Order Granting Final Approval of the Settlement (including any such order on remand from a decision of an appeals court, or at the time for any such appeals to have lapsed), provided, however, that no party shall cite any modification or reversal on appeal

of any amount of the fees and expenses awarded by the Court from the Settlement Fund, or the amount of any service award to Plaintiffs, by itself as a reason to prevent this Settlement from becoming final and effective if all other aspects of the final judgment have been affirmed. If no appeal is filed from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the Effective Date shall be the date on which the time for any such appeal has lapsed.

## IV.   <u>CONSIDERATION FOR SETTLEMENT</u>

26.     Subject to the terms and conditions of this Settlement Agreement, Cyient shall pay or cause to be paid the Settlement Payment into the Settlement Fund as follows:

a.     **Payment of $200,000**:  Within ten (10) calendar days after the Preliminary Approval Order is entered, Cyient shall transfer $200,000.00 into the Settlement Fund, which shall be used to pay costs and expenses of the Notice Administrator, including to effectuate Class Notice pursuant to the Notice Plan.  The $200,000.00 transfer is not a limit on the costs or expenses that will be paid from the Settlement Fund in connection with the Class Notice or Settlement Administration, nor is the $200,000.00 transfer a limit on the amount that the Notice Administrator will be paid from the Settlement Fund.  This deadline may be extended by mutual consent of the Parties.

b.     **Payment of Remaining $7.2 Million**:  On June 3, 2024 or within ten (10) bank days after the Preliminary Approval Order, whichever is later, Cyient shall transfer $3,700,000.00 into the Settlement Fund.  Within ten (10) bank days after the Final Approval Order is entered, Cyient shall transfer $3,500,000.00 into the Settlement Fund.  These deadlines may be extended by mutual consent of the Parties.

27.     Within two (2) calendar days of entry of the Preliminary Approval Order, Plaintiffs shall provide Cyient with wiring instructions on the Escrow Agent's letterhead that include the bank name and ABA routing number, account name, and account number, and a signed Form W-9 reflecting a valid taxpayer identification number for the "qualified settlement fund" (as defined below) in which the funds are to be deposited.

28.     The Settlement Payment reflects Cyient's total financial obligation to the Class in connection with the Action and under this Settlement Agreement. For the avoidance of doubt, the Settlement Payment covers Cyient's total obligation for (i) all claims by Class Members, (ii) all fees and costs of Class Counsel as ordered by the Court, (iii) any service payment to Plaintiffs, and (iv) all costs of the Notice Administrator, Class Notice and Claims Administration, and (v) all taxes and tax expenses. Under no circumstances shall Cyient be required to pay more than the Settlement Payment with respect to any liability arising out of the Action and/or the Settlement.

29.     The Settlement Payment is non-reversionary to Cyient except in the event that the Settlement (i) is not approved by the Court or on appeal; (ii) is terminated in Cyient's sole discretion pursuant to the provisions described in Section III(E); or (iii) fails to become effective for any reason.

30.     The Settlement Fund shall be established and administered pursuant to the Escrow Agreement (the "Escrow Agreement").  It is intended that the Settlement Fund be treated as a "qualified settlement fund" for federal income tax purposes pursuant to Section 1.468B-1 of the Treasury Regulations ("Treasury Regulations") promulgated under the U.S. Internal Revenue Code of 1986, as amended (the "Code"), and that any taxes due as a result of income earned by the Settlement Fund will be paid from the Settlement Fund.  The Escrow Agent shall disburse

funds from the Settlement Fund only pursuant to and consistent with the express terms of this Settlement Agreement, the Preliminary Approval Order, the Final Judgment and Order, the Escrow Agreement, and as expressly authorized by any other applicable order of the Court.

31.     The Settlement Fund will be invested in instruments secured by the full faith and credit of the United States or an interest bearing or non-interest-bearing deposit obligation of the Escrow Agent insured by the Federal Deposit Insurance Corporation ("FDIC") to the applicable limits and any interest earned (or negative interest) thereon shall become part of (or paid from) the Settlement Fund. Cyient shall be the "transferor" to the QSF within the meaning of Section 1.468B-1(d) (1) of the Treasury Regulations with respect to the Settlement Fund or any other amount transferred to the QSF pursuant to this Settlement Agreement. The Notice Administrator shall be the "administrator" of the QSF within the meaning of Section 1.468B-2(k)(3) of the Treasury Regulations, responsible for causing the filing of all tax returns required to be filed by or with respect to the QSF, paying from the QSF any taxes owed by or with respect to the QSF, and complying with any applicable information reporting or tax withholding requirements imposed by Section 1.468B-2(l)(2) of the Treasury Regulations or any other applicable law on or with respect to the QSF. Cyient and the Notice Administrator shall reasonably cooperate in providing any statements or making any elections or filings necessary or required by applicable law for satisfying the requirements for qualification as a QSF, including any relation-back election within the meaning of Section 1.468B-1(j) of the Treasury Regulations.

32.     Cyient and Cyient's Counsel shall have no liability, obligation or responsibility with respect to the investment, disbursement, or other administration or oversight of the Settlement Fund or QSF and shall have no liability, obligation or responsibility with

respect to any liability, obligation or responsibility of the Escrow Agent or Notice Administrator, including but not limited to, liabilities, obligations or responsibilities arising in connection with the investment, disbursement or other administration of the Settlement Fund and QSF.

33.     The Settlement Fund and any payments to Class Members shall not be considered compensation under the terms of any benefits plan or for any purpose except for tax purposes. Any taxes due as a result of income earned or payments made by the Settlement Fund shall be imposed upon and paid from the Settlement Fund provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Cyient or otherwise increase the Settlement Payment. Interest earned by the Settlement Fund (less any tax imposed upon such interest) shall be for the benefit of the Class Members, less reasonable Attorneys' Fees and Expenses approved by the Court, any Court-approved service award to the Named Plaintiffs, and payment of any and all administrative or other Court-approved expenses associated with the Action or the Settlement. Cyient and Cyient's Counsel shall have no liability, obligation or responsibility for any such taxes, Attorneys' Fees and Expenses, interest, service award or administrative or other expenses or for any reporting requirements relating thereto.

34.     Following Cyient's transfer of the Settlement Payment, Cyient and Cyient's counsel shall have no liabilities, obligations, or responsibilities with respect to the payment, disbursement, disposition, or distribution, or administration of the Settlement Fund. Cyient shall provide the Notice Administrator with the statement required by the applicable United States Treasury regulations. Class Members shall look solely to the Settlement Fund for settlement and satisfaction against Cyient and the Cyient Releasees of all claims that are released herein, all Attorneys' Fees and Expenses, the service award to the Named Plaintiffs, and all

administrative or other costs and expenses arising out of or related to the Action or the Settlement. Class Members shall not under any circumstances be entitled to any further payment from Cyient and the Cyient Releasees with respect to the Released Claims, the Action, or the Settlement. Except as provided by Order of the Court, no Class Member shall have any interest in the Settlement Fund or any portion thereof.

## V.    <u>DISTRIBUTION OF SETTLEMENT FUND</u>

### A.    **Eligibility**

35.    Any Class Member who does not opt out pursuant to Section III(E) shall be deemed eligible for a payment under the Settlement in accordance with the Plan of Allocation approved by the Court.

36.    Any Class Member who does not opt out pursuant to Section III(E) is subject to, and bound by, the releases set forth in Section VI.

37.    The receipt of settlement payments shall not affect the amount of any contribution to or level of benefits under Defendants' benefit plans.

38.    Within a reasonable time period after the Effective Date, and after all objections, collateral challenges or appeals relating to the Settlement have been fully and finally resolved, the Notice Administrator shall render a determination as to the monetary award that should be paid to each eligible Class Member from the Settlement Fund based on the methodology set forth in the Plan of Allocation as approved by the Court.

39.    The Notice Administrator's determination as to the monetary award that should be paid to each Class Member shall be final and not subject to review by, or appeal to, any court, mediator, arbitrator, or other judicial body, including without limitation the Court. As shall be reflected in the Final Approval Order, Class Counsel and Cyient shall have no responsibility, and may not be held liable, for any determination reached by the Notice

Administrator. This Notice Administrator will work with Class Counsel to ensure that Class Member questions will be addressed appropriately.

40.     The Notice Administrator shall reserve $200,000.00 from the Settlement Fund to resolve any Class Member disputes or payment issues ("Dispute Fund") that arise within 180 days of the first date on which distribution of the Settlement Fund is made to Class Members.

41.     The total amount of all monetary awards paid to Class Members, as determined by the Notice Administrator, shall not exceed the net amount of the Settlement Fund after all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes have been paid, and the Dispute Fund has been reserved or fully utilized, provided, however, that in no event shall the failure to withhold sufficient funds to pay such taxes be a basis to shift any such tax obligations to Cyient or otherwise increase the Settlement Payment.

42.     In the event monies remain as residue in the Settlement Fund following all distribution efforts approved by the Court and payment of all costs, expenses, service award, Attorneys' Fees and Expenses, and taxes (including, for example, residue resulting from Class Members' failure to negotiate checks or the Dispute Fund not having been fully utilized), the Notice Administrator will determine whether there are sufficient funds remaining to issue an additional distribution to Class Members consistent with the Plan of Allocation. This process will continue until the Notice Administrator determines that there are no longer sufficient funds remaining to issue feasibly another distribution to Class Members (in no event may the Notice Administrator so determine if there is $300,000 or more remaining in the Settlement Fund). The remainder, if any, will be distributed *cy pres* to the American Antitrust Institute and Engineers Without Borders USA (ewb-usa.org) in equal amounts.

B.  **Settlement Fund Distribution Procedures**

1.  **Allocation**

43.     The allocation of the Settlement Fund among the Settlement Class shall be subject to a Court-approved Plan of Allocation. Cyient will take no position with respect to such proposed Plan of Allocation or such plan as may be approved by the Court. Cyient also will have no involvement in the claims process. Cyient shall not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use and/or administration of the Settlement Fund, including, but not limited to, the costs and expenses of such investment, distribution, use, or administration, if any.

2.  **Payment of Federal, State, and Local Taxes**

44.     Payments to the Named Plaintiffs and other Class Members from the Account will be subject to applicable tax withholding and reporting requirements and shall be made net of all applicable employment taxes, including, without limitation, federal, state, and local income tax withholding and applicable FICA and Medicare taxes.

45.     The Notice Administrator, as administrator of the QSF, and on behalf of the QSF, is expected to and shall carry out all the duties and obligations of the QSF in accordance with the Code and Treasury Regulations and all other applicable law, including the income tax reporting obligations of the QSF and in respect of all reporting, withholding and employment taxes and all information reporting requirements with respect thereto.

46.     The Notice Administrator, as administrator of the QSF, shall report that portion of the Settlement Fund payable as wages by the QSF to each eligible Class Member and to the U.S. Internal Revenue Service ("IRS") and to other appropriate taxing authorities (each of the IRS and any such other taxing authority, a "Taxing Authority," and collectively, "Taxing Authorities") on an IRS Form W-2, or any other applicable form. Such amounts shall be subject

to applicable employment taxes and withholding taxes, including without limitation FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, as determined by the Claims Administrator as administrator of the QSF making such payments.

47. The Notice Administrator shall pay from the QSF the employee's and employer's shares of all applicable U.S. federal, state, and local taxes, including without limitation the employer's share of FICA, FUTA, Medicare and any state and local taxes, including without limitation SUTA, required to be paid by an employee or employer on amounts treated as wages (all such U.S. federal, state and local taxes, collectively the "Payroll Taxes"). Named Plaintiffs, Class Counsel, Class Members, and the Notice Administrator shall not seek payment for Payroll Taxes from Cyient.

48. If any portion of the Settlement Fund payable by the QSF to each eligible Class Member is determined to be treated as other than wages, the Notice Administrator, as administrator of the QSF, shall report that portion to the Class Member, and all applicable Taxing Authorities, to the extent required by law, under the Class Member's name and U.S. federal taxpayer identification number on IRS Forms 1099, 1042-S, or other applicable forms, and such payments shall be made without deduction for taxes and withholdings, except as required by law, as determined by the Notice Administrator, as administrator of the QSF making such payments.

49. The Notice Administrator shall be responsible to satisfy from the Settlement Fund any and all federal, state and local employment and withholding taxes, including, without limitation, federal, state and local income tax withholding, and any U.S. federal taxes including without limitation FICA, FUTA, and Medicare and any state employment taxes including without limitation SUTA. The Notice Administrator shall promptly provide to

Cyient the information and documentation (including copies of applicable IRS and state forms) reasonably requested by Cyient with respect to the payment or remittance of such employment and withholding taxes. The Notice Administrator shall satisfy all federal, state, local, and other reporting requirements (including without limitation any applicable reporting with respect to attorneys' fees and other costs subject to reporting), and any and all taxes, together with interest and penalties imposed thereon, and other obligations with respect to the payments or distributions from the Settlement Fund not otherwise addressed herein.

50.     The Notice Administrator shall be responsible for procuring any required tax forms from Class Members prior to making any such payments or distributions.

51.     For avoidance of doubt, Cyient, Cyient's Counsel, Plaintiffs, and Class Counsel shall have no liability, obligation, or responsibility whatsoever for tax obligations arising from payments to any Class Member, or based on the activities and income of the QSF. In addition, Cyient shall have no liability, obligation, or responsibility whatsoever for tax obligations arising from payments to Plaintiffs or Class Counsel. The QSF shall be solely responsible for its tax obligations. Each Class Member shall be solely responsible for his/her tax obligations. Class Counsel shall be solely responsible for its tax obligations.

52.     Named Plaintiffs, themselves and on behalf of the Class, and Class Counsel and each of them represent and agree that they have not received and/or relied upon any advice and/or representations from Cyient or Cyient's Counsel as to taxes, including the taxability of the payments received pursuant to this Agreement. Class Counsel represent that neither Plaintiffs nor Class Counsel provided any advice as to the taxability of payments received pursuant to this Agreement.

**VI.     <u>RELEASE</u>**

53.     Upon the Effective Date, each Releasor shall release, acquit, forever discharge, and covenant not to sue the Cyient Releasees from all claims, demands, judgments, actions, suits, and/or causes of action, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances alleged or could have been alleged in the Complaint in the Action up to the Effective Date of the Settlement (the "Released Claims").

54.     Each Releasor also shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor shall further be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

55.     For the avoidance of doubt, this Settlement shall not be construed to release any claims by an individual Cyient employee who alleges that (a) a Cyient Releasee breached a contract to pay or otherwise failed to pay any specified compensation or royalty owed to that employee, (b) a written non-compete agreement between a Cyient Releasee and that employee is unenforceable, or (c) a Cyient Releasee violated anti-discrimination, labor, or privacy laws, or breached duties owed to that employee under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*.

## VII.    CLASS REPRESENTATIVE SERVICE AWARDS

56.    In their discretion, Class Counsel shall seek Court approval for a service award to the Named Plaintiffs to compensate them for their contributions to this Action. The proposed service award shall be in addition to any monetary award to the Named Plaintiffs under the Plan of Allocation and is subject to Court approval. Such service award shall be paid by the Notice Administrator solely out of the Settlement Fund upon Court approval.

57.    Cyient agrees to take no position on such a service award to Plaintiffs and shall not comment on the request unless directed to do so by the Court.

58.    Any service payment to the Named Plaintiffs shall not be considered compensation under the terms of any benefits plan or for any purpose except to the extent required for tax purposes. The receipt of a service award shall not affect the amount of any contribution to or level of benefits under any benefit plan.

## VIII.    ATTORNEYS' FEES AND EXPENSES

59.    Prior to the deadline for objections to the Settlement pursuant to Section III(D), Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses incurred on behalf of the Class. All Attorneys' Fees and Expenses and any interest due to any counsel (to the extent any interest is awarded) shall be payable solely out of the Settlement Fund in such amounts as the Court orders. Cyient Releasees shall have no liability or responsibility for fees, costs, expenses, or interest, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

60.    All Attorneys' Fees and Expenses shall be payable solely out of the Settlement Fund and may be paid from the Settlement Fund prior to the distribution to Class Members, after entry of an order by the Court approving any Attorneys' Fees and Expenses,

notwithstanding the existence of any timely-filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, if and when, as a result of any appeal and/or further proceedings on remand, or successful collateral attack, the fee or cost award is reduced or reversed.

61. The undersigned Class Counsel may withdraw from the Settlement Fund and allocate amongst Class Counsel the Attorneys' Fees and Expenses so awarded.

62. Cyient shall not oppose Class Counsel's request for Attorneys' Fees or comment on the request unless directed to do so by the Court.

63. Any expenses associated with providing Notice of the Settlement to Class Members, expenses for maintaining and administering the Settlement Fund, and taxes and expenses incurred in connection with taxation matters paid or incurred shall be nonrefundable to Cyient if, for any reason, the Settlement Agreement is not finally approved, is terminated, or otherwise fails to become effective.

## IX.    ADDITIONAL PROVISIONS

### A.    Settlement Does Not Become Effective

64. In the event that the Settlement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, judgment is not entered in accordance with this Settlement, or such judgment does not become final, then (a) this Settlement shall be null and void and of no force and effect, (b) any payments into the Settlement Fund and interest earned thereon, excluding expenses incurred associated with providing Notice of the Settlement to Class Members, expenses incurred for maintaining and administering the Settlement Fund, and taxes and expenses incurred in connection with taxation matters paid or incurred, shall be returned to Cyient within thirty (30) calendar days

from the date the Settlement becomes null and void, and (c) any release pursuant to Section VI herein shall be of no force or effect. In such event, the case shall proceed as if no settlement has been attempted, and the Parties shall be returned to their respective procedural postures, *i.e.*, status quo as of November 29, 2023, so that the Parties may take such litigation steps that Plaintiffs or Cyient otherwise would have been able to take absent the pendency of this Settlement. However, any reversal, vacating, or modification on appeal of (1) any amount of the Attorneys' Fees and Expenses awarded by the Court to Class Counsel, or (2) any determination by the Court to award less than the amount requested in Attorneys' Fees and Expenses or service award to Plaintiffs, shall not give rise to any right of termination or otherwise serve as a basis for termination of this Settlement.

65.     In the event the Settlement does not become effective, the Parties shall negotiate and submit for Court approval a case schedule.

**B.     Preservation of Rights**

66.     The Parties expressly reserve all of their rights, contentions and defenses if this Settlement does not become final and effective in accordance with the terms of this Settlement. The Parties further agree that this Settlement, whether or not it shall become effective pursuant to Section III(G) herein, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by Cyient, and shall not be deemed or construed to be an admission or evidence of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding. The Parties further acknowledge and agree that the

negotiations and discussions that led to this Settlement are fully protected from disclosure by Federal Rule of Evidence 408.

### C. Arm's Length Negotiations

67. The Parties agree that the terms of the Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

### D. Authority to Settle

68. Each counsel or other person executing this Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

### E. Best Efforts

69. The Parties, Class Counsel, and Cyient's Counsel agree to use their best efforts and to cooperate fully with one another (i) in seeking preliminary and final Court approval of this Settlement; and (ii) in effectuating the full consummation of the Settlement provided for herein. The Parties, Class Counsel, and Cyient's Counsel shall not solicit or encourage any Class Member to opt out of the Class or object to the Settlement. Cyient shall have the right to review and comment on any press release made by Plaintiffs or Class Counsel concerning this Settlement or Cyient relating to this Action, and Class Counsel shall provide Cyient two business days to conduct such review. Class Counsel shall consider any such comments in good faith. Any comment to the press made by either Party shall be consistent with this Settlement Agreement.

70. Except as provided herein, after execution of this Agreement, Cyient's discovery obligations will be subject to the Federal Rules of Civil Procedure applicable to third parties and any applicable orders of the Court. The Parties agree to meet and confer in good faith in an effort to agree on the scope of any discovery requests propounded on Cyient by the

Plaintiffs under Fed. R. Civ. P. 45, including, but not limited to, a request by Plaintiffs to Cyient to authenticate or provide other foundational facts regarding any Cyient-produced document designated by Plaintiffs as a trial exhibit or an attachment to court filing in the Action, and a request by Plaintiffs that Cyient will produce to Class Counsel supplemental compensation data for each Class Member sufficient to effectuate the Plan of Allocation. Prior to the service of any subpoena under Fed. R. Civ. P. 45, the Parties will meet and confer to limit the scope of any request.

71.     Cyient agrees, upon request by Plaintiffs with reasonable advance notice, to make reasonable efforts to secure the appearance at trial of any Cyient deposition witness.  For the avoidance of doubt, this Agreement does not impose any other cooperation requirements on Cyient.

### F.     Binding Effect

72.     This Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, Class Members, Releasors and the Cyient Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Named Plaintiffs and Class Counsel shall be binding upon all Class Members.

### G.     Mistake

73.     In entering and making this Settlement, the Parties assume the risk of any mistake of fact or law. If the Parties, or any of them, should later discover that any fact they relied upon in entering into this Settlement is not true, or that their understanding of the facts or law was incorrect, the Parties shall not be entitled to seek rescission of this Settlement, or otherwise attack the validity of the Settlement, based on any such mistake. This Settlement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

### H.     Advice of Counsel

74.     The Parties to this Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Agreement, and with respect to the advisability of executing this Agreement, that they have read this Agreement in its entirety and fully understand its contents, and that each is executing this Agreement as a free and voluntary act.

## I.     Integrated Agreement

75.     This Agreement and any exhibits attached to it constitute the entire agreement between the Parties hereto and supersede any prior agreements or understandings, whether oral, written, express, or implied between the Parties with respect to the Settlement.

## J.     Headings

76.     The titles and captions contained in this Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the intent of any of its provisions.

## K.     No Drafting Presumption

77.     This Agreement shall be construed without regard to its drafter, and shall be construed as though the Parties participated equally in the drafting of it.

## L.     Consent to Jurisdiction, Choice of Exclusive Forum, and Choice of Law

78.     Any and all disputes arising from or related to the Settlement, the Settlement Agreement, or distribution of the Settlement Fund, including Attorneys' Fees and Expenses must be brought by a Cyient Releasee, Plaintiffs, and/or each member of the Class, exclusively in the Court, except as expressly provided for in Section III(E),¶ 19. Cyient Releasees, Plaintiffs, and each member of the Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of

or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, except as expressly provided for in Section III(E),¶ 19.

79. All terms of this Settlement shall be governed by and interpreted according to the substantive laws of the State of Connecticut without regard to its choice of law or conflict of laws principles.

**M. Notices**

80. Except as otherwise provided herein, all notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally, by e-mail, or by overnight mail, as follows:

If to Counsel for Plaintiffs or Class Counsel:

> DiCello Levitt LLP
> 485 Lexington Avenue, Suite 1001
> New York, NY 10017
> Phone: (646) 933-1000
> Email: rvandermeulen@dicellolevitt.com
> Attn: Robin van der Meulen, Esq.

> Quinn Emanuel Urquhart & Sullivan LLP
> 51 Madison Avenue, 22nd Floor
> New York, NY 10010
> Phone: (212) 849-7000
> Email: danbrockett@quinnemanuel.com
> Attn: Daniel L. Brockett, Esq.

If to Cyient's Counsel:

> Sheppard Mullin Richter & Hampton LLP
> 2099 Pennsylvania Avenue, NW, Suite 100
> Washington, DC 20006
> Phone: (202) 747-1900
> Email: aobrien@sheppardmullin.com, lcaseria@sheppardmullin.com,
> rfriedman@sheppardmullin.com and shenry@sheppardmullin.com
> Attn: Ann O'Brien, Esq., Leo Caseria, Esq., Robert Friedman, Esq., and Sascha Henry, Esq.

### N. Enforcement of Settlement

81. Nothing in this Settlement prevents any Cyient Releasee from enforcing or asserting any release herein. Notwithstanding any other provision of this Settlement, this Settlement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted, or attempted by Plaintiffs or any Class Member with respect to any Released Claims and may be filed, offered, and received into evidence and otherwise used for such defense.

### O. Severability

82. In the event any one or more of the provisions of this Settlement shall for any reason be held to be illegal, invalid, or unenforceable in any respect, such illegality, invalidity, or unenforceability shall not affect any other provision if Cyient's Counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement.

### P. Amendment or Modification

83. No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

### Q. No Admission

84. This Settlement shall not be construed or deemed an admission of liability or wrongdoing on the part of any Defendant. Cyient has denied and continues to deny that it engaged in any wrongdoing of any kind, or violated any law or regulation, or breached any duty owed to Named Plaintiffs or Class Members. Cyient specifically denies that its recruiting and/or hiring practices violated any legal requirement, including, but not limited to, the allegations that Cyient engaged in any illegal agreement; violated any statute, regulation, or common law or

industry standard; or breached any contract or other obligation. Cyient further denies that it is liable to, or owes any form of compensation or damages to, anyone with respect to the alleged facts or causes of action asserted in the Action. Cyient specifically denies that any employee of any Defendants was undercompensated or otherwise damaged by Cyient's recruiting and/or hiring practices. Cyient does not, by entering into this Settlement, admit it has caused any damage or injury to any Class Member as a result of the facts alleged or asserted in the Action and does not admit that Plaintiffs' calculations or methods of calculations of alleged damages are accurate or appropriate. Cyient is entering into this Agreement because it will eliminate the uncertainty, distraction, burden and expense of further litigation.

### R. Execution in Counterparts

85. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, DocuSign, AdobeSign or by facsimile.

### S. Appeals

86. The proposed order and final judgment shall provide that any Class Member that wishes to appeal the Court's Final Approval Order and Final Judgment, which appeal will delay the distribution of the Settlement Fund to the Class, shall post a bond with this Court in an amount to be determined by the Court as a condition of prosecuting such appeal.

### T. No Assignment

87. Class Counsel and Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Action or

any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Class Member.

**IN WITNESS WHEREOF**, Cyient and Class Counsel, on behalf of Plaintiffs and the Settlement Class, intending to be legally bound hereby, have duly executed this Agreement as of the date set forth below.

Date ___January 20___, 2024

By Cyient Inc.

_____
Ann O'Brien
Leo Caseria
Sheppard Mullin Richter & Hampton LLP
2099 Pennsylvania Avenue, NW, Suite 100
Washington, DC 20006
Tel: (212) 747-1900

Counsel for Cyient, Inc.

By Plaintiffs:

_____
Robin A. van der Meulen
DiCello Levitt LLP
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel: (646) 933-1000

_____
Daniel L. Brockett
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Counsel for Plaintiffs and the Settlement Class