# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| TARAH KYE BOROZNY, et al., on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>    v.<br><br>RTX CORPORATION, PRATT & WHITNEY DIVISION, et al.,<br><br>                    Defendants. | Case No. 3:21-cv-1657-SVN |

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT (the "Settlement" or "Agreement") is made and entered into on <u>  May 15  </u>, 2024, by and between Tarah Kye Borozny, Anthony DeGennaro, Ryan Glogowski, Ellen McIsaac, Scott Prentiss, Alex Scales, Austin Waid-Jones, Nicholas Wilson, and Steven Zappulla (collectively, the "Named Plaintiffs") on behalf of themselves and the class of individuals they represent for purposes of this Settlement, and Parametric Solutions, Inc. ("PSI," and together with Named Plaintiffs, the "Parties").

## I.    RECITALS

A.    Named Plaintiffs are nine plaintiffs in a proposed class action of certain present and former aerospace workers in the action titled *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al.*, No. 3:21-cv-01657-SVN (D. Conn.) (the "Action") pending against RTX Corporation, Pratt & Whitney Division ("P&W"), Agilis Engineering, Inc. ("Agilis"), Belcan Engineering Group, LLC ("Belcan"), Cyient, Inc. ("Cyient"), PSI, and QuEST Global Services - NA, Inc ("QuEST") (collectively, P&W, Agilis, Belcan, Cyient, PSI, and QuEST are the "Defendants").

B.      On May 9, 2022, Plaintiffs filed a Consolidated Class Action Complaint against Defendants on behalf of persons employed by Defendants as Aerospace Workers at any time from January 1, 2011 through the present. On November 2, 2023, Plaintiffs filed an Amended Consolidated Class Action Complaint against Defendants. In both complaints, Plaintiffs alleged, among other things, that Defendants agreed not to recruit or hire each other's employees in violation of federal antitrust laws. PSI filed an answer denying the material allegations of the Amended Consolidated Class Action Complaint, liability, wrongdoing and fault.

C.      The Amended Consolidated Class Action Complaint further alleges, among other things, that, as a result of the agreement, Defendants net undercompensated Plaintiffs and deprived them of free and fair competition in the market for their services.

D.      The Amended Consolidated Class Action Complaint asserts claims under federal antitrust laws and seek recovery of, among other things, treble damages, costs, and attorneys' fees.

E.      PSI disputed, and continues to dispute, the allegations made by Plaintiffs in the complaints and during the Action, that it engaged in wrongdoing of any kind, or that it violated or breached any law, regulation or duty owed to Plaintiffs, and further denies that it is liable or owes any form of compensation or damages to anyone with respect to the alleged facts or causes of action asserted in this Action. PSI maintains that it has substantial factual and legal defenses to all claims, allegations and Settlement Class claims in the Action. PSI further denies any and all liability or wrongdoing to Plaintiffs and the Settlement Class, and as alleged in the Action, and further denies each and every allegation of wrongdoing, liability, and damages that were or could have been asserted in the Action, and further denies that the claims in the Action would be appropriate for class certification if the Action were to proceed. Nonetheless, PSI has concluded that further litigation would be protracted and expensive, have taken into account the uncertainty

and risks inherent in this Action, and has determined that it is desirable that the Action be fully, completely, and finally settled in the manner and upon the terms set forth in this Agreement. Without admitting liability or wrongdoing whatsoever, PSI agrees to the terms of this Agreement in order to resolve all issues relating to the subject matter of the Action including the Released Claims, defined below, in the Action.

F. PSI produced to Plaintiffs approximately 3,825 pages of documents along with data that was responsive to Plaintiffs' Requests for Production. PSI also provided written responses to Plaintiffs' First Set of Interrogatories.

G. On August 3, 2023, PSI filed a Chapter 11 bankruptcy petition in the United States Bankruptcy Court, Southern District of Florida, Case Number 23-16141-MAM. PSI provided notice to the Court in this Action of its bankruptcy on August 4, 2023, and the Court recognized the statutory automatic stay of proceedings against PSI on August 14, 2023, causing all further document, data, written, and deposition discovery related to PSI to be suspended by operation of the stay.

H. Between August 4, 2023 and November 16, 2023, Plaintiffs and Defendants collectively took 24 depositions, which included the depositions of 15 Defendant witnesses and all Named Plaintiffs.

I. On November 13, 2023, the Plaintiffs moved to certify the Class. As part of their motion to certify the Class, the Plaintiffs submitted an Expert Report prepared by Hal J. Singer, Ph.D., which estimates Defendants' potential exposure, including PSI's.

J. PSI is entering the settlement on the terms set forth in this Agreement solely to avoid the risks, burdens, distractions, expense, uncertainties, and diversion of resources from continued litigation.

K.     Prior to this Agreement, the Parties engaged in nearly two years of costly and hard-fought litigation, conducted extensive discovery and disputed and contested the major factual and legal contentions of the instant action including through extensive motion practice. The Parties have been engaged in intensive arms-length negotiations and settlement meetings to resolve the Action with a view toward resolving Plaintiffs' claim on behalf of themselves and the Class while avoiding the cost, delay and uncertainty of further litigation, trial and subsequent appellate proceedings.

L.     Based on their analysis of the merits of the claims, the impact of the Settlement on the Plaintiffs, and an evaluation of a number of factors including the current stay of Plaintiffs' claims against PSI and the resulting risk that Plaintiffs will not be able to obtain additional discovery from PSI through continued litigation, and the likelihood Plaintiffs will not be able to obtain monetary relief from PSI, given its bankruptcy, Class Counsel and Plaintiffs believe that it is in the best interest of all members of the Settlement Class to resolve finally and completely the potential claims of the Class against PSI and that the terms of the Agreement are in the best interests of the Class and are fair, reasonable, and adequate.

M.     In consideration of the promises, agreements, covenants, representations, and warranties set forth herein, and other good and valuable consideration provided for herein, the receipt of which is hereby mutually acknowledged, the Parties agree, subject to approval by the Court, to a full, final, and complete settlement of the Action on the following terms and conditions:

## II.     **DEFINITIONS**

A.     "Action" means the lawsuit captioned *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al*., No. 3:21-cv-01657-SVN, and all lawsuits consolidated therein (ECF No. 44, 62, 192, and 232), pending in the United States District Court for the District of Connecticut.

B. "Attorneys' Fees and Expenses" means the amounts approved by the Court for payment to Class Counsel, including attorneys' fees, costs, and litigation expenses, as described in Section VII herein, which amounts are to be paid from funds obtained through settlements with other Defendants (and not PSI and the PSI Releasees) in this Action.

C. "Class Counsel" means the law firms of Quinn Emanuel Urquhart & Sullivan LLP and DiCello Levitt LLP.

D. "Class Period" means January 1, 2011 through the date the Court grants Preliminary Approval of the Settlement.

E. "Class Member" means a member of the Settlement Class.

F. "Complaint" means the Amended Consolidated Class Action Complaint filed in this Action on November 2, 2023 (ECF No. 751).

G. "Court" means the United States District Court for the District of Connecticut.

H. "Defendants" means RTX Corporation, Pratt & Whitney Division, Agilis Engineering, Inc., Belcan Engineering Group, LLC, Cyient, Inc., Parametric Solutions, Inc., and QuEST Global Services-NA, Inc.

I. "Effective Date" has the meaning specified in Section III(G).

J. "Final Approval" means the order of the Court granting final approval of the Settlement Agreement pursuant to Federal Rule of Civil Procedure 23(e).

K. "Final Approval Hearing" or "Fairness Hearing" means the hearing at which the Court will consider Plaintiffs' motion for judgment and final approval of the Settlement.

L. "Named Plaintiffs" mean Tarah Kye Borozny, Anthony DeGennaro, Ryan Glogowski, Ellen McIsaac, Scott Prentiss, Alex Scales, Austin Waid-Jones, Nicholas Wilson, and Steven Zappulla.

M. "Notice" means the Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, which is to be mailed and/or emailed directly to Class Members.

N. "Notice Administrator" means the entity which has been designated to provide notice to the Class as approved by the Court.

O. "Order and Final Judgment of Dismissal" means the Order which shall be submitted to the Court as described in Section III(F), ¶ 21, herein and entered by the Court as described in Section III(F) herein.

P. "Parties" means PSI and the Plaintiffs, collectively.

Q. "Plaintiffs" means the Named Plaintiffs and the Settlement Class, collectively.

R. "Plan of Notice" means the plan for distributing the Notice to Class Members.

S. "Preliminary Approval Order" means the order in which the Court: (a) preliminarily certifies the Settlement Class; (b) preliminarily approves this Agreement for purposes of issuing Class Notice; (c) approves the Class Notice and Notice Plan, including approving PSI providing to the Notice Administrator the list of the most-recently known names, addresses, and e-mail address information for all Class Members who are or were employed by PSI; (d) appoints the Notice Administrator; (e) appoints Class Counsel as counsel to the Settlement Class; (f) appoints the Named Plaintiffs as Class Representatives to the Settlement Class; and (g) makes such orders as are necessary and appropriate to effectuate the terms and conditions of this Agreement.

T. "Protective Order" means the Standing Protective Order and Amended Protective Order entered in the Action (ECF Nos. 4 & 576).

U. "PSI" means Parametric Solutions, Inc.

V.     "PSI's Counsel" means the law firm of Gordon Rees Scully Mansukhani, LLP, to the attention of John J. Robinson, Esq. and Kelcie B. Reid, Esq.

W.     "PSI Releasees" shall mean Parametric Solutions, Inc. and each of its current and former parents, subsidiaries, divisions, departments, affiliates and controlled companies both inside and outside the United States, predecessors, assigns, and successors, including the present and former directors, officers, non-Class Member employees, shareholders, agents, insurers who have provided coverage under applicable policies, partners, privies, representatives, attorneys, accountants, and all persons acting by, through, or under the direction of them.

X.     "Released Claims" has the meaning specified in Section V, ¶ 26.

Y.     "Releasors" shall mean Plaintiffs and each Class Member; each of their respective current and former heirs, executors, administrators, personal representatives, successors, trustees and assigns; and anyone claiming by or through any of the foregoing.

Z.     "Settlement," "Agreement," and "Settlement Agreement" each mean the settlement terms agreed to by the Parties as reflected in this Settlement Agreement and attachments hereto.

AA.     "Settlement Class" means the Named Plaintiffs and all persons employed by Pratt & Whitney, Agilis, Belcan, Cyient, PSI, QuEST, or their wholly-owned subsidiaries as Aerospace Workers at any time from January 1, 2011 through the date the Court grants Preliminary Approval of the Settlement. "Aerospace Workers" are defined as aerospace engineers and other skilled workers in the jet propulsion systems industry. Excluded from the Class are Defendants and their affiliates, parents, subsidiaries, and co-conspirators, whether or not named in this Complaint, senior officers and directors, and human resources personnel of Defendants, and the United States government.

BB. "Settlement Website" means the website to be created pursuant to Section III(B), ¶ 5.

## III. <u>COURT APPROVAL OF SETTLEMENT AND CLASS NOTICE</u>

### A. Retention of Notice Administrator

1. Class Counsel shall retain a reputable and experienced Notice Administrator, which shall be responsible for the notice administration process. Class Counsel shall obtain approval by the Court of the choice of Notice Administrator. The Notice Administrator shall sign and be bound by the Protective Order entered in the Action. PSI shall not be responsible for fees or expenses of the Notice Administrator or providing Notice to the Settlement Class.

### B. Preliminary Approval and Notice of Settlement

2. Plaintiffs and the Settlement Class, by and through Class Counsel, shall file with the Court, after the execution of this Settlement Agreement, a motion for Preliminary Approval of the Settlement, which shall include a motion for certification of the Settlement Class, a Proposed Preliminary Approval Order, and a proposed Notice and Plan of Notice.

3. PSI shall have the right to review and comment on the proposed Notice, motion for Preliminary Approval and proposed form of Preliminary Approval Order, and Class Counsel shall provide PSI 10 business days to conduct such review. Class Counsel shall consider any such comments in good faith and shall not unreasonably reject such comments.

4. PSI shall provide timely notice of the motion for preliminary approval pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715(b).

5. Class Counsel shall propose, and PSI shall not oppose, that the Notice be disseminated by publication (through print, email, and/or online notices) or such other method using a methodology developed by the Notice Administrator and approved by the Court. The Notice shall direct Class Members to the Settlement Website to be administered by the Notice

Administrator, which shall provide additional information. Class Counsel shall be responsible for obtaining and submitting to the Court evidence sufficient to demonstrate the adequacy of the Plan of Notice.

6.     In the event that the Court preliminarily approves the Settlement, within 28 days of entry of the Preliminary Approval Order, PSI will provide the Notice Administrator (1) a list of most-recently known names, addresses, and e-mail address information for all Class Members who are or were employed by PSI to the extent such information is currently in PSI's possession, and (2) supplemental compensation data for each PSI Class Member sufficient to allocate funds obtained from settlements with other Defendants (and not PSI and the PSI Releasees). Class Counsel shall be responsible for seeking other Defendants' agreement to do the same. Class Counsel shall, in accordance with Rule 23(c)(2) of the Federal Rules of Civil Procedure, direct the Notice Administrator approved by the Court to provide the Settlement Class with Notice as ordered by the Court.

### C.     Certification of the Settlement Class

7.     Plaintiffs, by and through Class Counsel, shall, as part of their motion for preliminary approval and motion for final approval, move for certification of the Settlement Class, pursuant to Federal Rule of Civil Procedure 23(b)(3). Solely for purposes of the Settlement, the Parties stipulate and agree to: (a) certification of the Action as a class action pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of the Class; (b) certification of the Named Plaintiffs as Class Representative; and (c) appointment of Class Counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure. Such stipulation and agreement shall not constitute any admission or acknowledgement by PSI that certification of a class for trial or for any other purpose is appropriate.

**D.     Objections**

8.      A member of the Settlement Class may object to this Agreement either on his or her own without an attorney or through an attorney hired at his or her own expense.

9.      Unless the Court provides otherwise, objections to the Settlement, if any, must be submitted in writing, and must include a detailed description of the basis of the objection. In addition, objections must be signed by the objecting member of the Settlement Class (and his or her attorney, if individually represented, including any former or current counsel who may be entitled to compensation for any reason related to the objection), and submitted to the Court by filing the objection electronically or in person at any location of the U.S. District Court for the District of Connecticut or mailing to the "Class Action Clerk" at the Court's address, with copies served on Class Counsel and PSI's Counsel at the addresses provided in Section VIII(M).

10.     Any objection regarding or related to this Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Borozny et al. v. RTX Corporation, Pratt & Whitney Division, et al.*, No. 3:21-cv-01657-SVN (D. Conn.)."

11.     All objections must be postmarked on or before a date certain to be specified on the Notice, which shall be 60 days after the Notice was initially sent to Class Members.

12.     Any Settlement Class member who fails to file and serve timely a written objection pursuant to this Section shall not be permitted to object to the Settlement or appear at the Final Approval Hearing for the purpose of objecting to the Settlement, and shall be foreclosed from seeking any review of the Settlement or the terms of the Agreement by any means, including but not limited to an appeal.

### E. Requests for Exclusion and Opt-Out Period

13.     Members of the Settlement Class shall have the right to elect to exclude themselves, or "opt out," of this Agreement, preserving their claims for damages that accrued during the Class Period.

14.     Class Members who are entitled, and wish, to opt out of the Class must complete and timely submit to the Notice Administrator a request for exclusion. To be effective, such requests for exclusion must state the Class Member's full legal name and address, the approximate dates of his or her employment with Defendants and include a statement that the Class Member wants to be excluded from the Settlement. All requests for exclusion must be signed and dated by the Class Member or his or her legal representative, and must be (1) mailed to the Notice Administrator via First Class United States Mail and postmarked by a date certain to be specified on the Notice, which shall be 60 calendar days after the Notice Administrator makes the initial mailing of the Notice ("Opt-Out Period") or (2) received by the Notice Administrator by that date, provided, however, that if a Class Member mails the Opt-Out Statement pursuant to option (1), it shall be effective only if received by the Notice Administrator on or before 10 calendar days after the end of the Opt-Out Period.

15.     Within 15 calendar days after the end of the Opt-Out Period, the Notice Administrator shall provide to all counsel for the Parties all opt-out statements that are timely received ("Report on Exclusions"). The Report on Exclusions shall include all information provided by the Class Member making the request concerning their potential claim. Individuals who opt out cannot object to the Settlement.

16.     Any member of the Settlement Class who does not file a timely written request for exclusion as provided in this Section shall be bound by all subsequent proceedings, orders, and judgments, including, but not limited to, the Release in Section V and the Released

Claims in this Action, even if he or she has litigation pending or subsequently initiates litigation against PSI relating to the claims and transactions released or alleged in this Action.

17.     Not later than 10 calendar days before the date of the hearing on the Final Approval, the Notice Administrator shall file a declaration or affidavit with the Court that: (i) includes a list of those persons who have opted out or excluded themselves from the Settlement; and (ii) describes the scope, methods, and results of the Notice.

18.     The Notice Administrator shall treat any and all documents, communications, and other information and materials received in connection with the administration of the Settlement as confidential and shall not use or disclose any or all such documents, communications, or other information to any person or entity, except to the Parties or their counsel, or as provided for in this Agreement or by Court Order. The Notice Administrator shall sign and agree to be bound by the Protective Order in this Action and shall agree that all personally identifying information shall be treated at least with Confidential-Attorneys' Eyes Only protection. The Notice Administrator shall use the list provided by PSI of most-recently known names, addresses, and e-mail address information for Class Members who are or were employed by PSI solely for effectuating notice of the Settlement.

**F.     Final Approval**

19.     The Final Approval Hearing shall be noticed for no earlier than 100 days from the date of Preliminary Approval and also no earlier than 70 days from the date on which the Notice Administrator sent the Notice to Class Members.

20.     Prior to the Final Approval Hearing, on the date set by the Court, Plaintiffs, through Class Counsel, shall submit a motion for final approval by the Court of the Settlement and the entry of an Order of Final Judgment and Dismissal that:

a. finds the Settlement and its terms to be fair, reasonable, and adequate within the meaning of Rule 23(e) of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms;

b. finds that the Notice given constitutes due, adequate, and sufficient notice, and meets the requirements of due process and any applicable laws;

c. directs that the Action be dismissed with prejudice as against PSI, without costs or attorneys' fees to the Parties;

d. approves the release of claims specified herein as binding and effective as to all Class Members and permanently bars and enjoins all Class Members from asserting any Released Claims (as defined in Section V herein);

e. reserves exclusive and continuing jurisdiction over the Settlement, including the administration, enforcement, consummation, and interpretation of this Settlement Agreement; and

f. directs that an Order and Final Judgment of Dismissal with prejudice be entered as between the Parties in the Action.

21. PSI shall have the right to review and comment on the motion for final approval and proposed form of Order and Final Judgment of Dismissal, and Class Counsel shall provide PSI with 10 business days to conduct such review. Class Counsel shall consider any such comments in good faith and shall not unreasonably reject such comments.

22. If so required by the Court in connection with approval of the Settlement, the Parties agree to accept non-material or procedural changes to this Settlement Agreement. However, the Parties are not obligated to accept any other substantive change to their respective obligations.

### G. Effective Date of the Settlement

23. The Settlement shall become final and effective upon the occurrence of all of the following ("Effective Date"):

a. The Settlement has not been terminated and receives Final Approval by the Court as required by Rule 23(e) of the Federal Rules of Civil Procedure;

b. As provided for in Section III(F) herein, entry is made of the Order and Final Judgment of Dismissal; and

c. Completion of any appeal(s) from the Court's Order and Final Judgment of Dismissal and/or Order Granting Final Approval of the Settlement (including any such order on remand from a decision of an appeals court, or at the time for any such appeals to have lapsed). If no appeal is filed from the Court's order finally approving the Settlement under Rule 23(e) of the Federal Rules of Civil Procedure, the Effective Date shall be the date on which the time for any such appeal has lapsed.

## IV. CONSIDERATION FOR SETTLEMENT

24. Subject to the terms and conditions of this Settlement Agreement, and upon the Court's entry of a Preliminary Approval Order for the Settlement, PSI will perform the following:

a. PSI will supplement its current data production to Class Counsel, which currently includes data for PSI employees working on Pratt & Whitney projects over the period 2013 through 2019, as follows:

(1) PSI shall produce data for all Class Members who were PSI employees in any geographic location, regardless of whether they worked on Pratt & Whitney projects;

14

(2)    PSI's data production shall cover the period from January 1, 2008 through the date of Preliminary Approval, provided that for the period from 2008 through 2012, PSI shall produce reasonably available compensation data for Class Members employed by PSI;

b.    PSI will produce all materials produced to or received from Department of Justice ("DOJ") in the related criminal matter that became *U.S. v. Patel, et al.*, 3:21-cr-220 (D. Conn.), in response to DOJ's second, third, and fourth subpoenas to PSI, regardless of whether PSI takes the position that such documents are responsive to Plaintiffs' Requests for Production;

c.    PSI will produce data showing revenues from all PSI customers for the period from 2008 through 2022;

d.    PSI will make Gary Prus, its Chief Operating Officer, upon 30 days' written notice, available to testify at a virtual deposition subject to Fed. R. Civ. P. 30 and at trial subject to the Federal Rules of Civil Procedure and Evidence, Local Court Rules, and any standing orders of the Court. Nothing about this Settlement shall prevent Gary Prus from invoking his 5th Amendment rights, nor shall this Settlement be construed as a waiver of those rights;

e.    PSI will provide Class Counsel a declaration regarding the authentication of its business records per Federal Rules of Evidence 901 and 902; and

f.    PSI will provide Class Counsel such other cooperation as may be agreed to by the Parties.

25.    Plaintiffs will retain the right to subpoena any former PSI employees, and PSI will not object to or move to quash any such subpoena based on the existence of this

Settlement. PSI reserves its right to make procedural and/or substantive objections to and/or otherwise move to quash any such subpoena.

## V.  RELEASE

26. Upon the Effective Date, each Releasor shall, on behalf of themselves and on behalf of the entire proposed Settlement Class, release, acquit, forever discharge, and covenant not to sue the PSI Releasees from all claims, demands, judgments, actions, suits, rights, and/or causes of action, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances alleged or could have been alleged in the Action, including the Consolidated Class Action and Amended Consolidated Class Action Complaint in the Action, up to the Effective Date of the Settlement (the "Released Claims").

27. Each Releasor also shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor shall further be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

28. For the avoidance of doubt, this Settlement shall not be construed to release any claims by an individual PSI employee who alleges that: (a) a PSI Releasee breached a contract

to pay or otherwise failed to pay any specified compensation or royalty owed to that employee; (b) a written non-compete agreement between a PSI Releasee and that employee is unenforceable; or (c) a PSI Releasee violated anti-discrimination, labor, or privacy laws, or breached duties owed to that employee under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq*.

## VI.   CLASS REPRESENTATIVE SERVICE AWARDS

29.    In their discretion, Class Counsel shall seek Court approval for a service award to the Named Plaintiffs to compensate them for their contributions to this Action, to be paid from funds obtained through settlements with other Defendants in this Action. The Parties agree that PSI and the PSI Releasees shall not pay or be responsible for any service award to the Named Plaintiffs.

30.    PSI agrees to take no position on such a service award to the Named Plaintiffs and shall not comment on the request unless directed to do so by the Court.

## VII.   ATTORNEYS' FEES AND EXPENSES

31.    Class Counsel may apply to the Court for an award of Attorneys' Fees and Expenses incurred on behalf of the Settlement Class, to be paid from funds obtained through settlements with other Defendants in this Action. The Parties agree that PSI and the PSI Releasees shall have no liability or responsibility for fees, costs, expenses, or interest, including without limitation attorneys' fees, costs, expenses, expert fees and costs or administrative fees or costs.

32.    PSI shall not oppose Class Counsel's request for Attorneys' Fees or comment on the request unless directed to do so by the Court.

# VIII.   ADDITIONAL PROVISIONS

## A.   Settlement Does Not Become Effective

33.   In the event that the Settlement is terminated, is not finally approved (following the exhaustion of any appellate review) or does not become effective for any reason, judgment is not entered in accordance with this Settlement, or such judgment does not become final, then (a) this Settlement shall be null and void and of no force and effect, (b) PSI shall be released from its duty to perform under Section IV herein, and (c) any release pursuant to Section V herein shall be of no force or effect. In such event, the case shall proceed as if no settlement has been attempted, and the Parties shall be returned to their respective procedural postures, *i.e.*, status quo as of December 18, 2023, so that the Parties may take such litigation steps that Plaintiffs or PSI otherwise would have been able to take absent the pendency of this Settlement.

34.   In the event the Settlement does not become effective, the Parties shall negotiate and submit for Court approval a case schedule.

## B.   Preservation of Rights

35.   The Parties expressly reserve all of their rights, contentions and defenses if this Settlement does not become final and effective in accordance with the terms of this Settlement. The Parties further agree that this Settlement, whether or not it shall become effective pursuant to Section III(G) herein, and any and all negotiations, documents and discussions associated with it shall be without prejudice to the rights of any party, shall not be deemed or construed to be an admission or evidence of any violation of any statute or law, or of any liability or wrongdoing by PSI, and shall not be deemed or construed to be an admission or evidence of the truth of any of the claims or allegations made in the Action, and evidence thereof shall not be discoverable or used directly or indirectly, in any way, whether in this case or any other action or proceeding. The

Parties further acknowledge and agree that the negotiations and discussions that led to this Settlement are fully protected from disclosure by Federal Rule of Evidence 408.

### C. Arm's Length Negotiations

36.     The Parties agree that the terms of the Agreement were negotiated at arm's length and in good faith by the Parties and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

### D. Authority to Settle

37.     Each counsel or other person executing this Agreement on behalf of any Party hereto warrants that such person has the authority to do so.

### E. Best Efforts

38.     The Parties, Class Counsel, and PSI's Counsel agree to use their best efforts and to cooperate fully with one another (i) in seeking preliminary and final Court approval of this Settlement; and (ii) in effectuating the full consummation of the Settlement provided for herein. The Parties, Class Counsel, and PSI's Counsel shall not solicit or encourage any Class Member to opt out of the Class or object to the Settlement.

### F. Binding Effect

39.     This Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties, Class Members, Releasors and the PSI Releasees. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Named Plaintiffs and Class Counsel shall be binding upon all Class Members.

### G. Mistake

40.     In entering and making this Settlement, the Parties assume the risk of any mistake of fact or law. If the Parties, or any of them, should later discover that any fact they relied upon in entering into this Settlement is not true, or that their understanding of the facts or law was

incorrect, the Parties shall not be entitled to seek rescission of this Settlement, or otherwise attack the validity of the Settlement, based on any such mistake. This Settlement is intended to be final and binding upon the Parties regardless of any mistake of fact or law.

**H.     Advice of Counsel**

41.     The Parties to this Agreement each represent to the other that they have received independent legal advice from attorneys of their own choosing with respect to the advisability of making the settlement provided for in this Agreement, and with respect to the advisability of executing this Agreement, that they have read this Agreement in its entirety and fully understand its contents, and that each is executing this Agreement as a free and voluntary act.

**I.     Integrated Agreement**

42.     This Agreement and any exhibits attached to it constitute the entire agreement between the Parties hereto and supersede any prior agreements or understandings, whether oral, written, express, or implied between the Parties with respect to the Settlement.

**J.     Headings**

43.     The titles and captions contained in this Agreement are inserted only as a matter of convenience and for reference, and shall in no way be construed to define, limit, or extend the scope of this Agreement or the intent of any of its provisions.

**K.     No Drafting Presumption**

44.     This Agreement shall be construed without regard to its drafter, and shall be construed as though the Parties participated equally in the drafting of it.

**L.     Consent to Jurisdiction, Choice of Exclusive Forum, and Choice of Law**

45.     Any and all disputes arising from or related to the Settlement or the Settlement Agreement must be brought by a PSI Releasee, Plaintiffs, and/or each member of the Class, exclusively in the Court, except as expressly provided for in Section III(E),¶ 14. PSI

Releasees, Plaintiffs, and each member of the Settlement Class hereby irrevocably submit to the exclusive and continuing jurisdiction of the Court for any suit, action, proceeding or dispute arising out of or relating to this Settlement Agreement or the applicability or interpretation of this Settlement Agreement, except as expressly provided for in Section III(E),¶ 14.

46.     All terms of this Settlement shall be governed by and interpreted according to the substantive laws of the State of Connecticut without regard to its choice of law or conflict of laws principles.

**M.     Notices**

47.     Except as otherwise provided herein, all notices, requests, demands, and other communications required or permitted to be given pursuant to this Agreement shall be in writing and shall be delivered personally, by e-mail, or by overnight mail, as follows:

If to Counsel for Plaintiffs or Class Counsel:

    DiCello Levitt LLP
    485 Lexington Avenue, Suite 1001
    New York, NY 10017
    Phone: (646) 933-1000
    Email: rvandermeulen@dicellolevitt.com
    Attn: Robin van der Meulen, Esq.

    Quinn Emanuel Urquhart & Sullivan LLP
    51 Madison Avenue, 22nd Floor
    New York, NY 10010
    Phone: (212) 849-7000
    Email: danbrockett@quinnemanuel.com
    Attn: Daniel L. Brockett, Esq.

If to PSI's Counsel:

    Gordon Rees Scully Mansukhani, LLP
    95 Glastonbury Boulevard, Suite 206
    Glastonbury, CT 06033
    Phone: (860) 494-7505
    Email: jjrobinson@grsm.com & kreid@grsm.com
    Attn: John J. Robinson, Esq. and Kelcie B. Reid, Esq.

**N.      Enforcement of Settlement**

48.      Nothing in this Settlement prevents any PSI Releasee from enforcing or asserting any release herein. Notwithstanding any other provision of this Settlement, this Settlement and the releases contained herein may be pleaded as a full and complete defense to any action, suit or other proceeding that has been or may be instituted, prosecuted, or attempted by Plaintiffs or any Class Member with respect to any Released Claims and may be filed, offered, and received into evidence and otherwise used for such defense. PSI and the PSI Releasees may file this Agreement, the Final Approval Order, and/or the Judgment in any action that may be brought against them in support of any defense or counterclaim, including, without limitation, those based on principles of res judicata, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion, issue preclusion, or similar defense or counterclaim.

**O.      Severability**

49.      In the event any one or more of the provisions of this Settlement shall for any reason be held to be illegal, invalid, or unenforceable in any respect, such illegality, invalidity, or unenforceability shall not affect any other provision if PSI's Counsel and Class Counsel mutually agree to proceed as if such illegal, invalid, or unenforceable provision had never been included in the Settlement.

**P.      Amendment or Modification**

50.      No amendment, change, or modification of this Agreement or any part thereof shall be valid unless in writing, signed by all Parties and their counsel, and approved by the Court.

**Q.     No Admission of Liability, Wrongdoing or Fault**

51.     This Settlement shall not be construed or deemed an admission of liability, fault, or wrongdoing on the part of any Defendant. PSI has denied and continues to deny that it engaged in any wrongdoing of any kind, or violated any law or regulation, or breached any duty owed to Plaintiffs or Class Members. PSI specifically denies that its recruiting and/or hiring practices violated any legal requirement, including, but not limited to, the allegations that PSI engaged in any illegal agreement; violated any statute, regulation, or common law or industry standard; or breached any contract or other obligation. PSI further denies that it is liable to, or owes any form of compensation or damages to, anyone with respect to the alleged facts or causes of action asserted in the Action. PSI specifically denies that any employee of any Defendants was undercompensated or otherwise damaged by PSI's recruiting and/or hiring practices. PSI does not, by entering into this Settlement, admit it has caused any damage or injury to any Class Member as a result of the facts alleged or asserted in the Action and does not admit that Plaintiffs' calculations or methods of calculations of alleged damages are accurate or appropriate. PSI is entering into this Settlement because it will eliminate the uncertainty, distraction, burden and expense of further litigation.

**R.     Execution in Counterparts**

52.     This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original but all of which together shall constitute one and the same instrument. Executed counterparts shall be deemed valid if delivered by mail, courier, electronically, DocuSign, AdobeSign, or facsimile.

**S.     No Assignment**

53.     Class Counsel and Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any

portion thereof or interest therein, including, but not limited to, any interest in the Action or any related action, and they further represent and warrant that they know of no such assignments or transfers on the part of any Class Member.

**T.     No Collateral Attacks**

54.     The Agreement shall not be subject to collateral attack by any member of the Settlement Class or any recipient of Notice after the Final Approval Order and Judgment are entered.

**U.     Obligation to Meet and Confer**

55.     Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other in good faith to narrow and/or resolve their dispute.

**IN WITNESS WHEREOF**, PSI and Class Counsel, on behalf of Plaintiffs and the Settlement Class, intending to be legally bound hereby, have duly executed this Agreement as of the date set forth below.

Date _____ May 15 _____, 2024

By Parametric Solutions, Inc.

David Olsen, Owner, Vice President
Duly Authorized

By Plaintiffs:

Robin A. van der Meulen
DiCello Levitt LLP
485 Lexington Ave., Suite 1001
New York, NY 10017
Tel: (646) 933-1000

Daniel L. Brockett
Quinn Emanuel Urquhart & Sullivan LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel: (212) 849-7000

Counsel for Plaintiffs and the Settlement Class