UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TARAH KYE BOROZNY, et al., on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br> v.<br><br>RTX CORPORATION, PRATT & WHITNEY DIVISION, et al.,<br><br>        Defendants. | Case No. 3:21-cv-1657 (SVN)<br><br>Date:  May 14, 2025 |

**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENTS AND FINAL JUDGMENT OF DISMISSAL**

   Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated January 12, 2024, between Plaintiffs and Cyient, Inc., ("Cyient"), the Settlement Agreement dated February 16, 2024, between Plaintiffs and Agilis Engineering, Inc., ("Agilis"), the Settlement Agreement dated April 9, 2024, between Plaintiffs and QuEST Global Services N.A., Inc., ("QuEST"), the Settlement Agreement dated May 15, 2024, between Plaintiffs and Parametric Solutions, Inc. ("PSI"), the Settlement Agreement dated May 31, 2024, between Plaintiffs and Belcan Engineering Group ("Belcan"), and the Settlement Agreement dated December 5, 2024, between Plaintiffs and RTX Corp., Pratt & Whitney Division ("Pratt & Whitney") (collectively, the "Settlements" or "Settlement Agreements"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Order hereby incorporates by reference the definitions in the Settlement Agreements. All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

2. This Order incorporates by reference and makes a part hereof, the Settlement Agreements filed with the Court, specifically, ECF No. 953-1 (Settlement Agreement with Cyient), ECF No. 953-2 (Settlement Agreement with PSI), ECF No. 953-3 (Settlement Agreement with Agilis), ECF No. 953-4 (Settlement Agreement with QuEST), ECF No. 953-5 (Settlement Agreement with Belcan), and ECF No. 976-1 (Settlement Agreement with Pratt & Whitney). This Court has jurisdiction over each of the Named Plaintiffs and each of the Defendants for the purposes herein, and jurisdiction over the litigation to which Plaintiffs and the Defendants are parties.

3. The notice provisions of the Class Action Fairness Act, 28 U.S.C. §1715, have been satisfied.

4. Pursuant to Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, and based on the record before the Court, the Court certifies, for the purposes of settlement only, the following Settlement Class:

> All persons employed by Pratt & Whitney, Agilis, Belcan, Cyient, PSI, QuEST, or their wholly-owned subsidiaries as Aerospace Workers at any time from January 1, 2011 through January 3, 2025. "Aerospace Workers" are defined as aerospace engineers and other skilled workers in the jet propulsion systems industry.[1] Excluded from the Class are Defendants and their affiliates, parents,

---

[1] The definition of the Settlement Class in the QuEST Settlement Agreement includes the following addition to the definition of "Aerospace Worker": "Aerospace Workers" are defined as aerospace engineers and other skilled workers in the jet propulsion systems industry, *including but not limited to employees of the Defendants who engaged in any work for the following aerospace companies, and their related subsidiaries or affiliates: Aerojet Rocketdyne, Airbus Americas Inc., BE Aerospace, Bombardier Aerospace, General Electric, GE Aerospace, Hamilton Sundstrand, Honeywell, Lockheed Martin, Northrup Grumman, Parker Hannifin, Raytheon, Rolls Royce Corporation, Rockwell Collins, Sikorsky Aircraft, and UTAS.*

subsidiaries, and co-conspirators, whether or not named in the Complaint, senior officers and directors, and human resources personnel of Defendants, and the United States government.

5. Pursuant to Rule 23(a)(1), the Court determines that the Class is so numerous and geographically dispersed that joinder of all members is impracticable. The Class has (at least) 50 members geographically dispersed throughout the United States, which is sufficient to satisfy the impracticality of joinder requirement of Rule 23(a)(l).

6. Pursuant to Rule 23(e)(l)(B), the Court determines that the following issues relating to claims and/or defenses (expressed in summary fashion) present common, class-wide questions:

(a) Whether Defendants entered into a no-poach agreement to restrict competition in the labor market in which Plaintiffs and the other Class members sold their services;

(b) the identity of the participants in the alleged conspiracy;

(c) the duration of the alleged conspiracy;

(d) the nature and character of the acts performed by Defendants and their co-conspirators in furtherance of the alleged conspiracy;

(e) whether the conduct of Defendants and their co-conspirators, as alleged in this Complaint, caused injury to the business and property of Plaintiffs and other members of the Class;

(f) whether Defendants and their co-conspirators fraudulently concealed the alleged conspiracy's existence from Plaintiffs and the members of the Class;

  (g) whether Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole; and

  (h) the appropriate injunctive and equitable relief for the Class.

7. Pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of the settlements, common questions of law and fact predominate over questions affecting only individual members. In light of the classwide claims, issues, and defenses set forth above, the issues in this action that are subject to generalized proof, and thus applicable to the Class as a whole, predominate over those issues that are subject only to individualized proof. *See Roach v. T.L. Cannon Corp.*, 778 F.3d 401, 405 (2d Cir. 2015).

8. Also pursuant to Rule 23(b)(3), the Court determines that, in connection with and solely for purposes of settlement, a class action is superior to other available methods for the fair and efficient adjudication of this action. The Court believes it is desirable, for purposes of judicial and litigation efficiency, to concentrate the claims of the Class in a single action.

9. The Court finds that the dissemination of the Notice to Class members was implemented in accordance with the Preliminary Approval Order, constituted the best notice practicable under the circumstances, and was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the effect of the proposed Settlements (including the Releases to be provided thereunder), Co-Lead Class Counsel's application for an award of attorneys' fees, litigation expenses, and service awards, their right to object to any aspect of the Settlements, the Plan of Allocation, and/or Co-Lead Class Counsel's application for an award of attorneys' fees, litigation expenses, and service awards, and their right to appear at the Fairness Hearing. Class Notice constituted due, adequate, and sufficient notice to all persons and entities

entitled to receive notice of the proposed Settlement and satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause).

10. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court hereby fully and finally approves the Settlements as set forth in the Settlement Agreements in all respects (including, without limitation, the amount of the Settlements, the Releases provided for therein, and the dismissal with prejudice of the claims asserted against the Defendants in the Action), and finds that the Settlements are, in all respects, fair, reasonable, and adequate, after considering the factors set out in *City of Detroit v. Grinnell Corporation*, 495 F.2d 448, 463 (2d Cir. 1974), *abrogated on other grounds by Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000), and in Rule 23(e)(2) of the Federal Rules of Civil Procedure.

11. Except as to any claim of those persons (identified in Exhibit A) who have timely requested exclusion from the Settlement Class ("Opt-Outs"), all claims asserted against the Defendants in this Action by Plaintiffs and other Settlement Class members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Settlement Agreements.

12. The Opt-Outs identified in Exhibit A are excluded from the Settlement Class, pursuant to their request, and are not bound by the Settlement Agreements, or this Final Judgment, and may not make any claim or receive any benefit from the Settlement Agreements, whether monetary or otherwise.

13. The terms of the Settlement Agreements and of this Judgment shall be binding on the Defendants, the other Released Parties, Plaintiffs, and all other Releasing Parties (regardless of whether or not any individual Settlement Class member submits a claim form or seeks or

obtains a distribution from the Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, parents, subsidiaries, affiliates, trustees, successors, and assigns in their capacities as such.

14. The Releases set forth in the Settlement Agreements are expressly incorporated herein in all respects. Accordingly, the Court orders that Plaintiffs, the Releasing Parties, and each of the Settlement Class members, upon the Effective Date of the Settlement Agreements, shall be deemed to have, and by operation of law and of this Judgment shall have released, acquitted, forever discharged, and covenanted not to sue the Defendants and other Releasees from all claims, demands, judgments, actions, suits, and/or causes of action, whether federal or state, known or unknown, asserted or unasserted, regardless of legal theory, arising in any way from or in any way related to the facts, activities, or circumstances alleged or could have been alleged in the Complaint up to the Effective Date.

15. Each Releasor shall also be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of Section 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Each Releasor shall further be deemed to have, and shall have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.

16. For the avoidance of doubt, the Settlements shall not be construed to release any of the claims described in the Settlement Agreement with Cyient, ¶ 55 (ECF No. 953-1), the Settlement Agreement with PSI, ¶ 28 (ECF No. 953-2), the Settlement Agreement with Agilis, ¶ 54 (ECF No. 953-3), the Settlement Agreement with QuEST, ¶ 54 (ECF No. 953-4), the Settlement Agreement with Belcan, ¶ 55 (ECF No. 953-5), and the Settlement Agreement with Pratt & Whitney, ¶ 55 (ECF No. 976-1).[2]

17. The Court hereby approves the Plan of Allocation as proposed by Class Counsel, and directs A.B. Data, Ltd., the firm retained by Class Counsel and previously appointed by the Court as the Claims Administrator, to distribute the net Settlement Fund as provided in the Plan of Allocation.

18. The Court retains exclusive jurisdiction over the Settlements and the Settlement Agreements as described therein, including the administration and consummation of the Settlements, and over this Order and Final Judgment.

19. A separate order shall be entered regarding the application of Co-Lead Class Counsel for an award of attorneys' fees, litigation expenses, and service awards. Such order shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

20. Without further approval from the Court, Plaintiffs and the Defendants are hereby authorized to agree to and adopt such amendments or modifications to the Settlement Agreements to effectuate the Settlements that: (i) are not materially inconsistent with this

---

[2] Due to a scrivener's error, the Settlement Agreement with Pratt & Whitney contains two paragraphs labeled number 55. For avoidance of doubt, the citation in ¶ 16 of this Order to ¶ 55 of the Settlement Agreement with Pratt & Whitney refers to the first ¶ 55 that appears on page 25 of the Settlement Agreement with Pratt & Whitney.

Judgment; and (ii) do not materially limit the rights of Settlement Class Members in connection with the Settlements. Without further order of the Court, Plaintiffs and the Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlements.

21. If one or more of the Settlements is terminated as provided in the Settlement Agreements or the Effective Date of the Settlements otherwise fails to occur, this Judgment shall be vacated, rendered null and void and be of no further force and effect as to the terminated Settlement(s), except as otherwise provided by the relevant Settlement Agreement(s), and shall be without prejudice to the rights of Plaintiffs, the other Settlement Class Members, and the Defendant(s), as they relate to the terminated Settlement(s), and the Parties shall revert to their respective positions in the Action as of the date one day prior to the execution of the terminated Settlement(s).

22. The Court finds that this Order and Final Judgment adjudicates all claims, rights and liabilities of the parties to the Settlement Agreements (including the members of the Class) and is final and shall be immediately appealable.

23. Neither this Order and Final Judgment nor the Settlement Agreements nor any other Settlement-related document shall constitute any evidence, admission, or concession by Defendants or any other Releasee, in this or any other matter or proceeding of any kind whatsoever, civil, criminal or otherwise, before any court, administrative agency, regulatory body, or any other body or authority, present or future, nor shall either the Settlement Agreements, this Order, or any other Settlement-related document be offered in evidence or used for any other purpose in this or any other matter or proceeding except as may be necessary to consummate or enforce the Settlement Agreements, the terms of this Order, or if offered by any

Releasee in responding to any action purporting to assert Released Claims, or if offered by any Releasor in asserting that a claim is not a Released Claim.

24. There is no just reason to delay the entry of this Judgment as a final judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

SO ORDERED this 14th day of May, 2025.

Sarala V. Nagala
Digitally signed by Sarala V. Nagala
Date: 2025.05.14 16:24:46 -04'00'

HON. SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**

List of Class Exclusions

| # | NAME | DATE SUBMITTED | STATE |
|---|---|---|---|
| 1 | CASEY RAY LESTER | 3/7/2025 | FL |
| 2 | ADAM BROOKS | 3/10/2025 | FL |
| 3 | ROBERT BOMMARITO | 3/13/2025 | FL |
| 4 | ANTHONY RICHARD PATINO | 3/28/2025 | MI |
| 5 | MICHAEL C AHEARN | 3/28/2025 | CT |
| 6 | BRYAN ANTONIO MCKEEVER | 4/2/2025 | CT |
| 7 | TIMOTHY J MCNAMARA | 4/4/2025 | CT |
| 8 | ROBERT A. YOCHUM | 4/11/2025 | KY |
| 9 | DYLAN ERIC SEIDEL | 4/15/2025 | IL |
| 10 | DAVID H SLAKES | 5/2/2025 | OH |
| 11 | VERONICA MARQUAND | 5/3/2025 | CT |
| 12 | MARIA RIVERA | 5/4/2025 | MA |