**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| TARAH KYE BOROZNY, et al., on behalf of themselves and all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>RTX CORPORATION, PRATT & WHITNEY DIVISION, et al.,<br><br>  Defendants. | Case No. 3:21-cv-1657 (SVN)<br><br>Date: May 14, 2025 |

**ORDER GRANTING AWARD OF ATTORNEYS' FEES,**
**LITIGATION EXPENSES, AND SERVICE AWARDS**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and in accordance with the terms of the Settlement Agreement dated January 12, 2024, between Plaintiffs and Cyient, Inc., ("Cyient"), the Settlement Agreement dated February 16, 2024, between Plaintiffs and Agilis Engineering, Inc., ("Agilis"), the Settlement Agreement dated April 9, 2024, between Plaintiffs and QuEST Global Services N.A., Inc., ("QuEST"), the Settlement Agreement dated May 15, 2024, between Plaintiffs and Parametric Solutions, Inc. ("PSI"), the Settlement Agreement dated May 31, 2024, between Plaintiffs and Belcan Engineering Group ("Belcan"), and the Settlement Agreement dated December 5, 2024, between Plaintiffs and RTX Corp., Pratt & Whitney Division ("Pratt & Whitney") (collectively, the "Settlements" or "Settlement Agreements"), it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. This Order hereby incorporates by reference the definitions in the Settlement Agreements. All capitalized terms used and not otherwise defined herein shall have the meanings set forth in the Settlement Agreements.

2. This Order incorporates by reference and makes a part hereof, the Settlement Agreements filed with the Court, specifically, ECF No. 953-1 (Settlement Agreement with Cyient), ECF No. 953-2 (Settlement Agreement with PSI), ECF No. 953-3 (Settlement Agreement with Agilis), ECF No. 953-4 (Settlement Agreement with QuEST), ECF No. 953-5 (Settlement Agreement with Belcan), and ECF No. 976-1 (Settlement Agreement with Pratt & Whitney). This Court has jurisdiction over each of the Named Plaintiffs and each of the Defendants for the purposes herein, and jurisdiction over the litigation to which Plaintiffs and the Defendants are parties.

3. The Court hereby awards attorneys' fees totaling $20,166,667 (one-third of the Settlement Fund) and litigation expenses totaling $2,650,730.22, together with a proportionate share of the interest thereon from the date the funds were deposited in the Settlement Fund until payment of such attorneys' fees and litigation expenses, at the rate earned by the Settlement Fund, to be paid solely from the Settlement Fund in accordance with the Settlement Agreements.

4. The Court hereby awards service awards of $20,000 for each of the nine Class Representatives, to be paid solely from the Settlement Fund.

5. The Settlement Agreements resulted in cash payments from Defendants totaling $60,500,000, which payments have been made into an escrow account, or will be made into an escrow account no later than ten bank days after final approval, pursuant to the terms of the Settlement Agreements. Class members who submitted valid claim forms will receive cash payments representing their *pro rata* share of the Settlement Fund. The efforts of Class Counsel

were central to obtaining this benefit for Class members. Class Counsel conducted the litigation with skill, perseverance, and diligent advocacy. At the time of the Settlements, multiple complex issues of law and fact were contested. Plaintiffs would need to prevail on every one of these issues, whereas Defendants need only prevail on a single defense. The Settlements eliminated the significant risk that continued litigation would result in a smaller recovery or no recovery at all.

6. The form and method of notifying the Settlement Class satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and the United States Constitution (including the Due Process Clause); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons and entities entitled thereto. The Class Notice stated that Class Counsel intended to seek an award of attorneys' fees not to exceed one-third of the Settlement Fund, reimbursement of litigation expenses, and service awards of up to $20,000 for each Class Representative.

7. To date, no Class Member has objected to Class Counsel's request for attorneys' fees, litigation expenses, and service awards for the Class Representatives.

8. Class Counsel put in more than 24,000 hours of work to prosecute this Action on behalf of Plaintiffs and the Class. In support of their fee request, Class counsel submitted declarations detailing the reasonable rates used to determine the lodestar value of $21,903,434.00.

9. Class Counsel also submitted details of the reasonable litigation expenses incurred, which total $2,650,730.22.

10. The Class Representatives have been actively engaged in litigation efforts, despite no guarantee of monetary compensation for their efforts leading the case. Class Counsel request service awards of $20,000 for each of the Class Representatives.

11. The amount of attorneys' fees, litigation expenses, and service awards to be awarded from the Settlement Fund are fair and reasonable considering the applicable law and the particular facts and circumstances of the Action.

12. Class Counsel shall allocate and distribute such attorneys' fees and litigation expenses among other Court-approved law firms which have participated in this litigation in a manner that, in Class Counsel's judgment, fairly compensates each firm in view of its contribution to the prosecution of Plaintiffs' claims. The Released Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment or disbursement of attorneys' fees and litigation expenses among class counsel, nor with respect to any allocation of attorneys' fees and litigation expenses to any other person or entity who may assert any claim thereto.

13. Following entry of an order by the Court granting final approval to the material terms of the Settlements (and even if such order is subject to appeal), the attorneys' fees and litigation expenses, as awarded by the Court, shall be paid to Class Counsel from the Settlement Fund, immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential appeal therefrom, or collateral attack on the Settlements or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund if any of the Settlements is terminated pursuant to its terms, or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or litigation expenses is reduced or reversed and such order reducing or reversing the award has become final.

14. The service awards to Plaintiffs shall be paid from the Settlement Fund no earlier than thirty (30) calendar days following the Judgment becoming final.

15. Without affecting the finality of this Order in any way, this Court hereby retains continuing jurisdiction over the Plaintiffs, Defendants, and the Settlement Class for all matters relating to this Action, including the administration, interpretation, effectuation, or enforcement of this Order.

16. A separate order shall be entered regarding Final Approval and Judgment.

17. There is no just reason to delay entry of this Order, and the Court expressly directs immediate entry by the Clerk of the Court.

SO ORDERED this 14th day of May, 2025.

Sarala V. Nagala
Digitally signed by Sarala V. Nagala
Date: 2025.05.14 16:24:02 -04'00'

HON. SARALA V. NAGALA
UNITED STATES DISTRICT JUDGE